AARON D. FORD
 Attorney General
JANET L. MERRILL (Bar No. 10736)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3370 (phone)
(702) 486-3773 (fax)
Email: jmerrill@ag.nv.gov

*Attorneys for Defendants*
*Kyle Olsen, Charles Daniels, Kody Hollaway,*
*Richard Ashcraft, Robert Suwe, Robert Robison,*
*and Brian Williams*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAINE CRAWLEY,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES DANIELS, *et al.*,<br><br>Defendants. | Case No. 3:22-cv-00530-MMD-CSD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br>**(ECF NO. 8)**<br><br>**(JURY TRIAL DEMANDED)** |

Defendants Kyle Olsen, Charles Daniels, Kody Hollaway, Richard Ashcraft, Robert Suwe, Robert Robison and Brian Williams, by and through counsel Aaron D. Ford, Attorney General and Janet L. Merrill, Deputy Attorney General, for the State of Nevada, hereby demand a jury trial and answer the First Amended Complaint filed by Daine Crawley (Crawley) (ECF No. 8).

### A. JURISDICTION

1. In answering paragraph 1 on page 1 of the FAC, Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Defendants deny that jurisdiction is proper on any other basis. Defendants deny any and all wrongdoing.

///

2. In answering paragraph 2 on page 1 of the FAC, Defendants admit that Crawley is lawfully incarcerated and currently housed at Northern Nevada Correctional Center (NNCC).

3. In answering paragraph 3 on page 1 of the FAC, Defendants deny any violations occurred against Crawley when he was lawfully incarcerated at Warm Springs Correctional Center.

### B.   DEFENDANTS

1. As there is no paragraph one assigned in the FAC, no response is required. To the extent that the Court finds there is a paragraph 1 that requires a response, Defendants deny each and every allegation contained in this paragraph.

2. In answering paragraph 2 on page 2 of the FAC, Defendants admit Charles Daniels was formerly employed by the Nevada Department of Corrections (NDOC) as Corrections Director. Defendants deny each and every remaining allegation contained in this paragraph.

3. In answering paragraph 3 on page 2 of the FAC, Defendants admit Brian Williams is currently employed by NDOC. He is employed as the Deputy Director of Operations. Defendants deny each and every remaining allegation contained in this paragraph.

4. In answering paragraph 4 on page 2 of the FAC, Defendants admit Robert Suwe is currently employed by NDOC as Yard Investigator. Defendants deny each and every remaining allegation contained in this paragraph.

5. In answering paragraph 5 on page 2 of the FAC, Defendants admit Kody Hollaway was employed by NDOC as an investigator. Defendants deny each and every remaining allegation contained in this paragraph.

6. In answering paragraph 1 on page 3 of the FAC, Defendants admit Richard Ashcraft is currently employed by NDOC as a Lieutenant. Defendants deny each and every remaining allegation contained in this paragraph.

///

7. In answering paragraph 2 on page 3 of the FAC, Defendants admit Robert Robinson is currently employed by NDOC as a Sergeant. Defendants deny each and every remaining allegation contained in this paragraph.

8. In answering paragraph 3 on page 3 of the FAC, Defendants admit Kyle Olsen was formerly employed by NDOC as a Warden. Defendants deny each and every remaining allegation contained in this paragraph.

9. In answering paragraphs 4-5 on page 3 of the FAC, no response is required as Plaintiff has left these paragraphs blank. To the extent that a response is required, Defendants deny each and every allegation contained in these paragraphs.

### C. NATURE OF THE CASE

Defendants deny any and all allegations set forth in Section C, on page 3 of FAC.

### D. CAUSE(S) OF ACTION

#### CLAIM 1

In answering paragraphs 1 to 3 on page 4 of the FAC, Defendants deny that any violation has occurred.

In answering paragraph 4 on page 4 of the FAC, Defendants deny any and all allegations set forth in this paragraph.

#### CLAIM 2

In answering paragraphs 1 to 3 on page 5 of the FAC, Defendants deny that any violation has occurred.

In answering paragraph 4 on page 5 and page 6 of the FAC, Defendants deny any and all allegations set forth in this paragraph.

#### CLAIM 3

In answering paragraphs 1 to 3 on page 7 of the FAC, Defendants deny that any violation has occurred.

In answering paragraph 4 on page 7 and page 8 of the FAC, Defendants deny any and all allegations set forth in this paragraph.

///

### E. PREVIOUS LAWSUITS AND ADMINSTRATIVE RELIEF

In answering paragraphs 1 to 3 on page 9 of the FAC, Defendants lack sufficient information necessary to form a belief as to the truth of the allegations set forth in Section E, and on that basis deny the allegations.

### F. REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief.

### G. ADDITIONAL ALLEGATIONS

Each and every allegation in the FAC not specifically admitted, or otherwise responded to, is hereby denied.

## AFFIRMATIVE DEFENSES

Defendants deny all liability in this matter and assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cognizable constitutional claim pursuant to 28 U.S.C. § 242, 28 U.S.C. § 1343 (a)(3), 42 U.S.C. §1983, and/or NRS 41.0322, 441A.220 and NRS 209.885.

### THIRD AFFIRMATIVE DEFENSE

At all times mentioned in Plaintiff's complaint, Defendants were neither the cause-in-fact nor the proximate cause of Plaintiff's damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Defendants were required to follow administrative regulations and as such, acted in good faith.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to discretionary act immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred pursuant to the doctrine of sovereign immunity and the Eleventh Amendment of the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's 42 U.S.C. § 1983 claims are barred pursuant *Heck v. Humphrey*, 512 U.S. 477 (1984)

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act, NRS 41.0322 and/or NRS 209.243, and NDOC Administrative Regulation (AR) 740.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's request for injunctive relief fails as a matter of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

There can be no recovery for damages under 42 U.S.C. § 1983 against government officials acting in their official capacity.

**TWELTH AFFIRMATIVE DEFENSE**

Defendants, each of them, at all relevant times, acted with due care and circumspection in the performance of their duties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred as Plaintiff's damages are speculative and cannot be calculated with any certainty or reliability.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants are not the direct or proximate cause of the alleged constitutional deprivations or tortious actions as alleged.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to Nevada Revised Statutes §§ 41.031- 41.032 et. seq.

///

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants, each of them, at all relevant times, acted in good faith toward Plaintiff and possessed a good faith belief that they were acting reasonably, and that their respective actions were privileged and legally justified, and Defendants are entitled to qualified good faith immunity from damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the Statute of Limitations and/or Statute of Frauds.

### EIGTHTEENTH AFFIRMATIVE DEFENSE

Each purported claim for relief is barred as the answering Defendant is not legally responsible for the actions and/or omissions of other named or unnamed Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

Each purported claim for relief is barred pursuant to the doctrine of unclean hands.

### TWENTIETH AFFIRMATVIE DEFENSE

Plaintiff was given adequate, proper due process.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged in as much as insufficient facts and other relevant information may not be available after reasonable inquiry and, pursuant to FED. R. CIV. P. 11, Defendants hereby reserve the right to amend their answers and these affirmative defenses as additional information becomes available.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for relief as follows:

1. That Plaintiff take nothing by virtue of his Complaint.
2. For attorney fees and costs of defending this suit.
3. A jury trial is demanded.

///

4.   For such further relief as this Court deems equitable and just under the circumstances.

DATED this 25th day of September 2023.

                AARON D. FORD
                Attorney General

                By: */s/ Janet L. Merrill*
                    JANET L. MERRILL (Bar No. 10736)
                    Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on September 25, 2023, I electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 8) (JURY TRIAL DEMANDED)** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

    Daine Crawley, #1167447
    Northern Nevada Correctional Center
    P.O. Box 7000
    Carson City, Nevada 89702
    *Plaintiff, Pro Se*

/s/ *[signature]*
An employee of the
Office of the Nevada Attorney General