United States District Court
District of Nevada

Daine Crawley,
   Plaintiff,
                   Case NO: 3:22-cv-00530-CSD
V.
Charles Danids, etal.          Plaintiff's Motion for Partial Summary
   Defendant(s)            Judgment pursuant to Rule 56

   Pursuant to Rule 56, Fed.R.Civ.P, Plaintiff Daine A. Crawley requests this Court to grant him Summary Judgment as to the liability of Defendant(s) Sue, Robison, Williams, Olsen, Ashcraft and Hollaway for denial to the Plaintiffs due process of law (damages). The reasons therefor are set forth in the Plaintiff's declaration and brief in support of this motion, as injunctive Relief may also be deemed appropriate due to ongoing retaliation including, but not limited to retaliatory transfers prior to the May 1st, 2024 discovery deadline resulting in Emotional Distress.

        Declaration in Support of Plaintiffs Motion
          For Partial Summary Judgment

Daine Crawley states:

1) I am the Plaintiff in this case. The Complaint alleges that multiple due process violations took place at Warm Springs Correctional Center in October - November 2021 involving NDOC using Unreliable and inadmissable drug test (ampule) to punish and find the Plaintiff guilty of Conspiracy/Introduction of Contraband and I.E. Spice into its facilities. I submit this declaration in support of my motion for partial Summary Judgment on my claim of denial of due process.

2) On October 15th, 2021, Defendant Sue Used MMC-International Ampule test as a presumptive finding of guilt to the finding of Synthetic Cannabinoid within Plaintiff Crawleys Mail. Ms. Suwe did not send the mail in Question to a "Lab" for Secondary testing as directed in the Operational Manual for MMC-International Ampule test (See Exhibits A+B).

3) On Naember 10th, 2021, A piece of outgoing mail labeled as Confidenti

legal Mail" was Confiscated by NDOC staff and Stated by Officer Robison to test positive on 11/16/21 during preliminary hearing. At a later date prior to disciplinary hearing for OIC# 502792 IR-2021-WSCC-001993 Robison recanted his statement of "Substance testing done" as being a typo (See Robison Interrogatories and Admissions) Resulting in Preliminary Hearing Violation.

4) On 12/15/2021 Officer Suwe was apart of the disciplinary committee for OIC# 502792 IR# IR-2021-WSCC-001993 to which he adamantly denied until LT. Ashcraft stated he was there Violating AR 707 since it was Mr. Suwe's "Incident Report" that was located in the mail in Question (for OIC# 501633 IR# IR-2021-WSCC-001820) (See Suwe's Admission #3 and Interogatory #3 and Supplements to both)

5) LT. Ashcraft has denied testing being done on 11/16/21 Preliminary hearing (Robison made false statement to in his Interrogatories and Admittings) as well for OIC# 502792 IR# IR-2021-WSCC-001993.

6) No pictures were ever presented at all for OIC# 502792 IR# IR-2021-WSCC-001993, and no physical evidence, pictures, or Lab test Results were ever provided to Plaintiff for OIC# 501633 IR# IR-2021-WSCC-001820 despite partially being granted the right to see pictures in grievance #2006 31295 99 1st level.

7) The result of these disciplinary due process Violations resulting in loss of family Contact, loss of good time and multiple retaliatory transfers and retaliation issues at multiple facilities (See attached Inmate Request Forms).

8) Plaintiff Crawley was transferred three different times before the Close of discovery May 1st, 2024 delaying his litigation efforts and thwarting his efforts at performing a deposition of the defendants. Plaintiff would like to submit all of the Interogatories for each defendant and admissions as exhibits at this time along with each grievance proving the exhaustion requirements and Plaintiff requests for Secondary testing as well as lack of pictures provided to plaintiff.

pg. 2

## MEMORANDUM OF POINTS AND AUTHORITIES

9) For the reasons stated in the Brief submitted with this motion, these Undisputed facts establish that defendants Daniels, Holloway, Williams, Olsen, Ashcraft and Suwe denied my right to the due process of law. Accordingly, I am entitled to Summary Judgment on my due process claim. Under Melnik v. Dzurenda 3:16-CV-00670-MMD-CLB

Pursuant to 28 U.S.C. 1746 I, declare under penalty of perjury that the foregoing is true and correct, and the admissions and interrogatories were provided by Attorney General Janet Merrill as well as all grievances filed within NDOC as part of discovery.

Statement of Undisputed facts

Pursuant to local Rule of this Court's Civil Rules, The Plaintiff Submits the following list of Undisputed facts that entitle him to partial Summary Judgment on his claim of denial of due process of law.

1) Plaintiff was Charged by Prison officials with Serious disciplinary offenses of MJ53 attempting to introduce Contraband Into WSCC and MJ31 Unauthorized Use of mail in October – November 2021.

2) NDOC officials refused to provide Plaintiff with photographic evidence despite grievance # 2006 3129599 being partially granted to provide copies of mail / pictures of mail in question to Plaintiff as well as "NO Test Results"

3) NDOC failed to perform "Secondary Test" to Confirm Validity of MMC-International Ampule precursor test as directed by MMC International's Operating /User Manual. (Bell v. State Dept. of Corr., Wash, Super Case No: 23-2-03683-34)

4) Officer Robison made "false statement" regarding Substance testing being

performed prior to 11/16/21 preliminary hearing for grievance #

2006313127S OIC # 502792. This lead to violation of due

process rights on multiple occasions relating to evidence, and pictures

that were never provided throughout disciplinary hearing, and appeal

process. This error prevented Plaintiff from having fair Preliminary Hearing.

5) LT. Ashcraft allowed disciplinary hearing to continue despite

not providing any pictures, or evidence at all for OIC # 502792

and allowing Officer Sowe to participate in hearing when his write-up

was the basis of investigation for OIC # 501633. Both write-ups

consisted on the basis of the Plaintiff being "Unable" to see physical

copies of mail in a action and no evidence provided to Plaintiff

for inspection during Preliminary Hearing or disciplinary process for either Write up

6) Director Williams made false statement in his Second Level

Response grievance # 2006313037 regarding photographic evidence

being provided to Plaintiff Crawley, and he affirmed the fact that

Mr. Williams knew that "no" Secondary test was performed despite

MMC-Internationals reccomendation to perform "Lab Test".

7) Plaintiff appealed to the highest level of operations/director

and still "no" lab test was ever performed leaving each defendant

liable to some degree, and due process violations are evident.

8) Plaintiff lost family contact, and is suffering retaliation

on many levels including, but not limited to Retaliatory transfers

prior to the close of discovery. Plaintiff is requesting transfer back

to Northern Nevada Correctional Center to resolve ongoing retaliation

issues at Lovelock Correctional Center, thus establishing the need for

Injunctive Relief, declatory Relief and Punitive Damages.

<center>Brief in Support of Plaintiff's motion for</center>
<center>Partial Summary Judgment</center>

This is a 1983 action filed by a Prisoner Daine A. Crawley

Seeking damages, a declatory Judgment, and Injunctive Relief

based on the violation of Due process Rights. In this motion

the plaintiff Seeks Summary Judgment on his claims arising from

<center>(4)</center>

the denial of due process while at WSCC in 2021.

## Statement of Facts

1) NDOC is using inexpensive Colorimetric drug tests to examine incoming mail, and other paper items turning them a certain color if an illicit Substance is detected. The companies Detecta Chem and MMC International Caution they should be deemed "presumptive" or merely indicative of the possible presence of drugs until the findings are verified by "Lab Testing". Mark II tests produced by Sirchie and Used in State Prisons had a false-positive rate of 38% to 80% at times, making their accuracy "only marginally better than a coin flip" See Green V. Mass. Dept. of Corr. 2021 Mass. Super. Lexis 521.

MMC-International's operating manual warns "there is no guarantee that positive results are Ultimately defining" and that some Colorimetric drug tests have returned false positives mistaking bird droppings, donut crumbs and Cotton Candy for illegal drugs. Test results are also subject to misinterpretation because color results for drug and non-drug substances are easily confused. (See Bell V. State Dept of Corrections, Wash. Super (Thurston Cty., Case NO: 23-2-03083-34.)

2) NDOC (namely Ashcraft, Suwe, Robison, Holloway, Olsen, Williams and Daniels) failed to perform Secondary testing, or provide plaintiff with pictures of evidence/mail in question throughout the entire disciplinary process and appeals beginning in October 2021 (See Melnik V. Dzurenda 3:16-CV-00670-MMD-CLB.)

3) The forementioned due process rights violations can all be proven by the Attached recanted statements enclosed in the Admissions and Interrogatories for Robison, Ashcraft, Suwe and Williams.

4) Warden Olsen is and may be deemed liable for failing to correct the situation, or authorizing LabTest to ameliorate the issue on Administrative appeal (See Williams V. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986.) Warden could be liable if he accepted a policy or custom

(5)

of due process denials in disciplinary hearings; See also Hicks V. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993) (noting that an official may be held liable for failure to Supervise and control Subordinates even though the official was not directly involved in the specific incident of misconduct.) In particular, Wardens and other high-level prison officials (such as Williams and Daniels) who are designated to decide disciplinary appeals have the duty to conduct at least a "Minimal Investigation" when confronted with evidence of due process violations, and they may be held liable for failing to perform this duty. Sira V. Morton, 380 F.3d 57, 80 (2d Cir. 2004; Wright V. Smith, 21 F.3d 496, 502 (2d Cir. 1994) (holding that a Supervisor (a) is aware of the deprivation and fails to remedy it; or (B) Created or allowed to continue, a policy in which unconstitutional practices occurred); King V. Higgins, 702 F.2d 18, 21 (1st Cir. 1983) (Superintendent who was designated to hear disciplinary appeals had a duty to conduct at least a "Minimal Investigation" and could be held liable for failure to do so upon receiving reports giving notice of due process violations.

5) Each Defendant, was made aware of Plaintiff's willingness to pay for "Secondary Testing" but failed to provide Such testing, much less even providing pictures to plaintiff (See grievances, admissions and Interrogatories herein)

## Conclusion

For the foregoing reasons, the court should grant partial Summary Judgment on liability to the Plaintiff on his due process claims. Injunctive Relief is necessary due to ongoing retaliation/retaliatory transfers, as Plaintiff is requesting to return to Northern Nevada Correctional Center to access the courts. The amount of damages due to the Plaintiff must be determined by the court at trial, if necessary, Patterson V. Coughlin, 905 F.2d 564, 570 (2d Cir. 1990).

(6)

## Certificate of Service

I, Daine A. Crawley, have filed / mailed a true copy of the entitled Motion For Partial Summary Judgment to U.S District Court's E-Filing System by way of Lovelock Correctional Center on May 6th, 2024.

TO: Janet Merrill
Nevada Attorney General
     and
UJ District Court
     E-File

Daine A. Crawley #1167447
LCC   1200 Prison Road
Lovelock, NV 89419

Dated this __6th__ day of __May__ , 20 24 .

By: _____

(1)

# Exhibit(s)

# A

Admission and Interrogatories for Each Defendant
Case NO: 3:22-CV-00530-CSD
(Roblan, Suwe, Hollaway, Ashcraft, Williams and Olsen)

1 | AARON D. FORD
   | Attorney General
2 | JANET L. MERRILL (Bar No. 10736)
   | Senior Deputy Attorney General
3 | State of Nevada
   | Office of the Attorney General
4 | 555 E. Washington Ave., Ste. 3900
   | Las Vegas, Nevada 89101
5 | (702) 486-3370 (phone)
   | (702) 486-3773 (fax)
6 | Email: jmerrill@ag.nv.gov

7 | *Attorneys for Defendants Richard Ashcraft,*
   | *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8 | *Robert Robison, Robert Suwe, and Brian Williams*

9 | **UNITED STATES DISTRICT COURT**

10 | **DISTRICT OF NEVADA**

11 | DAINE CRAWLEY,                 .            Case No. 3:22-cv-00530-MMD-CSD

12 |                 Plaintiff,

13 | v.                                          **DEFENDANT KYLE OLSEN'S**
                                                **ANSWERS TO PLAINTIFF'S**
                                                **INTERROGATORIES**
14 | CHARLES DANIELS, *et al.*,                   **[SET ONE]**

15 |                 Defendants.

16 |

17 | Defendant Kyle Olsen, by and through counsel, Aaron D. Ford, Nevada Attorney

18 | General, and Douglas R. Rands, Deputy Attorney General, hereby answers Plaintiff's

19 | Interrogatories [Set One], as follows[1]:

20 | **INTRODUCTION**

21 | 1.     Defendant is bound to comply with statutes, regulations, and protocols

22 | governing the dissemination of confidential information pertaining to prison

23 | administration. In preparing these answers, Defendant may not yet have discovered all

24 | such bases of confidentiality upon which to interpose an objection to a discovery request

25 | presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26 | confidentiality at a later time, when the applicability to the discovery request is realized.

27 |

28 | [1] The use of [sic] to delineate errors is not used in this document. These Interrogatories are typed as in the original.

2.    Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.    No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.    The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

////

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Why did DD W.A. Gittere make false statement in 2nd level appeal response (paragraph 6) Grievance #2006-31-29599 regarding outgoing mail being tested using a "Nik public safety test" by Officer Hollaway.

**ANSWER TO INTERROGATORY NO. 1:**

Objection. Interrogatory No. 1 is not properly directed at the answering Defendant. The writing, the grievance response, speaks for itself. The Request assumes facts not in evidence. Additionally, Interrogatory No.1 is also impermissibly argumentative given that the requires the adoption of the assumption that Deputy Director Gittere made a false statement in order to answer, which is improper. The answering Defendant is not Mr. Gittere and as such any answer provided by the answering Defendant would impermissibly require speculation.

Subject to the foregoing objections and, a review of the records indicates that no Nik Test was done on the envelope identified in IR-2021-WSCC-001820.

**INTERROGATORY NO. 2:**

Who was present for the (Disciplinary hearing Committee) regarding OIC # 502792 IR-2021-WSCC-001993.

**ANSWER TO INTERROGATORY NO. 2:**

Objection. The answering Defendant was not at the preliminary or disciplinary hearing. Interrogatory No. 2 is vague as to "present."

Subject to the foregoing objections, a review of the records indicates the following were present at the disciplinary hearing.

Hearing Committee

Lt. R. Ashcraft

CCWS Buchanan

C/O Suwe

*See* NDOC: 000145

**INTERROGATORY NO. 3:**

If Suwe and Robison are making "false statements" why didn't you correct the situation prior to disciplinary hearing in October or November 2021.

**ANSWER TO INTERROGATORY NO. 3:**

Objection.   Interrogatory No. 3 is impermissibly argumentative given that the requires the adoption of the assumption that false statements were made in order to answer, which is improper.   The Interrogatory is improperly compound as to both individuals (Suwe and Robison) and hearings (October and November).   Given the ambiguity, it is unclear what information Crawley seeks. The answering Defendant is not Defendant Suwe nor Robison and as such any answer provided by the answering Defendant would impermissibly require speculation.

Subject to the foregoing objections, a review of the records that Lieutenant Ashcraft provided opportunity and any necessary clarification at the hearings.  Please refer to audio recordings.

OIC #501633 – audio recording, NDOC: 000056

OIC #502792 part 1 – audio recording, NDOC: 000148

OIC #502792 part 2 – audio recording, NDOC: 000149

**INTERROGATORY NO. 4:**

Why didn't you authorize "Secondary lab Test" when plaintiff Crawley offered to pay for such testing.

**ANSWER TO INTERROGATORY NO. 4:**

Objection.   Interrogatory No. 4 is impermissibly argumentative given that the requires the adoption of the assumption that secondary testing was required in order to answer, which is improper.   The Interrogatory is vague and ambiguous as to "secondary lab testing."   The Interrogatory does not identify testing of what or when.   The Interrogatory assumes facts not into evidence.   A warden does not authorize or deny testing.

///

Subject to the objections, and to the extent that Crawley is inquiring about the testing completed as set forth in IR-2021-WSCC-001820, a review of the records indicates that the Ampule testing was completed and sufficient.

**INTERROGATORY NO. 5:**

Did you know MMC International Ampule test was faulty in 2021 utilized by Officer Suwe.

**ANSWER TO INTERROGATORY NO. 5:**

Objection. Interrogatory No. 5 is impermissibly argumentative given that the requires the adoption of the assumption that MMC International Ampule test was faulty in order to answer, which is improper. The Interrogatory does not identify testing of what or when. The Interrogatory assumes facts not in evidence.

Subject to the objections, upon information and belief, the MMC International Ampule Test is not faulty.

**INTERROGATORY NO. 6:**

Why did you resign from WSCC in 2022.

**ANSWER TO INTERROGATORY NO. 6:**

Objection. Interrogatory No. 6 is not relevant to the claims and defenses in this lawsuit. The Interrogatory is not proportionate to the litigation seeking information outside of the relevant timeframe at issue.

Based on the objections, no response is provided.

**INTERROGATORY NO. 7:**

Where is the evidence for the "two" incidents in question in relation to case 3:22-cv-00530-MMD-CSD since it was never presented to Mr. Crawley at either disciplinary hearing in October 2021 or November 2021?

**ANSWER TO INTERROGATORY NO. 7:**

Objection. Interrogatory No. 7 is impermissibly argumentative given that the requires the adoption of the assumption that evidence was not presented to Mr. Crawley in order to answer, which is improper. The Interrogatory assumes facts not in evidence.

1  The Interrogatory is compound.

2      Subject to the objections, the audio recordings provide a record of the evidence used

3  in the disciplinary hearings.

4      OIC #501633 – audio recording, NDOC: 000056

5      OIC #502792 part 1 – audio recording, NDOC: 000148

6      OIC #502792 part 2 – audio recording, NDOC: 000149

7  **INTERROGATORY NO. 8:**

8      Why did Mr. Suwe lie about "not" being at either disciplinary hearing in 2021 related

9  to this case.

10  **ANSWER TO INTERROGATORY NO. 8:**

11      Objection.   Interrogatory No. 8 is impermissibly argumentative given that the

12  requires the adoption of the assumption that Mr. Suwe lied about something in order to

13  answer, which is improper.  The answering Defendant is not Defendant Suwe as such any

14  answer provided by the answering Defendant would impermissibly require speculation.

15      Based on the foregoing objections, no response will be provided.

16  **INTERROGATORY NO. 9:**

17      Why did Mr. Robison lie about "substance testing" being done on November 16th,

18  2021.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   ANSWER TO INTERROGATORY NO. 9:

2       Objection.    Interrogatory No. 9 is impermissibly argumentative given that the

3   requires the adoption of the assumption that Mr. Robison lied about something in order to

4   answer, which is improper.  The answering Defendant is not Defendant Robinson and as

5   such any answer provided by the answering Defendant would impermissibly require

6   speculation.

7       Based on the foregoing objections, no response will be provided.

8       DATED this 13th day of March 2024.

9                                  AARON D. FORD
                                    Attorney General
10

11                                 By: /s/ Janet L. Merrill
                                       JANET L. MERRILL (Bar No. 10736)
12                                     Deputy Attorney General

                                    *Attorneys for Defendants*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION OF KYLE OLSEN

I, Kyle Olsen, am a Defendant in the above-entitled matter. I have read the foregoing Answers to Interrogatories [Set One] and am familiar with its contents. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein are true and correct to the best of my knowledge.

Executed on March 12, 2024.

KYLE OLSEN

Page 8 of 9

1

## CERTIFICATE OF SERVICE

2      I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3  and that on March 13, 2024, I caused to be deposited for mailing the foregoing

4  **DEFENDANT KYLE OLSEN'S ANSWERS TO PLAINTIFF'S INTERROGATORIES**

5  **[SET ONE]** via U.S. mail to the following:

6          Daine Crawley, #1167447
           Northern Nevada Correctional Center
7          P.O. Box 7000
           Carson City, Nevada 89702
8          *Plaintiff, Pro Se*

9

10                                   _____
                                     An employee of the
11                                   Office of the Nevada Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  AARON D. FORD
    Attorney General
2  JANET L. MERRILL (Bar No. 10736)
    Deputy Attorney General
3  State of Nevada
    Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
    Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
    (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
    *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robinson, Robert Suwe, and Brian Williams*

9              UNITED STATES DISTRICT COURT

10                DISTRICT OF NEVADA

11  DAINE CRAWLEY,                          Case No. 3:22-cv-00530-MMD-CSD

12              Plaintiff,
                                            **DEFENDANT OLSEN'S RESPONSES**
13  v.                                      **TO PLAINTIFF'S REQUEST FOR**
                                            **ADMISSION**
14  CHARLES DANIELS, *et al.*,              **[SET ONE]**

15              Defendants.

16

17        Defendant Kyle Olsen, by and through counsel, Aaron D. Ford, Nevada Attorney

18  General, and Janet Merrill, Deputy Attorney General, hereby responds Plaintiff's Request

19  for Admission [Set One], as follows[1]:

20                        **INTRODUCTION**

21        1.    Defendant is bound to comply with statutes, regulations, and protocols

22  governing the dissemination of confidential information pertaining to prison

23  administration. In preparing these responses, Defendant may not yet have discovered all

24  such bases of confidentiality upon which to interpose an objection to a discovery request

25  presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26  confidentiality at a later time, when the applicability to the discovery request is realized.

27  _____

28      [1] The use of [sic] to delineate errors is not used in this document. These
    Interrogatories are typed as in the original.

2.    Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.    No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.    The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that "no lab test" was ever performed on Plaintiff Crawley's mail despite Mr. Crawley's requests to have you send mail for OIC #502792 and OIC # IR-2021-WSCC-001820 sent to lab for further testing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection. Request for Admission No. 1 is confusing and unclear in its language "to have you send mail." The Request in confusing and unclear as to "mail." The Request is argumentative because it requires the adoption of the assumption a further testing was required without providing any supporting evidence, which is improper.

Given the ambiguity of the foregoing objections, Defendant Olsen is unable to admit or deny the request and as such, denies Admission No. 1.

To the extent, Crawley is referring to NDOC: 000085 which depicts an orange in color envelope, testing was completed on the envelope as stated in the report. NDOC: 000083-000092.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Mr. Robert Suwe was apart of the "Hearing Committee" for disciplinary OIC #502792 IR-2021-WSCC-001993.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection. Request for Admission No. 2 is confusing and unclear as to "apart." Defendant Olsen was not on the Hearing Committee and did not personally participate in the hearing.

Given the ambiguity of the foregoing objections and his lack of personal participation, Defendant Olsen is unable to conclusively answer the question but states that the Hearing Committee listed on NDOC: 000145 is as follows:

Lt. R. Ashcraft

CCWS Buchanan

C/O Suwe

**REQUEST FOR ADMISSION NO. 3:**

Admit that Robert Suwe should "not" have been apart of disciplinary hearing committee for OIC #502792 IR-2021-WSCC-001993 since the write-up was apart of the investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection.  Request for Admission No. 2 is confusing and unclear as to "apart." Defendant Olsen was not on the Hearing Committee and did not personally participate in the hearing.

Given the ambiguity of the foregoing objections and his lack of personal participation, Defendant Olsen is unable to conclusively answer the question. Notwithstanding such, Defendant Olsen denies the Request because a review of records indicates that Defendant Suwe was not involved in the investigation of matters associated with OIC# 502792.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Kody Hollaway was "not" the only officer to utilize "Nik Test" during 2021 at WSCC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection.  Request No. 4 is not proportionate to the claims and defenses raised in this litigation. The Request is overbroad as to all of 2021. It appears the Request seeks to dispute a written statement, but the written statement has not been identified.  The Request is irrelevant to the claims and defenses in this lawsuit in relation to other tests and other officers.

Given the ambiguity of the foregoing objections, Defendant Olsen is unable to answer the question and as such unable to conclusively admit or deny the Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that "no picture" evidence was ever presented to Mr. Crawley prior to disciplinary hearing.

///

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection.  Request No. 5 does not identify any particular or specify a disciplinary hearing.  Crawley has alleged wrongdoing for two hearings in this lawsuit but does not identify either in this Request.

Defendants have disclosed the audio files for the relevant hearings.  On that basis, Defendant Olsen denies the request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Officer Robert Robison made false statement regarding "Substance Testing done" on 11/16/21 at Preliminary hearing for OIC #502792 IR-2021-WSCC-001993.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection. Request No. 6 is argumentative, assumes facts not in evidence and is vague and ambiguous as to "statement."

Subject to the foregoing objections, Defendant Olsen refers Crawley to Defendant Robison's response to Crawley's Request for Admission No. 3.

DATED this 13th day of March 2024.

<div style="text-align:right">

AARON D. FORD
Attorney General

By: /s/ Janet L. Merrill
    JANET L. MERRILL (Bar No. 10736)
    Deputy Attorney General

*Attorneys for Defendants*

</div>

1

## CERTIFICATE OF SERVICE

2       I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3  and that on March 13, 2024, I caused to be deposited for mailing the foregoing

4  **DEFENDANT OLSEN'S RESPONSES TO PLAINTIFF'S REQUEST FOR**

5  **ADMISSION [SET ONE]** via U.S. mail to the following:

6       Daine Crawley, #1167447
       Northern Nevada Correctional Center
7       P.O. Box 7000
       Carson City, Nevada 89702
8       *Plaintiff, Pro Se*

9

10

       _____
11     An employee of the
       Office of the Nevada Attorney General
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 6 of 6

1  AARON D. FORD
    Attorney General
2  JANET L. MERRILL (Bar No. 10736)
    Deputy Attorney General
3  State of Nevada
    Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
    Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
    (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants*
    *Richard Ashcraft, Charles Daniels*
8  *Kyle Olsen, Robert Robinson, Robert Suwe*
    *and Brian Williams*
9

10                **UNITED STATES DISTRICT COURT**

11                    **DISTRICT OF NEVADA**

12  DAINE CRAWLEY,                    │   Case No.  3:22-cv-00530-MMD-CSD

13                     Plaintiff,     │
                                      │   **DEFENDANT HOLLAWAY'S**
14  v.                                │   **RESPONSES TO PLAINTIFF'S**
                                      │   **REQUEST FOR ADMISSION**
15  CHARLES DANIELS, *et al.*,        │   **[SET ONE]**

16                     Defendants.    │

17        Defendant Kody Hollaway, by and through counsel, Aaron D. Ford, Nevada Attorney

18  General, and Janet Merrill, Deputy Attorney General, hereby responds Plaintiff's Request

19  for Production [Set One], as follows[1]:

20                          **INTRODUCTION**

21        1.    Defendant is bound to comply with statutes, regulations, and protocols

22  governing   the   dissemination   of   confidential   information   pertaining   to   prison

23  administration. In preparing these responses, Defendant may not yet have discovered all

24  such bases of confidentiality upon which to interpose an objection to a discovery request

25  presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26  confidentiality at a later time, when the applicability to the discovery request is realized.

27

28        [1] The use of [sic] to delineate errors is not used in this document. These
    Interrogatories are typed as in the original.

2.    Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.    No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.    The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR ADMISSION NO. 1:**

Admit that you never conducted any testing on said mail for OIC# 502792 IR# IR-2021-WSCC-001993 as stated by SGT Robison?

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection. Request for Admission No. 1 is vague as to "said mail." NDOC has produced numerous documents and Crawley fails to identify, "said mail."

Subject to the foregoing objections, and to the extent Crawley is referring to documents contained in an envelope he attempted to send to:



Ms. Aubrey Avirette
208 Todd Branch Drive
Columbia, SC 29223

NDOC: 000095, Defendant Hollaway admits that he did not conduct any testing on that envelope (depicted in NDOC: 000095) nor on the mail contained in it.

**REQUEST FOR ADMISSION NO. 2:**

Admit that SGT. Robison lied about such testing being done at your request?

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection. Request for Admission No. 2 assumes facts not in evidence. Request for Admission No. 2 is argumentative and contains an assumption that Robison lied in order to answer the question which is improper.

Subject to the foregoing objections, Defendant Hollaway did not request any testing and as such, Defendant Hollaway denies the Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you resigned in the year 2022 from WSCC for misconduct issues?

///

1  RESPONSE TO REQUEST FOR ADMISSION NO. 3:

2      Objection.   Request for Admission No. 3 is argumentative, seeks to harass, is

3  irrelevant as it does not relate to any of the claims or defense at issue in this lawsuit.  The

4  Request fails to identify or define "misconduct issues" and is not proportional to the needs

5  of the lawsuit.

6      Subject to the foregoing objections, deny.

7  REQUEST FOR ADMISSION NO. 4:

8      Admit that "no lab test" was ever conducted on any mail related to Mr. Crawley in

9  2021 or 2022 whatsoever?

10 RESPONSE TO REQUEST FOR ADMISSION NO. 4:

11     Objection.   Request for Admission No. 4 assumes facts not in evidence and is

12 overbroad as to "any mail" and years 2021 and 2022.

13     Subject to the foregoing objections, deny.

14 REQUEST FOR ADMISSION NO. 5:

15     Admit that you were "not" the only officer at WSCC to conduct testing using "NIK

16 Test" as stated by DD W.A. Gittere on 1/17/23 for 2nd Level grievance# 2006-31-29599?

17 RESPONSE TO REQUEST FOR ADMISSION NO. 5:

18     Objection.   Request for Admission No. 5 is not proportionate to the claims and

19 defenses raised in this litigation.  The Request is overbroad as to other officers and other

20 investigations which are not relevant in this lawsuit.

21     Subject to the objections and because of the ambiguity, Defendant Hollaway is

22 unable to admit or deny Request for Admission No. 5. No NIK Test was done on the

23 envelope NDOC: 000095 nor on its contents.

24     DATED this 18th day of March 2024.

25                                    AARON D. FORD
                                       Attorney General
26
                                       By: /s/ Janet L. Merrill
27                                         JANET L. MERRILL (Bar No. 10736)
                                           Deputy Attorney General
28                                         Attorneys for Defendants

1
## CERTIFICATE OF SERVICE

2      I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3   and that on March 18, 2024, I caused to be deposited for mailing the foregoing

4   **DEFENDANT HOLLAWAY'S RESPONSES TO PLAINTIFF'S REQUEST FOR**

5   **ADMISSION [SET ONE]** via U.S. mail to the following:

6      Daine Crawley, #1167447
       Northern Nevada Correctional Center
7      P.O. Box 7000
       Carson City, Nevada 89702
8      *Plaintiff, Pro Se*

9

10
                    An employee of the
11                  Office of the Nevada Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | AARON D. FORD
  Attorney General
2 | JANET L. MERRILL (Bar No. 10736)
  Deputy Attorney General
3 | State of Nevada
  Office of the Attorney General
4 | 555 E. Washington Ave., Ste. 3900
  Las Vegas, Nevada 89101
5 | (702) 486-3370 (phone)
  (702) 486-3773 (fax)
6 | Email: jmerrill@ag.nv.gov

7 | *Attorneys for Defendants*
  *Richard Ashcraft, Charles Daniels,*
8 | *Kody Hollaway, Kyle Olsen, Robert Robison,*
  *Robert Suwe and Brian Williams*

9 |

10 | **UNITED STATES DISTRICT COURT**

11 | **DISTRICT OF NEVADA**

12 | DAINE CRAWLEY,                    Case No.  3:22-cv-00530-MMD-CSD

13 |                Plaintiff,
                                     **DEFENDANT HOLLAWAY'S**
14 | v.                               **ANSWERS TO PLAINTIFF'S**
                                     **INTERROGATORIES**
15 | CHARLES DANIELS, *et al.*,       **[SET ONE]**

16 |                Defendants.

17 |         Defendant Kody Hollaway, by and through counsel, Aaron D. Ford, Nevada Attorney

18 | General, and Janet L. Merrill, Deputy Attorney General, hereby answers to Plaintiff's

19 | Interrogatories [Set One], as follows[1]:

20 |                          **INTRODUCTION**

21 |         1.      Defendant is bound to comply with statutes, regulations, and protocols

22 | governing the dissemination of confidential information pertaining to prison

23 | administration. In preparing these answers, Defendant may not yet have discovered all

24 | such bases of confidentiality upon which to interpose an objection to a discovery request

25 | presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26 | confidentiality at a later time, when the applicability to the discovery request is realized.

27 |

28 |         [1] The use of [sic] to delineate errors is not used in this document. These
     Interrogatories are typed as in the original.

2.     Defendant has not fully completed his/her investigation of the facts related to ¦ case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.     No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.     The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

///

# ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Who performed the "Nik Test" SGT. Robison is referring to in preliminary Hearing dated 11/16/21 for OIC #502792 IR-2021-WSCC-001993?

**ANSWER TO INTERROGATORY NO. 1:**

Objection. Interrogatory No. 1 assumes facts not in evidence. The Interrogatory is confusing and unclear as to the alleged reference made by Defendant Robison.

Subject to the foregoing objections, there does not appear to be any reference to "Nik Test" by Defendant Robison in OIC #502792.

*See also* Defendant Robison's Answer to Interrogatory No. 1.

**INTERROGATORY NO. 2:**

Why did Robison lie about this test?

**ANSWER TO INTERROGATORY NO. 2:**

Objection. Interrogatory No. 2 assumes facts not in evidence, is argumentative and contains an assumption that Robison lied in order to answer the question which is improper. The Interrogatory is confusing and unclear as to "this test."

Subject to the foregoing objections, Defendant Holloway is unable to see any reference to "Nik Test" by Defendant Robison in OIC #502792.

*See also* Answer to Interrogatory No. 1 provided above and Defendant Robison's Answer to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Where did the "Nik Test" come from?

**ANSWER TO INTERROGATORY NO. 3:**

Objection. Interrogatory No. 2 is confusing and unclear as to "come from."

Subject to the foregoing objections, there is no reference to "Nik Test" by Defendant Robison in OIC #502792.

*See also* Defendant Robison's Answer to Interrogatory No. 1.

///

**INTERROGATORY NO. 4:**

Which manufacturer does this Nik Test belong to?

**ANSWER TO INTERROGATORY NO. 4:**

Objection.   Interrogatory No. 4 is vague and ambiguous as to "this Nik Test" and "belong to."  This Interrogatory is irrelevant to the claims and defenses related to this lawsuit.

Subject to the foregoing objections and upon information and belief, the NIK Public Safety - Test B - Nitric Acid Reagent - General Screening Drug Test (used by NDOC) was manufactured and/or purchased from Safariland, LLC 13386 International, Parkway Jacksonville, FL 32218.

**INTERROGATORY NO. 5:**

Why didn't you or LT. Ashcraft provide any evidence at Mr. Crawley's request?

**ANSWER TO INTERROGATORY NO. 5:**

Objection. Interrogatory No. 5 is argumentative given that the Interrogatory requires the adoption of the assumption that Defendant Ashcraft did not provide any evidence.  This Interrogatory does not identify which hearing is at issue.  The Interrogatory is compound seeking an answer from both the Answering Defendant and Defendant Ashcraft.

Subject to the foregoing objections, Defendant Hollaway was an investigator in relation to matters which are specifically described in the report IR-2021-WSCC-001993, NDOC: 000093-000100.

Defendant Hollaway was not a hearing officer for any matters which Crawley has put at issue in this lawsuit.  Defendant Hollaway is informed and believes that the relevant hearings were recorded, and the audio recordings have been disclosed in this lawsuit.

**INTERROGATORY NO. 6:**

Why did Ashcraft allow the disciplinary hearing to continue under false pretenses regarding SGT. Robison false statement on 11/16/21?

///

1  **ANSWER TO INTERROGATORY NO. 6:**

2      Objection. Interrogatory No. 6 is argumentative given that the Interrogatory

3  requires the adoption of the assumption that Defendant Robison made a false statement

4  and the hearing continued under false pretenses.

5      Subject to the objections, Defendant Hollaway refers Crawley to Defendant

6  Ashcraft's Answer to Interrogatory No. 1 which reads in part, "The hearing was continued,

7  and Crawley was given a full explanation regarding the statements listed in the notice of

8  charges. Crawley was able to appeal any adjudication resulting from the hearing."

9  **INTERROGATORY NO. 7:**

10      How many times have you been involved in misconduct issues at WSCC besides this

11  one?

12  **ANSWER TO INTERROGATORY NO. 7:**

13      Objection. Interrogatory No.7 is argumentative and inflammatory given that the

14  Interrogatory requires the adoption of the assumption that Defendant Hollaway has been

15  involved in misconduct.  The Interrogatory seeks to harass and assumes facts not in

16  evidence. The Interrogatory is vague an ambiguous as to "misconduct issues."

17      Subject to these objections, Defendant Hollaway was not involved in misconduct in

18  relation to any matters relevant to this litigation, any matters at WSCC or while at NDOC.

19      DATED this 18th day of March 2024.

20                    AARON D. FORD
                      Attorney General

21

22                    By: /s/ Janet L. Merrill
                      JANET L. MERRILL (Bar No. 10736)
                      Deputy Attorney General

23

24                        *Attorneys for Defendants*

25

26

27

28

1

**VERIFICATION OF KODY HOLLAWAY**

2

    I, Kody Hollaway, am a Defendant in the above-entitled matter. I have read the

3

foregoing Answers to Interrogatories [Set One] and am familiar with its contents. Pursuant

4

to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein

5

are true and correct to the best of my knowledge.  I have authorized Ms. Janet Merrill to

6

insert my electronic signature.

7

    Executed on March 18, 2024.

8

9

_Kody Hollaway_

10

KODY HOLLAWAY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2    I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3  and that on March 18, 2024, I caused to be deposited for mailing the foregoing

4  **DEFENDANT   HOLLAWAY'S   RESPONSES   TO   PLAINTIFF'S**

5  **INTERROGATORIES [SET ONE]** via U.S. mail to the following:

6       Daine Crawley, #1167447
        Northern Nevada Correctional Center
7       P.O. Box 7000
        Carson City, Nevada 89702
8       *Plaintiff, Pro Se*

9

10

11       An employee of the
         Office of the Nevada Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | AARON D. FORD
Attorney General
2 | JANET L. MERRILL (Bar No. 10736)
Senior Deputy Attorney General
3 | State of Nevada
Office of the Attorney General
4 | 555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
5 | (702) 486-3370 (phone)
(702) 486-3773 (fax)
6 | Email: jmerrill@ag.nv.gov

7 | *Attorneys for Defendants Richard Ashcraft,
Charles Daniels, Kody Hollaway, Kyle Olsen,*
8 | *Robert Robison, Robert Suwe, and Brian Williams*

9 | **UNITED STATES DISTRICT COURT**

10 | **DISTRICT OF NEVADA**

11 | DAINE CRAWLEY,          Case No. 3:22-cv-00530-MMD-CSD

12 |        Plaintiff,

13 | v.          **DEFENDANT ROBERT ROBISON'S
ANSWERS TO PLAINTIFF'S
INTERROGATORIES
[SET ONE]**

14 | CHARLES DANIELS, *et al.*,

15 |        Defendants.

16

17 | Defendant Robert Robison, by and through counsel, Aaron D. Ford, Nevada Attorney

18 | General, and Douglas R. Rands, Deputy Attorney General, hereby answers Plaintiff's

19 | Interrogatories [Set One], as follows[1]:

20 | **INTRODUCTION**

21 |      1.    Defendant is bound to comply with statutes, regulations, and protocols

22 | governing the dissemination of confidential information pertaining to prison

23 | administration. In preparing these answers, Defendant may not yet have discovered all

24 | such bases of confidentiality upon which to interpose an objection to a discovery request

25 | presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26 | confidentiality at a later time, when the applicability to the discovery request is realized.

27

28 |      [1] The use of [sic] to delineate errors is not used in this document. These
Interrogatories are typed as in the original.

2.     Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.     No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.     The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

///

1   ## ANSWERS TO INTERROGATORIES

2   **INTERROGATORY NO. 1:**

3       Did your superior officers tell you to make the "false statement" on 11/16/21 to secure

4   a finding of guilt?

5   **ANSWER TO INTERROGATORY NO. 1:**

6       Objection. Interrogatory No. 1 is argumentative, assumes facts not in evidence and

7   is vague and ambiguous as to "superior officers." The Interrogatory creates a leading and

8   improper conclusion. The Interrogatory fails to identify any document relating to a finding

9   a guilt.

10      Subject to the foregoing objections, and assuming that Crawley refers to NDOC:

11  000143, the answering Defendant responds that he did not make a false statement, that

12  the typo as to substance testing did not secure Crawley's guilt and that his superior officers

13  were not involved in the preliminary hearing relating to OIC# 502972.

14  **INTERROGATORY NO. 2:**

15      Have you violated due process rights in prior preliminary hearings at WSCC?

16  **ANSWER TO INTERROGATORY NO. 2:**

17      Objection. Interrogatory No. 2 calls legal conclusions, is compound, is not

18  proportionate to the needs of the litigation and assumes facts not in evidence.

19      Subject to the foregoing objections, no.

20  **INTERROGATORY NO. 3:**

21      What evidence did you rely on during 11/16/21 hearing?

22  **ANSWER TO INTERROGATORY NO. 3:**

23      The officer's report.

24  **INTERROGATORY NO. 4:**

25      Where do you work now since WSCC closed?

26  **ANSWER TO INTERROGATORY NO. 4:**

27      Objection. Interrogatory No. 4 seeks irrelevant information which is unrelated to

28  the claims and defenses in this action.

1   Subject to the foregoing objection, Correctional Sergeant/Northern Training Contact
2   Employee Development Division.

3   **INTERROGATORY NO. 5:**

4   Why didn't you send any evidence to "lab" for further testing if you were not sure
5   testing was done?

6   **ANSWER TO INTERROGATORY NO. 5:**

7   Objection. Interrogatory No. 5 seeks irrelevant information in relation to the hearing
8   in which the answering Defendant was involved. The Interrogatory is vague and
9   ambiguous as to which OIC or hearing.   The Interrogatory includes an improper
10  assumption that any testing or further testing was required.

11  Subject to the foregoing objection, no testing was required to be completed on the
12  mail that Crawley sought to send out of Warm Springs Correctional Center in order to
13  establish guilt on the charge, MJ31: Unauthorized use equipment or mail.

14  *See also* Answer to Interrogatory No. 3.

15  DATED this 21st day of February 2024.

16          AARON D. FORD
17          Attorney General

18  By: */s/ Janet L. Merrill*
            JANET L. MERRILL (Bar No. 10736)
19          Deputy Attorney General

20          *Attorneys for Defendants*

21

22

23

24

25

26

27

28

**VERIFICATION OF ROBERT ROBISON**

I, Robert Robison, am a Defendant in the above-entitled matter. I have read the foregoing Answers to Interrogatories [Set One] and am familiar with its contents. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein are true and correct to the best of my knowledge and recollection.

Executed on *Feb 20*, 2024.

ROBERT ROBISON

1

## CERTIFICATE OF SERVICE

2       I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3  and that on February 21, 2024, I caused to be deposited for mailing the foregoing

4  **DEFENDANT   ROBERT   ROBISON'S   ANSWERS   TO   PLAINTIFF'S**

5  **INTERROGATORIES [SET ONE]** via U.S. mail to the following:

6         Daine Crawley, #1167447
7         Northern Nevada Correctional Center
          P.O. Box 7000
8         Carson City, Nevada 89702
          *Plaintiff, Pro Se*

9

10                         An employee of the
11                         Office of the Nevada Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AARON D. FORD
 Attorney General
JANET L. MERRILL (Bar No. 10736)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3370 (phone)
(702) 486-3773 (fax)
Email: jmerrill@ag.nv.gov

*Attorneys for Defendants Richard Ashcraft,*
*Charles Daniels, Kody Hollaway, Kyle Olsen,*
*Robert Robison, Robert Suwe, and Brian Williams*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAINE CRAWLEY, | Case No. 3:22-cv-00530-MMD-CSD |
| Plaintiff, | |
| v. | **DEFENDANT ROBERT ROBISON'S ANSWERS TO PLAINTIFF'S INTERROGATORIES [SET TWO]** |
| CHARLES DANIELS, *et al.*, | |
| Defendants. | |

Defendant Robert Robison, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Janet Merrill, Deputy Attorney General, hereby answers Plaintiff's Interrogatories [Set Two], as follows[1]:

## INTRODUCTION

1.   Defendant is bound to comply with statutes, regulations, and protocols governing the dissemination of confidential information pertaining to prison administration. In preparing these answers, Defendant may not yet have discovered all such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

---

[1] The use of [sic] to delineate errors is not used in this document. These Interrogatories are typed as in the original.

2.    Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.    No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.    The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

///

Page 2 of 7

1 | ANSWERS TO INTERROGATORIES

2 | **INTERROGATORY NO. 6:**

3 | Why is there still no accountability on your behalf for this false statement on
4 | 11/16/21 for OIC #502972?

5 | **ANSWER TO INTERROGATORY NO. 6:**

6 | Objection.  Interrogatory No. 6 is vague and ambiguous as to "accountability." The
7 | Request is argumentative, harassing and assumes facts not in evidence.

8 | Subject to the foregoing objections, *see* Defendant Ashcraft's Responses and
9 | Supplemental Response to Crawley's Interrogatories and Admissions. The hearing was
10 | continued, and Crawley was given a full explanation regarding the statements listed in the
11 | notice of charges.

12 | **INTERROGATORY NO. 7:**

13 | Why is LT. Ashcraft still saying that "substance testing was done" for his admission
14 | #7 regarding IR-2021-WSCC-001993?

15 | **ANSWER TO INTERROGATORY NO. 7:**

16 | Objection.  Interrogatory No. 7 is not properly directed at Defendant Robison and
17 | as such, no answer will be provided.  The written reports, both IR-2021-WSCC-00182
18 | NDOC: 000083-000092 and IR-2021-WSCC-001993 and NDOC: 000093-000100 speak for
19 | themselves.

20 | **INTERROGATORY NO. 8:**

21 | Why are you still claiming the "false statement" to be a typo?

22 | **ANSWER TO INTERROGATORY NO. 8:**

23 | Objection.  Interrogatory No. 8 is duplicative and argumentative. "False" contains
24 | an assertion that someone was intentionally untrue, a typo does not.

25 | Subject to the foregoing objections, see Defendant Robinson's Answers to Crawley's
26 | First Set of Discovery.

27 | **INTERROGATORY NO. 9:**

28 | Would you be willing to participate in a deposition?

1   **ANSWER TO INTERROGATORY NO. 9:**

2       Yes.

3   **INTERROGATORY NO. 10:**

4       When will you be able to conduct a deposition?

5   **ANSWER TO INTERROGATORY NO. 10:**

6       Objection. An attorney or pro per party conducts a deposition. A deponent does not

7   conduct a deposition. Defendant Robison will participate in a deposition upon reasonable

8   notice of taking his deposition. Reasonable notice is typically fourteen (14) days' notice.

9   **INTERROGATORY NO. 11:**

10      Did default judgment get ordered against you for Carson district Court case 22 oc

11  0095 1B?

12  **ANSWER TO INTERROGATORY NO. 11:**

13      Objection. Interrogatory No. 11 calls for a legal conclusion.

14      Subject to the foregoing objections, the filings and orders contained in the different

15  lawsuit speak for themselves. A document entitled "JUDGMENT OF THE COURT" was

16  signed by the Honorable Judge James E. Wilson Jr. on October 26, 2023. A document titled

17  "ORDER GRANTING MOTION TO SET ASIDE JUDGMENT, DENYING CRAWLEY'S

18  REQUESTS FOR AN ORDER TO ENFORCE JUDGMENT AND DENYING CRAWLEY'S

19  REQUEST FOR AN INJUNCTION" was signed by the Honorable Judge James E. Wilson

20  Jr. on January 8, 2024.

21  **INTERROGATORY NO. 12:**

22      Where are the pictures you claim were provided as evidence for IR-2021-WSCC-

23  001993?

24  **ANSWER TO INTERROGATORY NO. 12:**

25      Objection. Interrogatory No. 12 does not identify any "claim" relating to pictures.

26  The Interrogatory is confusing as to this Defendant.

27      Until such time as Crawley clarifies his Interrogatory, Defendant Robison is unable

28  to answer the question.

1 | **INTERROGATORY NO. 13:**

2 | In regards to Admission #1 "a partially wrong statement" is a false statement, right
3 | or wrong?

4 | **ANSWER TO INTERROGATORY NO. 13:**

5 | Objection.  Interrogatory No. 13 is argumentative and unclear. "False" contains an
6 | assertion that someone was intentionally untrue, while wrong is equivalent to inaccurate.
7 | The Interrogatory is confusing as to which Admission #1 as Crawley is referring in certain
8 | places to Admission #1 for Ashcraft but there are several Admission #1s, one for each
9 | Defendant.

10 | Until such time as Crawley clarifies his Interrogatory, Defendant Robison is unable
11 | to answer the question.

12 | DATED this 25th day of March 2024.

13 |                                   AARON D. FORD
                                       Attorney General
14 |

15 |                                   By: /s/ Janet L. Merrill
                                            JANET L. MERRILL (Bar No. 10736)
16 |                                         Deputy Attorney General

17 |                                   *Attorneys for Defendants*

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION OF ROBERT ROBISON

I, Robert Robison, am a Defendant in the above-entitled matter. I have read the foregoing Answers to Interrogatories [Set Two] and am familiar with its contents. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein are true and correct to the best of my knowledge and recollection. I authorize my attorney Janet Merrill Esq. to insert my signature electronically.

Executed on March 25, 2024.


*Robert Robison*
ROBERT ROBISON

1

## CERTIFICATE OF SERVICE

2      I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3  and that on March 25, 2024, I caused to be deposited for mailing the foregoing

4  **DEFENDANT ROBERT ROBISON'S ANSWERS TO PLAINTIFF'S**

5  **INTERROGATORIES [SET TWO]** via U.S. mail to the following:

6      Daine Crawley, #1167447
       Northern Nevada Correctional Center
7      P.O. Box 7000
       Carson City, Nevada 89702
8      *Plaintiff, Pro Se*

9

10     _____
       An employee of the
11     Office of the Nevada Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AARON D. FORD
  Attorney General
JANET L. MERRILL (Bar No. 10736)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3370 (phone)
(702) 486-3773 (fax)
Email: jmerrill@ag.nv.gov

*Attorneys for Defendants Richard Ashcraft,
Charles Daniels, Kody Hollaway, Kyle Olsen,
Robert Robinson, Robert Suwe, and Brian Williams*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAINE CRAWLEY, | Case No. 3:22-cv-00530-MMD-CSD |
| Plaintiff, | |
| v. | **DEFENDANT ROBISON'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET ONE]** |
| CHARLES DANIELS, *et al.*, | |
| Defendants. | |

Defendant Robert Robison, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Janet Merrill, Deputy Attorney General, hereby responds Plaintiff's Request for Admission [Set One], as follows[1]:

### INTRODUCTION

1.      Defendant is bound to comply with statutes, regulations, and protocols governing the dissemination of confidential information pertaining to prison administration. In preparing these responses, Defendant may not yet have discovered all such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

---

[1] The use of [sic] to delineate errors is not used in this document. These Interrogatories are typed as in the original.

2.     Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.     No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.     The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

1  RESPONSES TO REQUESTS FOR ADMISSION

2  REQUEST FOR ADMISSION NO. 1:

3  Admit that you made a "false" statement regarding "substance testing done" on
4  November 16th, 2021, during preliminary hearing for OIC #502792 IR# IR-2021-WSCC-
5  001993.

6  RESPONSE TO REQUEST FOR ADMISSION NO. 1:

7  Objection. Request No. 1 is argumentative and vague and ambiguous as to
8  statement. Defendants have disclosed numerous documents and Crawley fails to identify
9  which document or statement he is referring to in relation to Request No. 1.

10  Subject to the foregoing objections, and to the extent that Plaintiff is referring to
11  NDOC: 000143, deny. It was explained to Crawley by Lieutenant Richard Ashcraft that
12  the answering Defendant typed in a partially wrong statement in the report.  This
13  clarification was explicitly given to Crawley during the disciplinary hearing as evidenced
14  by the audio file disclosed as NDOC: 000149. No substance testing was done on the mail
15  which Crawley had written as outgoing mail.

16  REQUEST FOR ADMISSION NO. 2:

17  Admit that NDOC staff including yourself have made false claims regarding "test
18  results" in other OIC's during the 2021 calendar year at WSCC.

19  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

20  Objection. Request No. 2 is argumentative and is vague and ambiguous as to
21  "claims," "test results" and "OICs." None are identified. The Request is compound and not
22  relevant or proportionate to the claims and defenses in this case.  The Request is not
23  relevant to the claims raised in the lawsuit.

24  Subject to the foregoing objections, deny.

25  REQUEST FOR ADMISSION NO. 3:

26  Admit that Robert Suwe convinced you to make that "false statement" on November
27  16th, 2021 at WSCC.

28  ///

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection. Request No. 3 is argumentative, assumes facts not in evidence and is vague and ambiguous as to "statement."

Subject to the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you never provided any evidence related to OIC# 502792 IR# IR-2021-WSCC-001993 to Mr. Crawley during the preliminary hearing on 11/16/2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection. Request No. 4 is vague and ambiguous as to evidence.

Subject to the foregoing objections, deny. The hearings (preliminary and disciplinary) were based on the officer report as evidenced by the audio recordings of the disciplinary hearing, NDOC: 000148 and NDOC: 000149.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you acknowledged that you never provided any evidence in November 2021 as well as Mr. Richard Ashcraft.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection. Request No. 5 is vague and ambiguous as to "acknowledged" and overly broad as to "November 2021." The Request is impermissibly compound.

Subject to the foregoing objections, deny.

**REQUEST FOR ADMISSION NO. 6:**

Admit that officer Suwe participated in disciplinary hearing which also violates AR 707.

///
///
///
///
///
///

1   RESPONSE TO REQUEST FOR ADMISSION NO. 6:

2       Objection.   Request No. 6 is vague and ambiguous as to disciplinary hearing as

3   Crawley has alleged wrongdoing related to multiple hearings.  The Request impermissibly

4   calls for a legal conclusion.

5       Subject to the foregoing objections, deny.

6       DATED this 21st day of February 2024.

7                                   AARON D. FORD
                                    Attorney General
8
                                    By: /s/ Janet L. Merrill
9                                       JANET L. MERRILL (Bar No. 10736)
                                        Deputy Attorney General
10
                                        *Attorneys for Defendants*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on February 21, 2024, I caused to be deposited for mailing the foregoing **DEFENDANT ROBISON'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET ONE]** via U.S. mail to the following:

Daine Crawley, #1167447
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
*Plaintiff, Pro Se*


An employee of the
Office of the Nevada Attorney General

1  AARON D. FORD
     Attorney General
2  JANET L. MERRILL (Bar No. 10736)
     Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
   *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robinson, Robert Suwe, and Brian Williams*

9  **UNITED STATES DISTRICT COURT**

10  **DISTRICT OF NEVADA**

11  DAINE CRAWLEY,                          Case No. 3:22-cv-00530-MMD-CSD

12            Plaintiff,
                                           **DEFENDANT ROBISON'S**
13  v.                                     **RESPONSES TO PLAINTIFF'S**
                                           **REQUEST FOR ADMISSION**
14  CHARLES DANIELS, *et al.,*             **[SET TWO]**

15            Defendants.

16

17        Defendant Robert Robison, by and through counsel, Aaron D. Ford, Nevada Attorney

18  General, and Janet Merrill, Deputy Attorney General, hereby responds Plaintiff's Request

19  for Admission [Set Two], as follows[1]:

20                              **INTRODUCTION**

21        1.    Defendant is bound to comply with statutes, regulations, and protocols

22  governing the dissemination of confidential information pertaining to prison

23  administration. In preparing these responses, Defendant may not yet have discovered all

24  such bases of confidentiality upon which to interpose an objection to a discovery request

25  presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26  confidentiality at a later time, when the applicability to the discovery request is realized.

27  _____

28        [1] The use of [sic] to delineate errors is not used in this document. These
   Interrogatories are typed as in the original.

2.    Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.    No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.    The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 7:**

Admit that making a "false statement" such as "substance testing being done" is not merely a typo.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection. Request No. 7 is argumentative and contains an assumption that Robison lied in order to answer the question which is improper. "False" contains an assertion that someone was intentionally untrue, a typo does not.

Subject to the foregoing objections, Robinson denies Crawley's Request that he made a false statement. *See also* Robison's Answer to Interrogatory No. 1, Response to Request for Admission No. 1, Response to Request for Admission No. 2, and Response to Request for Admission No. 3.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the statement "substance testing done" was not true in regards to OIC #502972.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

See Objections and Response to Request for Admission No. 7.

The words "substance testing done" was not inaccurate as it was typo and as on such basis, Robinson admits Request for Admission No. 8.

**REQUEST FOR ADMISSION NO. 9:**

Admit that this "substance Testing done" statement allowed the OIC #502792 to proceed to disciplinary hearing versus being clarified at preliminary hearing

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Objection. Request for Admission No. 9 is vague and ambiguous as to "allowed." The Request is also vague and ambiguous as to "versus being clarified."

Subject to the foregoing objections, Robison denies Request for Admission No. 9.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you relied on officers report for OIC# 502792 and nothing else.

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

2 |     Objection.  Request for Admission No. 10 is vague and ambiguous as to "nothing

3 | else." The Request appears to assume that more than the Officer's report was required in

4 | order to answer the question which is improper.  Additionally, it is vague and ambiguous

5 | as to whether the Request "officers report" is intended to mean the narrative only.

6 |     Given the ambiguity of the Request, Robison is unable to admit or deny the Request.

7 | Robison relied on the information contained in IR-2021-WSCC-001993, NDOC: 000093-

8 | 000100.

9 | **REQUEST FOR ADMISSION NO. 11:**

10 |     Admit that you never presented any pictures or test results to Mr. Crawley regarding

11 | OIC #502792.

12 | **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

13 |     Objection.  Request for Admission No. 11 is compound.   The Request is vague and

14 | ambiguous as to "pictures." The Request assumes facts not in evidence.

15 |     Subject to the foregoing objections, Robison admits no "pictures" were presented to

16 | Crawley in relation to OIC #502792.

17 | **REQUEST FOR ADMISSION NO. 12:**

18 |     Admit that you never intended to allow Mr. Crawley to have a fair and equitable

19 | preliminary hearing by making the "substance testing done" statement on 11/16/21.

20 | **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

21 |     Request No. 7 is argumentative, harassing, and contains an assumption that

22 | Robison lied in order to answer the question which is improper.

23 |     Subject to the foregoing objection, Robison denies Request for Admission No. 12.

24 | **REQUEST FOR ADMISSION NO. 13:**

25 |     Admit that there were legal documents inside the envelope for OIC #502792.

26 | **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

27 |     Objection.   Request for Admission No. 13 is compound and does not identify which

28 | documents. The Request is vague and ambiguous as to "legal documents" and may call for

1  a legal conclusion which is improper.    The documents speak for themselves. Legal
2  correspondence must be addressed to an attorney or legal representative.

3      Until such time as Crawley clarifies his Request, Defendant Robison is unable to
4  admit or deny Request for Admission No. 13 and thus, unable to answer the question.

5      NDOC:000095 is an envelope from Crawley addressed to an Autumn Avirette who
6  is neither an attorney or legal representative.

7      NDOC: 000096 to 000097 is a publicly filed document titled "Docketing Statement
8  Criminal Appeals."

9      NDOC: 000098 is a Notice of Charges.

10      NDOC: 000099 to 000100 is a letter addressed to Autumn.

11      DATED this 25th day of March 2024.

12                    AARON D. FORD
                   Attorney General
13

14                   By: */s/ Janet L. Merrill*
                   JANET L. MERRILL (Bar No. 10736)
15                     Deputy Attorney General

16                   *Attorneys for Defendants*

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2      I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3  and that on March 25, 2024, I caused to be deposited for mailing the foregoing

4  DEFENDANT ROBISON'S RESPONSES TO PLAINTIFF'S REQUEST FOR

5  ADMISSION [SET TWO] via U.S. mail to the following:

6      Daine Crawley, #1167447
       Northern Nevada Correctional Center
7      P.O. Box 7000
       Carson City, Nevada 89702
8      *Plaintiff, Pro Se*

9

10

11      An employee of the
        Office of the Nevada Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 6 of 6

1  AARON D. FORD
    Attorney General
2  JANET L. MERRILL (Bar No. 10736)
    Deputy Attorney General
3  State of Nevada
    Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
    Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
    (702) 486-3773 (fax)
6  Email: vcorey@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
    *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robinson, Robert Suwe, and Brian Williams*

9              **UNITED STATES DISTRICT COURT**

10                  **DISTRICT OF NEVADA**

11  DAINE CRAWLEY,                    Case No.  3:22-cv-00530-MMD-CSD

12              Plaintiff,

13  v.                                **DEFENDANT ROBERT SUWE'S**
                                       **ANSWERS TO PLAINTIFF'S**
                                       **INTERROGATORIES**
14  CHARLES DANIELS, *et al.*,             **[SET ONE]**

15              Defendants.

16        Defendant Robert Suwe, by and through counsel, Aaron D. Ford, Nevada Attorney

17  General, and Janet L. Merrill, Deputy Attorney General, hereby answers Plaintiff's

18  Interrogatories [Set One]. as follows.

19        Plaintiff issued his requests to "Defendants." However, multiple party requests are

20  not permissible. *Calloway v. Veal,* CIV S-09-2907 GEB, 2012 WL 929607, at *1 (E.D. Cal.

21  Mar. 19, 2012) (holding that "defendants properly objected to the form of plaintiff's

22  discovery requests" that discovery rules do "not provide for joint responses by multiple

23  parties"). Thus, Defendant Robert Suwe (and Robert Suwe alone) responds to Plaintiff's

24  requests.

25                      **INTRODUCTION**

26        1.    Defendant is bound to comply with statutes, regulations, and protocols

27  governing  the  dissemination  of  confidential  information  pertaining  to  prison

28  administration. In preparing these answers, Defendant may not yet have discovered all

such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

2.   Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.   No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.   The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers

Page 2 of 11

1    prior to and at trial on the basis of additional discovery and development of facts is
2    expressly reserved.

3    <center>**ANSWERS TO INTERROGATORIES**</center>

4    **INTERROGATORY NO. 1:**

5    State the duties of Defendant Robert Suwe at Warm Springs Correctional Center
6    during the 2021-2022 calendar year. If those job duties are set forth in any job description
7    or other document, produce the document(s).

8    **ANSWER TO INTERROGATORY NO. 1:**

9    Objection. Interrogatory No. 1 appears to be both an interrogatory and a request for
10   production of documents.

11   Notwithstanding the objections that at the time of the incidents as alleged in the
12   Complaint, Robert Suwe was a Correctional Officer and worked as an Institutional
13   Investigator. Suwe's duties as a Correctional Officer are specifically described in the Class
14   Specification for NDOC Correctional Officers and which is disclosed as part of this
15   Response, in Defendants' Second Supplemental Disclosure. Suwe's duties as an
16   investigator are also set forth in the report disclosed in this matter, NDOC: 000083-000092.

17   **INTERROGATORY NO. 2:**

18   State the number of grievances(s) or other complaint formally filed on Officer Robert
19   Suwe during his tenure at WSCC and thereafter while employed by NDOC.

20   **ANSWER TO INTERROGATORY NO. 2:**

21   Objection. Interrogatory No. 2 is not proportionate to the needs of the litigation and
22   is impermissibly overbroad as it is not limited in scope or time to the allegations of the
23   Complaint. Interrogatory No. 2 is vague and ambiguous as to "other complaint."

24   Notwithstanding the foregoing objections, Senior Correctional Officer Robert Suwe
25   refers Plaintiff to 2006-31-311275, a grievance filed by Plaintiff which appears to relate to
26   the instant lawsuit. The grievance history has been provided to Plaintiff as NDOC:000032.
27   Discovery is continuing and Defendant expressly reserves the right to supplement or
28   modify this answer based on new or additional information.

**INTERROGATORY NO. 3:**

State the procedure put in place to monitor inmate correspondence either outgoing or incoming during 2021 and 2022 at WSCC. If these procedures are set forth in any policy, directive or other document, produce the document(s).

**ANSWER TO INTERROGATORY NO. 3:**

Objection. Interrogatory No. 3 is vague and ambiguous as to "procedure put in place." Interrogatory No. 3 appears to be both an interrogatory and a request for production of documents.

Notwithstanding the objections, Defendant is informed and respond that Administrative Regulation (AR) 750 is responsive to Plaintiff's question. AR 750 relates to Inmate General Correspondence and Mail. More specifically, AR 750.05 titled Monitoring Inmate Mail sets forth NDOC's regulation for monitoring inmate mail. AR 750.05 subsection 1 reads: Incoming and/or outgoing mail items are monitored by designated staff upon reasonable suspicion that the item contains restricted matter.

**INTERROGATORY NO. 4:**

State the names, titles and duties of all staff members at WSCC/NNCC who have responsibility for responding to investigating or deciding inmate grievances. If those duties are set forth in any job description, policy directive or other document, produce the documents.

**ANSWER TO INTERROGATORY NO. 4:**

Objection. Interrogatory No. 4 is not proportionate to the needs of the litigation. Plaintiff asserted that the purported wrongdoing occurred at WSCC, not NNCCC. Additionally, there is no temporal limit or timeframe for the request. Interrogatory No. 4 is vague and ambiguous as to "investigating" or "deciding." Interrogatory No. 4 appears to be both an interrogatory and a request for production of documents.

Notwithstanding the objections, Defendant refers Plaintiff to their disclosures including the names set forth on the Inmate Grievance History, including without limitation:

1    Kirk Widmar (NDOC: 000044)

2    William Gittere (NDOC: 000045)

3    Aaron Harroun (NDOC: 000042)

4    Brian Williams (NDOC:  000040)

5    Robert Hartman (NDOC: 000036)

6    Cody Anderson (NDOC 000036)

7    Kristy Fonoimona (NDOC: 000034)

8    Richard Ashcraft (NDOC:  000031)

9    Ellen Cherpeski (NDOC:00030)

10    Craig Molnar (NDOC 000030)

11    Discovery is continuing and Defendans expressly reserves the right to supplement

12    or modify this answer based on new or additional information.

13    **INTERROGATORY NO. 5:**

14    State the date and time that pictures were taken of any mail confiscated related to

15    OIC# 501633 IR# IR-2021-WSCC-001820. If those pictures are digitally stored please

16    produce those photos.

17    **ANSWER TO INTERROGATORY NO. 5:**

18    Objection. Interrogatory No. 5 appears to be both an interrogatory and a request for

19    production of documents.

20    As reported in NDOC: 00084, Defendant Suwe took pictures of the mail.    The

21    pictures have been disclosed. *See* NDOC: 000085, NDOC: 000086, NDOC: 000087, NDOC:

22    000088 (piece of mail in beaker).

23

24    On October 13, 2021 I Correctional Officer ▮▮▮▮ was assigned to Institutional Investigator at Warm Springs
      Correctional Center (WSCC). At Approximately 12:55 pm The Institutional Mailroom Officer handed me (1) orange

25    in color envelope which appeared saturated with an unknown substance on the bottom left corner. The area of the
      envelope with saturation was approximately 2 1/2" x 3 1/2" in size and appeared to have misshapen the envelope.

26    The suspicious envelope was addressed to (W.S.C.C, Daine Crawley 1167447, P.O. Box 7007, Carson City, NV, 89702)
      and the addressee ▮▮▮▮, 1832 *illegible*Crescent, Rich, VA, 23236.) The addressee appears to be a

27    fictional name and address.

28    ///

**INTERROGATORY NO. 6:**

State the exact name of test that was used on any mail during the October 2021 or November 2021 incidents in question. If pictures are digitally stored please produce those photos along with exact test results/chemical compounds.

**ANSWER TO INTERROGATORY NO. 6:**

Objection. Interrogatory No. 6 appears to be both an interrogatory and a request for production of documents.

M.M.C International B.V. Synthetic Cannabinoids Test Ampule. *See* NDOC: 00008 (including name of report), NDOC: 00088 (showing beaker of test with its name). *See also* Response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

During the 2021-2022 calendar year has NDOC ever been accused of using faulty ampule tests to find inmates guilty of disciplinary sanctions. If those documents exist, please produce those documents.

**ANSWER TO INTERROGATORY NO. 7:**

Objection.  To the extent that any investigations or disciplinary proceedings are underway, Plaintiff is not permitted to have records for other inmates.  Interrogatory No. 7 appears to be both an interrogatory and a request for production of documents. Interrogatory No. 7 assumes facts not in evidence.

Notwithstanding such, other than Plaintiff's accusations, Defendant is not currently aware of other accusations. No similar litigation is currently active.

Discovery is continuing and Defendant expressly reserves the right to supplement or modify this answer based on new or additional information.

**INTERROGATORY NO. 8:**

During Mr. Robert Suwe's career has misconduct been an issue with his job performance. If those documents exist please produce those documents.

///

///

1 | **ANSWER TO INTERROGATORY NO. 8:**

2 | Objection. Interrogatory No. 8 is not proportionate to the needs of the litigation.

3 | Plaintiff does not offer any specific timeframe. Interrogatory No. 8 is vague and ambiguous

4 | as to "misconduct" and "an issue." Objection. Interrogatory No. 8 appears to be both an

5 | interrogatory and a request for production of documents.

6 | Notwithstanding such, no documents have been identified which are relevant or

7 | responsive to Plaintiff's request.

8 | **INTERROGATORY NO. 9:**

9 | State the names, titles, and duties of all staff members at WSCC that authorized the

10 | monitoring of "outgoing legal correspondence" in October 2021 – November 2021. If those

11 | documents exist produce those documents(s).

12 | **ANSWER TO INTERROGATORY NO. 9:**

13 | Objection. Interrogatory No. 9 is vague and ambiguous as to "authorized." Objection.

14 | Interrogatory No. 9 appears to be both an interrogatory and a request for production of

15 | documents.

16 | Notwithstanding such, authority to monitor outgoing mail is set forth in AR 750.

17 | Legal mail regulations are set forth in AR 722.

18 | As set forth in the Inmate Grievance History, William Gittere and Kirk Widmar both

19 | responded to your grievances regarding outgoing mail. *See* Inmate Grievance History,

20 | NDOC: 000020-000047.

21 | Discovery is continuing and Defendant expressly reserves the right to supplement

22 | or modify this answer based on new or additional information.

23 | **INTERROGATORY NO. 10:**

24 | State the name and identity of any "confidential informant(s)" testimony that was

25 | relied onto obtain probable cause to monitor Mr. Crawley's "outgoing legal" correspondence

26 | during the 2021-2022 calendar year. If those documents exist produce those documents,

27 | recordings, and pictures.

28 | ///

**ANSWER TO INTERROGATORY NO. 10:**

Objection. Interrogatory No. 10 is vague and ambiguous and to "confidential informant(s)." Interrogatory No. 10 is not proportionate in relation to the time frame 2021-2022 calendar year and assumes facts not in evidence or relevant. Interrogatory No. 10 asserts a legal question as to probable cause. Objection. Interrogatory No. 10 appears to be both an interrogatory and a request for production of documents.

The relevant documents have been produced in Defendants' initial disclosures and the first supplement, including without limitation, NDOC: 000083-000092 and NDOC: 000093-000100. In particular, Defendant Suwe stated, in part:

> The Institutional Mailroom Officer handed me (1) orange in color envelope which appeared saturated with an unknown substance on the bottom left corner. The area of the envelope with saturation was approximately 2 1/211 x 3 1/211 in size and appeared to have misshapen the envelope. The suspicious envelope was addressed to (W.S.C.C, Daine Crawley 1167447, P.O. Box 7007, Carson City, NV, 89702) and the addressee (Wayne Sinclear, 1832 *illegible*Crescent, Rich, VA, 23236.) The addressee appears to be a fictional name and address.

*See* NDOC: 000094.

Discovery is continuing and Defendant expressly reserves the right to supplement or modify this answer based on new or additional information.

**INTERROGATORY NO. 11:**

Is MMC Synthetic cannabinoids test performed on either October 13th, 2021 or November 10th, 2021 recorded or video taped by Mr. Suwe or Holloway if those documents, pictures or videos exist produce those documents.

**ANSWER TO INTERROGATORY NO. 11:**

Defendant is informed and believe that there is no video tape or recording of the test done on the envelope depicted in NDOC: 000085. Defendant is informed and believe there is no NDOC policy or requirement to video tape or record the testing.

There are several photographs taken as it relates to the testing and the relevant subject envelope tested and which was addressed to Plaintiff. *See* NDOC: 000085, NDOC:

1 | 000086, NDOC: 000087, NDOC: 000088.  As set forth in NDOC: 000088, the testing was
2 | conducted on October 13, 2021.

3 | Discovery is continuing and Defendant expressly reserves the right to supplement
4 | or modify this answer based on new or additional information.

5 | DATED this 15th day of December 2023.

AARON D. FORD
Attorney General

By: */s/ Janet L. Merrill*
Janet L. Merrill (Bar No. 10736)
Deputy Attorney General

*Attorneys for Defendants*

1

**VERIFICATION OF ROBERT SUWE**

2   I, Robert Suwe, am a Defendant in the above-entitled matter. I have read the

3   foregoing Answers to Interrogatories and am familiar with its contents. My answers are

4   based either on personal knowledge or review of records. I reserve the right to modify my

5   answers as discovery continues and if more information or documentation is discovered.

6   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents

7   contained herein are true and correct to the best of my knowledge.

8   Executed/signed on _December 14_, 2023.

9

10

11   Robert Suwe

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2          I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3   and that on December 15, 2023, I served the foregoing **DEFENDANT ROBERT SUWE'S**

4   **ANSWERS TO PLAINTIFF'S INTERROGATORIES [SET ONE]** by depositing a copy

5   for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada,

6   addressed to the following:

7

8          Daine Crawley, #1167447
           Northern Nevada Correctional Center
9          P.O. Box 7000
           Carson City, Nevada 89702
10         *Plaintiff, Pro Se*

11

12

13                                     *Karen A. Easlon*
                                       An employee of the
14                                     Office of the Attorney General

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  AARON D. FORD
   Attorney General
2  JANET L. MERRILL (Bar No. 10736)
   Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
   *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robinson, Robert Suwe, and Brian Williams*

9  ### UNITED STATES DISTRICT COURT

10 ### DISTRICT OF NEVADA

11 DAINE CRAWLEY,                         Case No. 3:22-cv-00530-MMD-CSD
                        Plaintiff,
12
   v.                                     **DEFENDANT ROBERT SUWE'S**
13                                         **ANSWERS TO PLAINTIFF'S**
   CHARLES DANIELS, *et al.,*             **SECOND SET OF**
14                                         **INTERROGATORIES**
                        Defendants.
15

16        Defendant Robert Suwe, by and through counsel, Aaron D. Ford, Nevada Attorney

17 General, and Janet L. Merrill, Deputy Attorney General, hereby answers Plaintiff's

18 Interrogatories [Set Two], as follows.

19        Plaintiff issued his requests to "Defendants." However, multiple party requests are

20 not permissible. *Calloway v. Veal, CIV S-09-2907 GEB,* 2012 WL 929607, at *1 (E.D. Cal.

21 Mar. 19, 2012) (holding that "defendants properly objected to the form of plaintiff's

22 discovery requests" that discovery rules do "not provide for joint responses by multiple

23 parties"). Thus, Defendant Robert Suwe (and Robert Suwe alone) responds to Plaintiff's

24 requests. Plaintiff called them supplement but Defendant responds as Second Set.

25                               **INTRODUCTION**

26        1.     Defendant is bound to comply with statutes, regulations, and protocols

27 governing the dissemination of confidential information pertaining to prison

28 administration. In preparing these answers, Defendant may not yet have discovered all

1    such bases of confidentiality upon which to interpose an objection to a discovery request

2    presented herein. Accordingly, Defendant reserves the right to assert additional bases of

3    confidentiality at a later time, when the applicability to the discovery request is realized.

4        2.      Defendant has not fully completed his/her investigation of the facts related to

5    this case, has not completed this discovery, or completed preparation for trial. All answers

6    contained herein are based solely upon such information and documentation as are

7    presently available to, and physically known to, Defendant. As such, this answering

8    Defendant discloses only that information or those documents that he presently has or is

9    authorized to access. These answers are hereby given with the understanding that

10    Defendant reserves the right to revise or amend them as facts or documents become

11    subsequently known. It is anticipated that further discovery, investigation, research, and

12    analysis will supply additional facts and documents, in addition to known facts and

13    documents, as well as may establish entirely new factual conclusions and legal contentions,

14    all of which may lead to additions to, changes in, or variations from, the answers below set

15    forth.

16        3.      No incidental or implied admissions will be made by these answers to

17    Plaintiff's Interrogatories. The fact that Defendant may answer or object to any

18    Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts

19    or admits the existence of any fact set forth or assumed by such Interrogatory, or that such

20    answers constitute admissible evidence. The fact that Defendant answers to part of any

21    Interrogatory is not to be deemed a waiver by Defendant of his objections, including

22    privilege, to other parts to such Interrogatory.

23        4.      The following answers are given without prejudice to Defendant's right to

24    produce, at a subsequent time, including at time of trial, all subsequently discovered

25    evidence relating to the proof of presently known or subsequently discovered facts. The

26    information set forth below is true and correct to the best of Defendant's knowledge at this

27    time but is subject to correction for inadvertent errors or omissions, if any errors or

28    omissions are later found to exist. The right to supplement, modify, or correct these answers

1  prior to and at trial on the basis of additional discovery and development of facts is
2  expressly reserved.

3  <div align="center">**ANSWERS TO INTERROGATORIES**</div>

4  **INTERROGATORY NO. 1 [NO. 12]:**

5  State the date and time the Attorney General of Nevada granted NDOC permission
6  to monitor Plaintiff Crawley's mail or legal mail (both incoming and outgoing)

7  **ANSWER TO INTERROGATORY NO. 1:**

8  Objection.  Interrogatory No. 1 assumes facts not into evidence.  The Attorney
9  General of Nevada did not and does not issue administrative regulations for the Nevada
10 Department of Corrections. NDOC promulgates regulations as a state agency.

11 As stated in Defendant's Response to Plaintiff's original requests, Administrative
12 Regulation (AR) 750 and AR 722 authorizes NDOC staff to monitor an offender's incoming
13 and outgoing mail.

14 AR 750 is titled Inmate General Correspondence and Mail.

15 AR 722 is titled Inmate Legal Access.

16 More specifically, AR 750.05 titled Monitoring Inmate Mail sets forth NDOC's
17 regulation for monitoring inmate mail.  AR 750.05 subsection 1 reads: Incoming and/or
18 outgoing mail items are monitored by designated staff upon reasonable suspicion that the
19 item contains restricted matter.

20 AR 722.08 subsection 7 reads: The legal mail must be addressed to an attorney or
21 legal representative.

22 **INTERROGATORY NO. 2 [NO. 13]:**

23 State the portion of mail that was tested on either 10/13/2021 or 11/10/2021 please
24 provide the "color photos" or said test and disclose procedure taken to test said mail.

25 **ANSWER TO INTERROGATORY NO. 2:**

26 Objection. Interrogatory No. 2 is vague and ambiguous as to "portion." Interrogatory
27 No. 2 appears to be both an interrogatory and a request for production of documents.

28 Notwithstanding such, the portion of mail (the subject envelope) which was tested is

depicted in NDOC: 000085, NDOC: 000086, NDOC: 000087, and NDOC: 000088.  The testing procedure is explained and depicted in IR-2021-WSCC-001820, NDOC: 000083-000092.



**INTERROGATORY NO. 3 [NO. 14]:**

According to NDOC 000084 (paragraph 4) state the name of the officer that said "Both parties are referring to websites such as herbalemplire.com"

**ANSWER TO INTERROGATORY NO. 3:**

Robert Suwe is the author of the report disclosed as IR-2021-WSCC-001820, NDOC: 000083-000092.

**INTERROGATORY NO. 4 [NO. 15]:**

Did Officer Suwe or Officer Hollaway confiscate Plaintiff Crawley's self-published book referenced to in November 10th, 2021 outgoing correspondence, was a test performed on that mail as well.

**ANSWER TO INTERROGATORY NO. 4:**

Objection.  Interrogatory No. 4 assumes facts not in evidence.  Interrogatory No. 4 is confusing and appears to be two different questions.

Notwithstanding the objections, based on review of records, Officer Hollaway authored report IR-2021-WSCC-001993 disclosed as NDOC: 000093-000100 and which relates to outgoing mail sent by Plaintiff.  There is no self-published book referenced in the report.  There was no testing completed on the documents depicted in IR-2021-WSCC-001993.

1 **INTERROGATORY NO. 5 [NO. 16]:**

2    Did any other "Incoming Correspondence" test positive for any substance after

3 October 13th, 2021 incident in question.

4 **ANSWER TO INTERROGATORY NO. 5:**

5    Objection. Interrogatory No. 5 is without a timeframe other than after and as such

6 is not proportionate and is unduly vague. Interrogatory No. 5 is also vague an ambiguous

7 as to "any substance." Interrogatory No. 5 does not appear limited to Plaintiff or Plaintiff's

8 Complaint.

9    Notwithstanding the objections, Defendant is informed and believe that no other

10 substances were tested that relate to Plaintiff's Complaint in this matter. Discovery is

11 continuing and Defendant expressly reserves the right to supplement or modify this answer

12 based on new or additional information.

13    DATED this 15th day of December, 2023.

14                                   AARON D. FORD
                                   Attorney General
15
                                   By: */s/ Janet L. Merrill*
16                                       JANET L. MERRILL (Bar No. 10736)
                                       Deputy Attorney General
17
                                   *Attorneys for Defendants*
18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION OF ROBERT SUWE

I, Robert Suwe, am a Defendant in the above-entitled matter. I have read the foregoing Answers to Interrogatories and am familiar with its contents. My answers are based either on personal knowledge or review of records. I reserve the right to modify my answers as discovery continues and if more information or documentation is discovered.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein are true and correct to the best of my knowledge.

Executed/signed on *December 14*, 2023.

Robert Suwe

1

## CERTIFICATE OF SERVICE

2          I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3   and that on December 15, 2023, I served the foregoing **DEFENDANT ROBERT SUWE'S**

4   **ANSWERS TO PLAINTIFF'S INTERROGATORIES [SET TWO]** by depositing a copy

5   for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada,

6   addressed to the following:

7
          Daine Crawley, #1167447
8          Northern Nevada Correctional Center
          P.O. Box 7000
9          Carson City, Nevada 89702
          *Plaintiff, Pro Se*
10

11

12                                         *Karen A. Easton*
13                              An employee of the
                              Office of the Attorney General
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page **7** of **7**

1   AARON D. FORD
    Attorney General
2   JANET L. MERRILL (Bar No. 10736)
    Deputy Attorney General
3   State of Nevada
    Office of the Attorney General
4   555 E. Washington Ave., Ste. 3900
    Las Vegas, Nevada 89101
5   (702) 486-3370 (phone)
    Email: jmerrill@ag.nv.gov

6
    *Attorneys for Defendants*
7   *Richard Ashcraft, Charles Daniels,*
    *Kody Hollaway, Kyle Olsen,*
8   *Robert Robinson, Robert Suwe, and Brian William*

9                   **UNITED STATES DISTRICT COURT**

10                       **DISTRICT OF NEVADA**

11  DAINE CRAWLEY,                      |  Case No.  3:22-cv-00530-MMD-CSD

12              Plaintiff,

13  v.                                  |  **DEFENDANT ROBERT SUWE'S**
                                           **ANSWERS TO PLAINTIFF'S**
14  CHARLES DANIELS, *et al.*,             **INTERROGATORIES**
                                           **[SET THREE]**
15              Defendants.

16

17      Defendant Robert Suwe,[1] by and through counsel, Aaron D. Ford, Nevada Attorney

18  General, and Douglas R. Rands, Deputy Attorney General, hereby answers Plaintiff's

19  Interrogatories [Set Three], as follows[2]:

20                          **INTRODUCTION**

21      1.     Defendant is bound to comply with statutes, regulations, and protocols

22  governing the dissemination of confidential information pertaining to prison

23  administration. In preparing these answers, Defendant may not yet have discovered all

24  ───────────────────────────────
        [1] Crawley impermissibly propounded his requests to "Defendants." Multiple party
25  requests are not permissible. *Calloway v. Veal*, CIV S-09-2907 GEB, 2012 WL 929607, at
    *1 (E.D. Cal. Mar. 19, 2012) (holding that "defendants properly objected to the form of
26  plaintiff's discovery requests" that discovery rules do "not provide for joint responses by
    multiple parties").  During a meet and confer, undersigned counsel explained such to
27  Crawley. Crawley requested that Defendant Robert Suwe respond based on his personal
    experience. The answers are given based on such.
28      [2] The use of [sic] to delineate errors is not used in this document. These
    Interrogatories are typed as in the original.

such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

2.    Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.    No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.    The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers

1  prior to and at trial on the basis of additional discovery and development of facts is
2  expressly reserved.

3  ### ANSWERS TO INTERROGATORIES

4  **INTERROGATORY NO. 17:**

5   Which part of the "saturated envelope" did Mr. Suwe test.

6  **ANSWER TO INTERROGATORY NO. 17:**

7   Objection.  Interrogatory No. 17 is vague as to "test" and "envelope."  On the
8  assumption that Crawley is asking about the envelope depicted in IR-2021-WSCC-001820,
9  NDOC: 000083-000092, Defendant Suwe tested the portion of the envelope which is
10 depicted as torn off on the bottom right, back of envelope. NDOC: 000087.

11 **INTERROGATORY NO. 18:**

12  Does the "color purple" indicate false positive for MMC-International test
13 Colormetric system in regards to synthetic cannabinoids.

14 **ANSWER TO INTERROGATORY NO. 18:**

15  Objection. Interrogatory No. 18 is vague and ambiguous as to "false positive."

16  As set forth on NDOC:000088 and NDOC: 000084, purple indicates a positive.

17 While continuing to inspect the envelope, a black in color pen marking on the inner portion of the envelope,
18 appears to outline the saturated area. Due to the suspicious saturation and pen marking the location of the
    saturation, a Narcotic test was completed. While testing for Narcotics, (1) M.M.C International B.V. Synthetic
19 Cannabinoids Test Ample was used which produced a positive result. While testing a small sample of the
    saturated envelope, the ampule produced a dark blue /purple reaction in the test ampule, which indicates a
20 presumptive positive result for Synthetic Cannabinoids a.k.a. "Spice."

21

22 **INTERROGATORY NO. 19:**

23  Should a "secondary test" or "lab test" be performed to establish the validity of
24 ampule testing

25 **ANSWER TO INTERROGATORY NO. 19:**

26  Objection. Interrogatory No. 19 is vague and ambiguous as to "should," "secondary
27 test, or lab test."  Interrogatory No. 19 is argumentative.

28  Notwithstanding such, no.

**INTERROGATORY NO. 20:**

Why was the envelope on 11/10/21 not documented as "pending investigation" until 11/12/21 as related to NDOC form – 3021

**ANSWER TO INTERROGATORY NO. 20:**

Objection. Interrogatory No. 20 is vague and ambiguous as to NDOC form ·3021. Interrogatory No. 20 does not describe which envelope (the envelope mailed by Crawley, the envelope sent by Crawley).

Until Crawley clarifies the question, identifies the envelope and identifies the form, Defendant Suwe is unable to respond to this Interrogatory.

**INTERROGATORY NO. 21:**

Why did the Plaintiffs "manuscript" get mishandled for over 60 days grievance #2006-31-31630 and "tested"

**ANSWER TO INTERROGATORY NO. 21:**

Objection. Interrogatory No. 21 is vague and ambiguous as to "manuscript." "Manuscript" is not defined and has no meaning in context of the Interrogatory. This Interrogatory is argumentative and assumes facts not in evidence. Defendant Suwe did not respond to grievances relevant in this matter.

Until Crawley clarifies the question and identifies the manuscript, Defendant Suwe is unable to respond to this Interrogatory.

**INTERROGATORY NO. 22:**

State the number of grievances filed on Officer Suwe by inmates at WSCC in 2021 related to "due process violations"

**ANSWER TO INTERROGATORY NO. 22:**

Objection.  Interrogatory No. 22 is also impermissibly argumentative because it requires the adoption of the assumption that a due process violation occurred in order to answer it, which is improper. This Interrogatory is impermissibly vague as to "due process violations" which has not been defined and could be subject to multiple meanings. Interrogatory No. 22 is not proportionate to the needs of the case and there is no means by

1 | which to search grievances in the manner requested.

2 |     Based on the foregoing objections, Defendant Suwe is unable to respond to
3 | Interrogatory No. 22.

4 | **INTERROGATORY NO. 23:**

5 |     Why did Officer Suwe instruct Officer Santos to "strip search" Plaintiff Crawley on
6 | 11/28/23.

7 | **ANSWER TO INTERROGATORY NO. 23:**

8 |     Objection. Interrogatory No. 23 is irrelevant to the instant Lawsuit. Crawley filed
9 | a lawsuit Case No. 3:23-cv-000648-MMD-CLB alleging certain wrongdoing on November
10 | 28, 2023, which is entirely unrelated to any allegations in this Action. Crawley will be able
11 | to conduct the discovery in Case No. 3:23-cv-000648-MMD-CLB.

12 | **INTERROGATORY NO. 24:**

13 |     Why did LT. Ashcraft allow disciplinary proceedings to proceed when he found out
14 | SGT Robison made false statement on 11/16/21.

15 | **ANSWER TO INTERROGATORY NO. 24:**

16 |     Objection. Interrogatory No. 24 is also impermissibly argumentative because it
17 | requires the adoption of the assumption that Robinson made a false statement in order to
18 | answer it, which is improper.

19 |     Upon clarification, Crawley requested that Defendant Suwe answer his questions.
20 | Defendant Suwe was not in attendance at the disciplinary hearing.

21 | **INTERROGATORY NO. 25:**

22 |     Why did Officer Suwe avoid answering any of these Interrogatories truthfully to the
23 | best of his knowledge.

24 | **ANSWER TO INTERROGATORY NO. 25:**

25 |     Objection. Interrogatory No. 25 is also impermissibly argumentative because it
26 | requires the adoption of the assumption that Suwe has avoided answering any
27 | Interrogatories and that he answered them untruthfully. Interrogatory No. 25 is compound
28 | and fails to identify any particular interrogatory.

1    Defendant Suwe has answered all questions truthfully based on good faith

2  recollection and review of documents.

3    DATED this 26th day of January 2024.

4                                    AARON D. FORD
                                     Attorney General
5
                                     By: /s/ Janet L. Merrill
6                                    JANET L. MERRILL (Bar No. 10736)
                                     Deputy Attorney General
7
8                                    *Attorneys for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## VERIFICATION OF ROBERT SUWE

2      I, Robert Suwe, am a Defendant in the above-entitled matter. I have read the

3  foregoing Answers to Interrogatories [Set Three] and am familiar with its contents.

4  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained

5  herein are true and correct to the best of my knowledge.  I authorize my attorney Janet

6  Merrill Esq. to insert my signature electronically.

7      Executed on this 26th day of January 2024.

8

9                          *Robert Suwe*

10                         ROBERT SUWE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on January 26, 2024, I served the foregoing **DEFENDANT ROBERT SUWE'S ANSWERS TO PLAINTIFF'S INTERROGATORIES [SET THREE]** by depositing a copy for mailing in the United States Mail, first-class postage prepaid, Carson City, Nevada, addressed to the following:

Daine Crawley, #1167447
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
*Plaintiff, Pro Se*

An employee of the
Office of the Attorney General

Page 8 of 8

1  AARON D. FORD
    Attorney General
2  JANET L. MERRILL (Bar No. 10736)
    Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   Email: jmerrill@ag.nv.gov
6
   *Attorneys for Defendants*
7  *Richard Ashcraft, Charles Daniels,*
   *Kody Hollaway, Kyle Olsen,*
8  *Robert Robinson, Robert Suwe, and Brian William*

9                    **UNITED STATES DISTRICT COURT**

10                       **DISTRICT OF NEVADA**

11  DAINE CRAWLEY,                      |  Case No.  3:22-cv-00530-MMD-CSD

12                 Plaintiff,

13  v.                                     **DEFENDANT ROBERT SUWE'S**
                                           **SUPPLEMENTAL ANSWERS TO**
14  CHARLES DANIELS, *et al.*,             **PLAINTIFF'S INTERROGATORIES**
                                           **[SET THREE]**
15                 Defendants.

16

17        Defendant Robert Suwe,[1] by and through counsel, Aaron D. Ford, Nevada Attorney

18  General, and Douglas R. Rands, Deputy Attorney General, hereby provides supplemental

19  answers Plaintiff's Interrogatories [Set Three], as follows.[2]

20        **Note: The supplemented information is in bold. As set forth in his prior**

21  **answers, Defendant Suwe specifically reserved the right to supplement and/or**

22  **revise his answers.**

23                          **INTRODUCTION**

24 ―――――――――――――――――――――
          [1] Crawley impermissibly propounded his requests to "Defendants." Multiple party
25  requests are not permissible. *Calloway v. Veal*, CIV S-09-2907 GEB, 2012 WL 929607, at
   *1 (E.D. Cal. Mar. 19, 2012) (holding that "defendants properly objected to the form of
26  plaintiff's discovery requests" that discovery rules do "not provide for joint responses by
   multiple parties").  During a meet and confer, undersigned counsel explained such to
27  Crawley.  Crawley requested that Defendant Robert Suwe respond based on his personal
   experience. The answers are given based on such.
28        [2] The use of [sic] to delineate errors is not used in this document. These
   Interrogatories are typed as in the original.

1.     Defendant is bound to comply with statutes, regulations, and protocols governing the dissemination of confidential information pertaining to prison administration. In preparing these answers, Defendant may not yet have discovered all such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

2.     Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.     No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.     The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The

information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 17:**

Which part of the "saturated envelope" did Mr. Suwe test.

**ANSWER TO INTERROGATORY NO. 17:**

Objection.  Interrogatory No. 17 is vague as to "test" and "envelope."  On the assumption that Crawley is asking about the envelope depicted in IR-2021-WSCC-001820, NDOC: 000083-000092, Defendant Suwe tested the portion of the envelope which is depicted as torn off on the bottom right, back of envelope. NDOC: 000087.

**INTERROGATORY NO. 18:**

Does the "color purple" indicate false positive for MMC-International test Colormetric system in regards to synthetic cannabinoids.

**ANSWER TO INTERROGATORY NO. 18:**

Objection. Interrogatory No. 18 is vague and ambiguous as to "false positive."

As set forth on NDOC:000088 and NDOC: 000084, purple indicates a positive.

While continuing to inspect the envelope, a black in color pen marking on the inner portion of the envelope, appears to outline the saturated area. Due to the suspicious saturation and pen marking the location of the saturation, a Narcotic test was completed.  While testing for Narcotics, (1) M.M.C International B.V. Synthetic Cannabinoids Test Ampule was used which produced a positive result. While testing a small sample of the saturated envelope, the ampule produced a dark blue /purple reaction in the test ampule, which indicates a presumptive positive result for Synthetic Cannabinoids a.k.a. "Spice."

**INTERROGATORY NO. 19:**

Should a "secondary test" or "lab test" be performed to establish the validity of ampule testing.

///

1  **ANSWER TO INTERROGATORY NO. 19:**

2  Objection. Interrogatory No. 19 is vague and ambiguous as to "should," "secondary

3  test, or "lab test."  Interrogatory No. 19 is argumentative.

4  Notwithstanding such, no.

5  **INTERROGATORY NO. 20:**

6  Why was the envelope on 11/10/21 not documented as "pending investigation" until

7  11/12/21 as related to NDOC form – 3021.

8  **ANSWER TO INTERROGATORY NO. 20:**

9  Objection. Interrogatory No. 20 is vague and ambiguous as to NDOC form -3021.

10  Interrogatory No. 20 does not describe which envelope (the envelope mailed by Crawley,

11  the envelope sent by Crawley).

12  Until Crawley clarifies the question, identifies the envelope and identifies the form,

13  Defendant Suwe is unable to respond to this Interrogatory.

14  **INTERROGATORY NO. 21:**

15  Why did the Plaintiffs "manuscript" get mishandled for over 60 days grievance

16  #2006-31-31630 and "tested"

17  **ANSWER TO INTERROGATORY NO. 21:**

18  Objection. Interrogatory No. 21 is vague and ambiguous as to "manuscript."

19  "Manuscript" is not defined and has no meaning in context of the Interrogatory.  This

20  Interrogatory is argumentative and assumes facts not in evidence. Defendant Suwe did not

21  respond to grievances relevant in this matter.

22  Until Crawley clarifies the question and identifies the manuscript, Defendant Suwe

23  is unable to respond to this Interrogatory.

24  **INTERROGATORY NO. 22:**

25  State the number of grievances filed on Officer Suwe by inmates at WSCC in 2021

26  related to "due process violations".

27  **ANSWER TO INTERROGATORY NO. 22:**

28  Objection.  Interrogatory No. 22 is also impermissibly argumentative because it

requires the adoption of the assumption that a due process violation occurred in order to answer it, which is improper. This Interrogatory is impermissibly vague as to "due process violations" which has not been defined and could be subject to multiple meanings. Interrogatory No. 22 is not proportionate to the needs of the case and there is no means by which to search grievances in the manner requested.

Based on the foregoing objections, Defendant Suwe is unable to respond to Interrogatory No. 22.

**INTERROGATORY NO. 23:**

Why did Officer Suwe instruct Officer Santos to "strip search" Plaintiff Crawley on 11/28/23.

**ANSWER TO INTERROGATORY NO. 23:**

Objection. Interrogatory No. 23 is irrelevant to the instant Lawsuit. Crawley filed a lawsuit Case No. 3:23-cv-000648-MMD-CLB alleging certain wrongdoing on November 28, 2023, which is entirely unrelated to any allegations in this Action. Crawley will be able to conduct the discovery in Case No. 3:23-cv-000648-MMD-CLB.

**INTERROGATORY NO. 24:**

Why did LT. Ashcraft allow disciplinary proceedings to proceed when he found out SGT Robison made false statement on 11/16/21.

**ANSWER TO INTERROGATORY NO. 24:**

Objection. Interrogatory No. 24 is also impermissibly argumentative because it requires the adoption of the assumption that Robinson made a false statement in order to answer it, which is improper.

Upon clarification, Crawley requested that Defendant Suwe answer his questions. Defendant Suwe was not in attendance at the **preliminary hearing.** ***See also*** **Defendant Richard Ashcraft's answer to Interrogatory No. 1.**

**INTERROGATORY NO. 25:**

Why did Officer Suwe avoid answering any of these Interrogatories truthfully to the best of his knowledge.

1 | **ANSWER TO INTERROGATORY NO. 25:**

2 |     Objection. Interrogatory No. 25 is also impermissibly argumentative because it

3 | requires the adoption of the assumption that Suwe has avoided answering any

4 | Interrogatories and that he answered them untruthfully. Interrogatory No. 25 is compound

5 | and fails to identify any particular interrogatory.

6 |     Defendant Suwe has answered all questions truthfully based on good faith

7 | recollection and review of documents.

8 |     DATED this 13th day of March 2024.

9 |                     **AARON D. FORD**
Attorney General

By: */s/ Janet L. Merrill*
     JANET L. MERRILL (Bar No. 10736)
     Deputy Attorney General

*Attorneys for Defendants*

## VERIFICATION OF ROBERT SUWE

I, Robert Suwe, am a Defendant in the above-entitled matter. I have read the foregoing Supplemental Answers to Interrogatories [Set Three] and am familiar with its contents. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein are true and correct to the best of my knowledge. I authorize my attorney Janet Merrill Esq. to insert my signature electronically.

Executed on this 13th day of March 2024.


*Robert Suwe*
ROBERT SUWE

1

## CERTIFICATE OF SERVICE

2      I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3   and that on March 13, 2024, I served the foregoing **DEFENDANT ROBERT SUWE'S**

4   **SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES [SET**

5   **THREE]** by depositing a copy for mailing in the United States Mail, first-class postage

6   prepaid, Carson City, Nevada, addressed to the following:

7

8      Daine Crawley, #1167447
       Northern Nevada Correctional Center
9      P.O. Box 7000
       Carson City, Nevada 89702
10     *Plaintiff, Pro Se*

11

12

13     _____
       An employee of the
14     Office of the Attorney General

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  AARON D. FORD
   Attorney General
2  JANET L. MERRILL (Bar No. 10736)
   Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
   *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robinson, Robert Suwe, and Brian Williams*

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF NEVADA

11  DAINE CRAWLEY,                    Case No. 3:22-cv-00530-MMD-CSD

12              Plaintiff,
                                      DEFENDANT ROBERT SUWE'S
13  v.                                RESPONSES TO PLAINTIFF'S
                                      REQUEST FOR ADMISSION
14  CHARLES DANIELS, *et al.*,        [SET ONE]

15              Defendants.

16

17        Defendant Robert Suwe, by and through counsel, Aaron D. Ford, Nevada Attorney

18  General, and Janet L. Merrill, Deputy Attorney General, hereby answers Plaintiff's

19  Requests for Admission [Set One], as follows.

20        Plaintiff issued his requests to "Defendants." However, multiple party requests are

21  not permissible. *Calloway v. Veal*, CIV S-09-2907 GEB, 2012 WL 929607, at *1 (E.D. Cal.

22  Mar. 19, 2012) (holding that "defendants properly objected to the form of plaintiff's

23  discovery requests" that discovery rules do "not provide for joint responses by multiple

24  parties"). Thus, Defendant Robert Suwe (and Robert Suwe alone) responds to Plaintiff's

25  requests.

26                          INTRODUCTION

27        1.    Defendant is bound to comply with statutes, regulations, and protocols

28  governing  the  dissemination  of  confidential  information  pertaining  to  prison

                              Page 1 of 9

administration. In preparing these responses, Defendant may not yet have discovered all such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

2.     Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.     No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.     The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this

1  time but is subject to correction for inadvertent errors or omissions, if any errors or
2  omissions are later found to exist. The right to supplement, modify, or correct these
3  responses prior to and at trial on the basis of additional discovery and development of facts
4  is expressly reserved.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

7  Admit that "substance testing was not done" on November 16th, 2021 as stated by
8  Robert Robison?

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

10  Objection. Plaintiff does not identify any specific document or statement by
11  Defendant Robert Robison. The Request is vague as to whether the statement was made
12  on November 16, 2021 or whether the testing was not done on November 16, 2021. When
13  Plaintiff clarifies his request (*i.e.* the date of statement or document in which a statement
14  was made), Defendant Robert Suwe or a different named Defendant will respond
15  accordingly.  Plaintiff's admissions which are directed at "Defendants" as a group are
16  improper. Future requests should be directed to **one** specifically named Defendant.

17  In answering the requests herein and supplement requests, Defendant Robert Suwe
18  has undertaken a reasonable inquiry.

19  Until such time as Plaintiff clarifies his Request, Defendant Robert Suwe is unable
20  to admit or deny and thus, unable to answer the question.

21  Defendant Robert Suwe refers Plaintiff to his response to Interrogatory No. 11 which
22  describes certain testing done on October 13, 2021.

**REQUEST FOR ADMISSION NO. 2:**

24  Admit that "No evidence or pictures" were produced to Mr. Crawley for OIC #502792
25  IR# IR-2021-WSCC-001993.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

27  Objection.  Request for Admission No. 2 does not identify any date, time or
28  circumstances upon which to admit or deny Request for Admission No. 2.

Defendant Robert Suwe is informed and believes that OIC #502792 and report IR-2021-WSCC-001993 relates to mail written and sent as outgoing mail by Plaintiff and having drafted the outgoing mail, Plaintiff should be familiar with it.

If Plaintiff clarifies his request, Defendant Robert Suwe will respond accordingly. Until such time, Defendant Robert Suwe is unable to admit or deny and thus denies the admission.

**REQUEST FOR ADMISSION NO. 3:**

Admit that "No evidence or pictures" were ever produced to Mr. Crawley for OIC #501633 IR# IR-2021-WSCC-001820.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection. Request for Admission No. 2 does not identify any date, time or circumstances upon which to admit or deny Request for Admission No. 3. If Plaintiff clarifies his request, Defendant Robert Suwe will respond accordingly. Until such time, Defendant Robert Suwe is unable to admit or deny and thus must deny the admission.

**REQUEST FOR ADMISSION NO. 4:**

Admit that if any pictures were given to Mr. Crawley per AR 740 (as it pertains to appeal of disciplinary), Mr. Crawley would have been required to attached said pictures to each appeal grievance(s).

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection. Request for Admission No. 4 creates a hypothetical which is impermissible and irrelevant to the litigation. Request for Admission No. 4 does not include a reference to any specific grievance or appeal.

Based on the objections, Defendant Robert Suwe is unable to admit or deny the Request and as such basis, denies the Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that SGT Robison made a false statement during November 16th, 2021 preliminary hearing regarding "substance testing done."

///

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection. Request for Admission No. 5 is vague and ambiguous as to "substance testing done" and on what. If Plaintiff clarifies his request, Defendant Robert Suwe will respond accordingly.  Until such time, Defendant Robert Suwe is unable to admit or deny and thus denies the request.

*See also* Response to Request for Admission No. 2.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Mr. Crawley had never had a disciplinary infraction related to MJ53 or MJ31 prior to the incidents in 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection.  Request for Admission No. 6 is vague and ambiguous as to "infraction." Defendant Robert Suwe is unable to interpret whether Plaintiff intends to ask about a charge or a finding of guilt. Defendants' disclosures include Plaintiff's disciplinary history as NDOC: 000016-000019.  Based on review of the report, Defendant Robert Suwe denies Request No. 6. See NDOC: 000018 (MJ53 charged but ultimately dismissed).

**REQUEST FOR ADMISSION NO. 7:**

Admit that "no secondary" lab test was ever conducted to establish the validity of MMC international ampule test.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection.  Request for Admission No. 7 is vague and ambiguous of "secondary." Defendants' disclosures include information regarding the test and company who manufactures the test at NDOC: 000061 to 60.  The completed testing is described in IR-2021-WSCC-001820.

If Plaintiff clarifies his request, Defendant will respond accordingly.  Until such time, Defendant Robert Suwe is unable to admit or deny and thus is unable to answer the request.  To the extent Plaintiff is asking if a second test was done on the original sample, Defendants Robert Suwe refers Plaintiff to his answer to Interrogatory No. 5 (Second Set), stating that Defendant Robert Suwe completed testing on October 13, 2021.

**REQUEST FOR ADMISSION NO. 8:**

Admit that these MMC ampule tests create false positives under certain circumstances.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Objection. Request for Admission No. 8 assumes facts in evidence and is unlimited in time, type of test and substance. The Request is an impermissible hypothetical. The Request is compound as to "tests" and does not describe any test with reasonable particularity. Defendants' disclosures include the manufacturer's specifications for the various tests. MMC International BV information, NDOC: 000061-000082.

If Plaintiff clarifies his request, Defendant Robert Suwe will respond accordingly. Until such time, Defendant Robert Suwe is unable to admit or deny and thus denies the Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Senior Officer Hollaway did not "utilize NIK Test" for all of 2021 as stated by grievance #20063129599 responder.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Objection. Request for Admission No. 9 is not proportionate to the litigation at issue. Tests done relating to other inmates and charges are not relevant.

If Plaintiff clarifies his request, Defendant Robert Suwe will respond accordingly. Until such time, Defendant Robert Suwe is unable to admit or deny and thus denies the Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that retaliation ensued as a result of these incidents in question.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Objection. Request for Admission No. 10 does not contain any time period, individual or description of alleged retaliation. The Request is compound as to incidents and as propounded on "Defendants" as to individuals.

Notwithstanding these objections, Defendant Robert Suwe denies this Request.

1 | **REQUEST FOR ADMISSION NO. 11:**

2 | Admit that Officer(s) Suwe, Robison, and Ashcraft have already defaulted a recent

3 | Tort claim in Carson District Court related to this matter.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

5 | Objection. Request for Admission No. 11 impermissibly calls for a legal question and

6 | is unclear as to "already."

7 | To the extent Plaintiff is referring to a filing entered in Case No. 22 OC 000095 1B,

8 | Defendant Suwe refers Plaintiff to the document itself. Judicial notice can be taken of the

9 | document. Defendant Suwe has no basis to deny the authenticity of a court document.

10 | Based on the ambiguity of "already" and foregoing objections, Defendant Suwe is

11 | unable to admit or deny the Request and on that basis, denies Plaintiff's request.

12 | **REQUEST FOR ADMISSION NO. 12:**

13 | Admit that Officer(s) Suwe, Robison and Ashcraft all falsified evidence/reports to

14 | obtain the desired outcome of both incidents in question.

15 | **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

16 | Objection. Request for Admission No. 12 is compound and vague and ambiguous as

17 | to "both incidents in question." The Request assumes facts not in evidence.

18 | Notwithstanding such and based on review of the records, Defendant Robert Suwe

19 | denies this Request.

20 | **REQUEST FOR ADMISSION NO. 13:**

21 | Admit that neither grievance(s) 20063130317 or grievance #20063129599 were ever

22 | taken seriously after the first level.

23 | ///

24 | ///

25 | ///

26 | //

27 | ///

28 | ///

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

2      Objection.  Request for Admission No. 12 is compound and vague and ambiguous as

3  to "taken seriously."

4      Notwithstanding such and based on review of the records, Defendant Robert Suwe

5  denies this Request.

6      DATED this 15th day of December 2023.

7                              AARON D. FORD
                               Attorney General
8
                               By: /s/ Janet L. Merrill
9                                  JANET L. MERRILL (Bar No. 10736)
                                   Deputy Attorney General
10
11                                 *Attorneys for Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 8 of 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on December 15, 2023, I served the foregoing **DEFENDANT ROBERT SUWE'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION [SET ONE]** by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada, addressed to the following:

Daine Crawley, #1167447
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
*Plaintiff, Pro Se*

*Karen A. Easton*
An employee of the
Office of the Attorney General

Page 9 of 9

1  AARON D. FORD
     Attorney General
2  JANET L. MERRILL (Bar No. 10736)
     Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
   *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robinson, Robert Suwe, and Brian Williams*

9               **UNITED STATES DISTRICT COURT**

10                 **DISTRICT OF NEVADA**

11 DAINE CRAWLEY,                    | Case No.  3:22-cv-00530-MMD-CSD

12           Plaintiff,

13 v.                                | **DEFENDANT ROBERT SUWE'S**
                                       **RESPONSES TO PLAINTIFF'S**
14 CHARLES DANIELS, *et al.*,          **REQUESTS FOR ADMISSION**
                                       **[SET TWO]**
15           Defendants.

16

17       Defendant Robert Suwe, by and through counsel, Aaron D. Ford, Nevada Attorney

18 General, and Janet L. Merrill, Deputy Attorney General, hereby answers Plaintiff's

19 Requests for Admission [Set One], as follows.

20       Plaintiff issued his requests to "Defendants." However, multiple party requests are

21 not permissible. *Calloway v. Veal,* CIV S-09-2907 GEB, 2012 WL 929607, at *1 (E.D. Cal.

22 Mar. 19, 2012) (holding that "defendants properly objected to the form of plaintiff's

23 discovery requests" that discovery rules do "not provide for joint responses by multiple

24 parties"). Thus, Defendant Robert Suwe (and Robert Suwe alone) responds to Plaintiff's

25 requests.

26                      **INTRODUCTION**

27       1.    Defendant is bound to comply with statutes, regulations, and protocols

28 governing  the  dissemination  of  confidential  information  pertaining  to  prison

administration. In preparing these responses, Defendant may not yet have discovered all such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

2.     Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.     No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.     The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this

time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1 [NO. 14]:**

Admit that a "default Judgment" was already entered against Defendants Suwe, Robison, and Ashcraft in the first Judicial District Court of the State of Nevada Case No. 22 oc 00095 1B on October 30, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection. Request for Admission No. 1 impermissibly calls for a legal question and is unclear as to "already entered."

To the extent Plaintiff is referring to a Judgement entered in Case No. 22 OC 000095 1B, Defendant Suwe refers Plaintiff to the document itself. Judicial notice can be taken of the document. Defendant Suwe has no basis to deny the authenticity of a court document.

Given the ambiguity of "already entered" and the foregoing objections, Defendant Robert Suwe is unable to admit or deny the request and as such, denies Plaintiff's request.

**REQUEST FOR ADMISSION NO. 2 [NO. 15]:**

Admit that the mail dated November 10th, 2021 contained "legal documents" along with previous write-up for IR-2021-WSCC-001820.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection. Request for Admission No. 2 is vague and ambiguous as to "previous write-up." The Request is vague as to "mail dated November 10, 2021." The Request is compound including mail dated November 10, 2021, and an unidentified writeup.

Given the foregoing objections, Defendant Suwe denies Plaintiff's request. Based on a review of records, Defendant Robert Suwe denies that Plaintiff's outgoing mail described in IR-2021-WSCC-001993 was legal correspondence as Plaintiff's outgoing mail

1  was addressed to Ms. Autumn Avirette, an individual who is not an attorney nor employed

2  by a law firm.

3  **REQUEST FOR ADMISSION NO. 3 [NO. 16]:**

4      Admit that the phone conversations are merely taken out of context, and never

5  contain the word "spice" or "synthetic cannabinoids."

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

7      Objection. Request for Admission No. 3 is vague and ambiguous as to "taken out of

8  context." The Request does not identify which particular phone conversation or

9  conversations are at issue and is an impermissibly compound.

10      Based on the foregoing objections, Defendant Robert Suwe is unable to admit or deny

11  the request and as such denies the Request.

12  **REQUEST FOR ADMISSION NO. 4 [NO. 17]:**

13      Admit that "No Lab Test" or "Ampule Test" was ever performed on any piece of

14  outgoing correspondence.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

16      Objection. Request for Admission No. 4 is vague and overbroad as to "any piece of

17  outgoing correspondence." The Request is vague as to "lab test."

18      Notwithstanding the foregoing objections, Defendant Robert Suwe admits that he

19  did not conduct testing on Plaintiff's outgoing mail addressed to Ms. Autumn Avirette and

20  which is depicted in IR-2021-WSCC-001993, NDOC: 000093-000100.

21  **REQUEST FOR ADMISSION NO. 5 [NO. 18]:**

22      Admit that the "First Supplement to initial list of witnesses and documents"

23  provided by defendants dated November 8th, 2023 is the "first" time any evidence related

24  to either incident in question was provided to Plaintiff.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

26      Objection.  Request for Admission No. 5 is compound. Defendants' First

27  Supplemental Disclosure contained two reports. The Request is vague and ambiguous as

28  to "first time," "any evidence" and "provided to plaintiff."

1    Based on the foregoing objections, Defendant Robert Suwe is unable to admit or deny

2  the request and as such denies the Request.

3    DATED this 15th day of December 2023.

4    AARON D. FORD
     Attorney General
5
6    By: */s/ Janet L. Merrill*
         JANET L. MERRILL (Bar No. 10736)
7        Deputy Attorney General

8        *Attorneys for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on December 15, 2023, I served the foregoing **DEFENDANT ROBERT SUWE'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION [SET TWO]** by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada, addressed to the following:

Daine Crawley, #1167447
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
*Plaintiff, Pro Se*

*Karen A. Easton*
An employee of the
Office of the Attorney General

Page 6 of 6

1  AARON D. FORD
   Attorney General
2  JANET L. MERRILL (Bar No. 10736)
   Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
   *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robinson, Robert Suwe, and Brian Williams*

9              UNITED STATES DISTRICT COURT

10                 DISTRICT OF NEVADA

11  DAINE CRAWLEY,                    Case No. 3:22-cv-00530-MMD-CSD

12              Plaintiff,
                                      **DEFENDANT SUWE'S RESPONSES**
13  v.                                **TO PLAINTIFF'S REQUEST FOR**
                                      **ADMISSION**
14  CHARLES DANIELS, *et al.*,        **[SET THREE]**

15              Defendants.

16

17      Defendant Robert Suwe,[1] by and through counsel, Aaron D. Ford, Nevada Attorney

18  General, and Janet L. Merrill, Deputy Attorney General, hereby responds Plaintiff's

19  Request for Admission [Set Three], as follows[2]:

20                        **INTRODUCTION**

21      1.    Defendant is bound to comply with statutes, regulations, and protocols

22  governing the dissemination of confidential information pertaining to prison

23  administration. In preparing these responses, Defendant may not yet have discovered all

24      _____
        [1] Crawley impermissibly propounded his requests to "Defendants." Multiple party
25  requests are not permissible. *Calloway v. Veal*, CIV S-09-2907 GEB, 2012 WL 929607, at
    *1 (E.D. Cal. Mar. 19, 2012) (holding that "defendants properly objected to the form of
26  plaintiff's discovery requests" that discovery rules do "not provide for joint responses by
    multiple parties"). During a meet and confer, undersigned counsel explained such to
27  Crawley. Crawley requested that Defendant Robert Suwe respond based on his personal
    experience. The answers are given based on such.
28      [2] The use of [sic] to delineate errors is not used in this document. These
    Interrogatories are typed as in the original.

1   such bases of confidentiality upon which to interpose an objection to a discovery request
2   presented herein. Accordingly, Defendant reserves the right to assert additional bases of
3   confidentiality at a later time, when the applicability to the discovery request is realized.

4       2.    Defendant has not fully completed his/her investigation of the facts related to
5   this case, has not completed this discovery, or completed preparation for trial. All responses
6   contained herein are based solely upon such information and documentation as are
7   presently available to, and physically known to, Defendant. As such, this responding
8   Defendant discloses only that information or those documents that he presently has or is
9   authorized to access. These responses are hereby given with the understanding that
10  Defendant reserves the right to revise or amend them as facts or documents become
11  subsequently known. It is anticipated that further discovery, investigation, research, and
12  analysis will supply additional facts and documents, in addition to known facts and
13  documents, as well as may establish entirely new factual conclusions and legal contentions,
14  all of which may lead to additions to, changes in, or variations from, the responses below
15  set forth.

16      3.    No incidental or implied admissions will be made by these responses to
17  Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any
18  Request for Admission or any part thereof shall not be deemed an admission that
19  Defendant accepts or admits the existence of any fact set forth or assumed by such Request
20  for Admission, or that such responses constitute admissible evidence. The fact that
21  Defendant responds to part of any Request for Admission is not to be deemed a waiver by
22  Defendant of his objections, including privilege, to other parts to such Request for
23  Admission.

24      4.    The following responses are given without prejudice to Defendant's right to
25  produce, at a subsequent time, including at time of trial, all subsequently discovered
26  evidence relating to the proof of presently known or subsequently discovered facts. The
27  information set forth below is true and correct to the best of Defendant's knowledge at this
28  time but is subject to correction for inadvertent errors or omissions, if any errors or

1   omissions are later found to exist. The right to supplement, modify, or correct these
2   responses prior to and at trial on the basis of additional discovery and development of facts
3   is expressly reserved.

4   ## RESPONSES TO REQUESTS FOR ADMISSION

5   **REQUEST FOR ADMISSION NO. 19:**

6   Admit that the Procedures during the disciplinary hearing (#9 on page 9 of Inmate
7   Disciplinary Manual Subsection 1 and 2) were never addressed at either disciplinary
8   hearing despite Plaintiff's request to review any and all evidence related to OIC# 502791
9   IR# IR-2021-WSCC-001993.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

11  Objection. Request No. 19 is impermissibly compound as in "either disciplinary
12  hearing." As set forth in Footnote #1 and upon clarification, Crawley requested that
13  Defendant Suwe answer his questions. Defendant Suwe was not in attendance at either
14  hearing.

15  Notwithstanding such, deny.

16  **REQUEST FOR ADMISSION NO. 20:**

17  Admit that "No pictures" or any factual evidence was ever presented for OIC #502792
18  IR# 2021-WSCC-001993 during the disciplinary hearing on 12/15/21.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

20  Objection. Request No. 20 is impermissibly compound. Upon clarification, Crawley
21  requested that Defendant Suwe answer his questions. Defendant Suwe was not in
22  attendance at either hearing.

23  Notwithstanding such, deny.

24  **REQUEST FOR ADMISSION NO. 21:**

25  Admit that LT. Ashcraft relied on SGT. Robinson's statement of "substance Testing
26  done" to fine Plaintiff guilty even though no such testing was performed in relation to OIC
27  #502792 IR# IR-2021-WSCC-001993.

28  ///

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Objection.  Upon clarification, Crawley requested that Defendant Suwe answer his questions.  Defendant Suwe was not in attendance at either hearing.

Notwithstanding such, deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that only "one ampule" test was conducted on mail from October 13th, 2021 OIC# #501633 IR# IR-2021-WSCC-001820, "no lab test" was ever performed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Objection. Request No. 22 is impermissibly compound and misstates the record.  The Request is vague and ambiguous as "no lab test" and contradictory.  Request No. 22 is also impermissibly vague due to the words, "test," "lab,' and "on mail," which have not been defined and could be subject to multiple meanings leading to an assumption on part the Defendant, which is improper.

Notwithstanding such, Defendant Suwe admits that an ampule test was done on the envelope identified in IR-2021-WSCC-001820 and denies that no lab test was performed. IR-2021-WSCC-001820 specifically describes the testing.

**REQUEST FOR ADMISSION NO. 23:**

Admit that some amount of "due process violations" have occurred in relation to OIC# 502792. IR# 2021-WSCC-001993.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Objection. Request No. 23 is impermissibly vague as to "some amount."  Request No. 23 is also impermissibly argumentative because it requires the adoption of the assumption that a due process violation occurred in order to answer it, which is improper. This Request is impermissibly vague as to "due process violations" which has not been defined and could be subject to multiple meanings.  Upon clarification, Crawley requested that Defendant Suwe answer his questions.  Defendant Suwe was not in attendance at either hearing.

Notwithstanding such, deny.

///

**REQUEST FOR ADMISSION NO. 25:**

Admit that Deputy Director Gittere made false statement in reference 1/17/2023 second level response "the Nik Test has been utilized by Senior Correctional Officer Hollaway for all of 2021."

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Objection. This Request is inaccurate in reference to Deputy Director Gittere. The writing (the grievance response speaks for itself) impermissibly vague as to "some amount." Request No. 25 is also impermissibly argumentative given that the requires the adoption of the assumption that Deputy Director Gittere made a false statement in order to answer, which is improper. Upon clarification, Crawley requested that Defendant Suwe answer his questions. Defendant Suwe was not in attendance at either hearing.

Notwithstanding such, Defendant Suwe admits that no Nik Test was done on the envelope identified in IR-2021-WSCC-001820.

DATED this 26th day of January 2024.

AARON D. FORD
Attorney General

By: */s/ Janet L. Merrill*
JANET L. MERRILL (Bar No. 10736)
Deputy Attorney General

*Attorneys for Defendants*

1

## CERTIFICATE OF SERVICE

2        I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3   and that on January 26, 2024, I served the foregoing, **DEFENDANT SUWE'S**

4   **RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET THREE,]** by

5   depositing a copy for mailing in the United States Mail, first-class postage prepaid, Carson

6   City, Nevada, addressed to the following:

7

8   Daine Crawley, #1167447
     Northern Nevada Correctional Center

9   P.O. Box 7000
     Carson City, Nevada 89702

10  *Plaintiff, Pro Se*

11

12

13                                    An employee of the
                                      Office of the Attorney General

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AARON D. FORD
 Attorney General
JANET L. MERRILL (Bar No. 10736)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3370 (phone)
(702) 486-3773 (fax)
Email: jmerrill@ag.nv.gov

*Attorneys for Defendants Richard Ashcraft,
Charles Daniels, Kody Hollaway, Kyle Olsen,
Robert Robinson, Robert Suwe, and Brian Williams*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| DAINE CRAWLEY, | Case No. 3:22-cv-00530-MMD-CSD |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT SUWE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET THREE]** |
| CHARLES DANIELS, *et al.*, | |
| Defendants. | |

Defendant Robert Suwe,[1] by and through counsel, Aaron D. Ford, Nevada Attorney General, and Janet L. Merrill, Deputy Attorney General, hereby provides supplemental responses Plaintiff's Request for Admission [Set Three], as follows.[2]

**Note: The supplemented information is in bold. Further, the supplemental information relates only to the objections. No answers have been changed.**

///

///

---

[1] Crawley impermissibly propounded his requests to "Defendants." Multiple party requests are not permissible. *Calloway v. Veal*, CIV S-09-2907 GEB, 2012 WL 929607, at *1 (E.D. Cal. Mar. 19, 2012) (holding that "defendants properly objected to the form of plaintiff's discovery requests" that discovery rules do "not provide for joint responses by multiple parties"). During a meet and confer, undersigned counsel explained such to Crawley. Crawley requested that Defendant Robert Suwe respond based on his personal experience. The answers are given based on such.
[2] The use of [sic] to delineate errors is not used in this document. These Interrogatories are typed as in the original.

# INTRODUCTION

1.     Defendant is bound to comply with statutes, regulations, and protocols governing the dissemination of confidential information pertaining to prison administration. In preparing these responses, Defendant may not yet have discovered all such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

2.     Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.     No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.     The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 19:**

Admit that the Procedures during the disciplinary hearing (#9 on page 9 of Inmate Disciplinary Manual Subsection 1 and 2) were never addressed at either disciplinary hearing despite Plaintiff's request to review any and all evidence related to OIC# 502791 IR# IR-2021-WSCC-001993.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Objection.   Request No. 19 is impermissibly compound as in "either disciplinary hearing." As set forth in Footnote #1 and upon clarification, Crawley requested that Defendant Suwe answer his questions.  **Defendant Suwe was in attendance at the hearing conducted on December 15, 2021.**

Notwithstanding such, deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that "No pictures" or any factual evidence was ever presented for OIC #502792 IR# 2021-WSCC-001993 during the disciplinary hearing on 12/15/21.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Objection.  Request No. 20 is impermissibly compound.  Upon clarification, Crawley requested that Defendant Suwe answer his questions.  **Defendant Suwe was in attendance at the hearing conducted on December 15, 2021.**

///

1  Notwithstanding such, deny.

2  **REQUEST FOR ADMISSION NO. 21:**

3  Admit that LT. Ashcraft relied on SGT. Robinson's statement of "substance Testing

4  done" to fine Plaintiff guilty even though no such testing was performed in relation to OIC

5  #502792 IR# IR-2021-WSCC-001993.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

7  Objection. Upon clarification, Crawley requested that Defendant Suwe answer his

8  questions. Defendant Suwe was in attendance at the hearing conducted on

9  December 15, 2021.

10  Notwithstanding such, deny.

11  **REQUEST FOR ADMISSION NO. 22:**

12  Admit that only "one ampule" test was conducted on mail from October 13th, 2021

13  OIC# #501633 IR# IR-2021-WSCC-001820, "no lab test" was ever performed.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

15  Objection. Request No. 22 is impermissibly compound and misstates the record. The

16  Request is vague and ambiguous as "no lab test" and contradictory. Request No. 22 is also

17  impermissibly vague due to the words, "test," "lab,' and "on mail," which have not been

18  defined and could be subject to multiple meanings leading to an assumption on part the

19  Defendant, which is improper.

20  Notwithstanding such, Defendant Suwe admits that an ampule test was done on the

21  envelope identified in IR-2021-WSCC-001820 and denies that no lab test was performed.

22  IR-2021-WSCC-001820 specifically describes the testing.

23  **REQUEST FOR ADMISSION NO. 23:**

24  Admit that some amount of "due process violations" have occurred in relation to

25  OIC# 502792. IR# 2021-WSCC-001993.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

27  Objection. Request No. 23 is impermissibly vague as to "some amount." Request No.

28  23 is also impermissibly argumentative because it requires the adoption of the assumption

that a due process violation occurred in order to answer it, which is improper. This Request is impermissibly vague as to "due process violations" which has not been defined and could be subject to multiple meanings.  Upon clarification, Crawley requested that Defendant Suwe answer his questions.  **Defendant Suwe was in attendance at the hearing conducted on December 15, 2021.**

Notwithstanding such, deny.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Deputy Director Gittere made false statement in reference 1/17/2023 second level response "the Nik Test has been utilized by Senior Correctional Officer Hollaway for all of 2021."

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Objection.  This Request is inaccurate in reference to Deputy Director Gittere. Request No. 25 is also impermissibly argumentative given that the requires the adoption of the assumption that Deputy Director Gittere made a false statement in order to answer, which is improper.  Upon clarification, Crawley requested that Defendant Suwe answer his questions.  **Defendant Suwe was in attendance at the hearing conducted on December 15, 2021.**

Notwithstanding such, Defendant Suwe admits that no Nik Test was done on the envelope identified in IR-2021-WSCC-001820.

DATED this 13th day of March 2024.

AARON D. FORD
Attorney General

By: /s/ Janet L. Merrill
JANET L. MERRILL (Bar No. 10736)
Deputy Attorney General

*Attorneys for Defendants*

1

**CERTIFICATE OF SERVICE**

2      I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3  and that on March 13, 2024, I served the foregoing, **DEFENDANT SUWE'S**

4  **SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION**

5  **[SET THREE,]** by depositing a copy for mailing in the United States Mail, first-class

6  postage prepaid, Carson City, Nevada, addressed to the following:

7

8      Daine Crawley, #1167447
       Northern Nevada Correctional Center
9      P.O. Box 7000
       Carson City, Nevada 89702
10     *Plaintiff, Pro Se*

11

12

13      _____
        An employee of the
14      Office of the Attorney General

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  AARON D. FORD
   Attorney General
2  JANET L. MERRILL (Bar No. 10736)
   Senior Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
   *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robison, Robert Suwe, and Brian Williams*

9              **UNITED STATES DISTRICT COURT**

10                **DISTRICT OF NEVADA**

11  DAINE CRAWLEY,                    Case No.  3:22-cv-00530-MMD-CSD

12              Plaintiff,

13  v.                                **DEFENDANT RICHARD**
                                      **ASHCRAFT'S ANSWERS TO**
                                      **PLAINTIFF'S INTERROGATORIES**
14  CHARLES DANIELS, *et al.*,            **[SET ONE]**

15              . Defendants.

16

17         Defendant Richard Ashcraft, by and through counsel, Aaron D. Ford, Nevada

18  Attorney General, and Douglas R. Rands, Deputy Attorney General, hereby answers

19  Plaintiff's Interrogatories [Set One], as follows[1]:

20                      **INTRODUCTION**

21         1.    Defendant is bound to comply with statutes, regulations, and protocols

22  governing the dissemination of confidential information pertaining to prison

23  administration. In preparing these answers, Defendant may not yet have discovered all

24  such bases of confidentiality upon which to interpose an objection to a discovery request

25  presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26  confidentiality at a later time, when the applicability to the discovery request is realized.

27  _____

28      [1] The use of [sic] to delineate errors is not used in this document. These
    Interrogatories are typed as in the original.

2.     Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.     No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.     The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

///

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Why did you allow the hearing for OIC# 502792 to proceed if you knew Robison made false statement regarding testing done?

**ANSWER TO INTERROGATORY NO. 1:**

Objection. Interrogatory No. 2 is argumentative, irrelevant and assumes facts not in evidence.

Subject to the objections, Defendant responds that the disciplinary proceeding was completed properly, and Crawley was given all necessary information. The hearing was continued, and Crawley was given a full explanation regarding the statements listed in the notice of charges. Crawley was able to appeal any adjudication resulting from the hearing.

**INTERROGATORY NO. 2:**

Why did you lose your Associate Warden Job?

**ANSWER TO INTERROGATORY NO. 2:**

Objection. Interrogatory No. 2 is argumentative, irrelevant and assumes facts not in evidence.

Subject to the objections, Defendants responds that he did not lose any job but rather, was acting as an Associate Warden for a short period of time.

**INTERROGATORY NO. 3:**

Why didn't you authorize lab test to be conducted by Plaintiff's request in both hearings referred to in Admission #1

**ANSWER TO INTERROGATORY NO. 3:**

Objection. Interrogatory No. 3 is compound, argumentative, and creates an impermissible, inappropriate hypothetical.

Subject to the foregoing objections, Defendant responds that testing was completed and completed as specifically set forth in IR-2021-WSCC-001993, NDOC: 000093-000100. There was no obligation to conduct additional testing and my role as hearing officer did not include any responsibilities to require testing.

**INTERROGATORY NO. 4:**

Why didn't you postpone hearing for OIC# 502792 when Suwe became participant in said hearing?

**ANSWER TO INTERROGATORY NO. 4:**

Objection. Interrogatory No. 4 is argumentative, assumes facts not in evidence and creates an improper, impermissible hypothetical.

Subject to the foregoing objections, Defendant Suwe was not involved in the investigation of matters associated with OIC# 502792.

**INTERROGATORY NO. 5:**

Why didn't you provide any evidence to Mr. Crawley during either hearing (pictures etc.)?

**ANSWER TO INTERROGATORY NO. 5:**

Objection. Interrogatory No. 5 is argumentative, compound and assumes facts not in evidence.

Subject to the foregoing objections, Defendant explained during each hearing which evidence was provided and which could not be provided due to security reasons and subject to in-camera review. The audio recordings have been disclosed for each hearing.

**INTERROGATORY NO. 6:**

Why did you state "there is no evidence in this OIC" on pg. 3 of 5 of Disciplinary form III for OIC# 501633?

**ANSWER TO INTERROGATORY NO. 6:**

Objection. Interrogatory No. 6 refers to documents which speak for themselves and is hearsay.

Subject to the foregoing objections, Defendant explained during the hearing the evidence relied on and Crawley admitted to receiving the evidence.

**INTERROGATORY NO. 7:**

What was the toxicology report regarding the test that was used at either hearing?

///

1 **ANSWER TO INTERROGATORY NO. 7:**

2      Objection.  Interrogatory No.7 is compound and does not identify the hearing.  This

3 Request is vague and ambiguous given the unspecified date and period in which the

4 hearings occurred leading to an assumption on part of the Defendant, which is improper.

5      Subject to the foregoing objections, Defendant explained during each hearing which

6 evidence was provided and which could not be provided due to security reasons and subject

7 to in-camera review.   The audio recordings have been disclosed for each hearing.

8 Additionally,  IR-2021-WSCC-001993, NDOC: 000093-000100, sets forth the testing

9 completed in relation to OIC# 501633.   No testing was completed in relation to OIC#

10 502792.

11 **INTERROGATORY NO. 8:**

12      Why did NDOC stop using the MMC international Ampule test if it was so effective?

13 **ANSWER TO INTERROGATORY NO. 8:**

14      Objection.  Interrogatory No. 8 refers to documents which speak for themselves and

15 are hearsay.  This Request is irrelevant to the claims and defenses in this matter making

16 it disproportional to the needs of the case.  This Answering Defendant does not conduct

17 testing on materials.

18      Subject to the foregoing objections, and upon information and belief, NDOC started

19 utilizing the company Detecta Chem and its test for their simple design and the ability to

20 automatically create an evidence report.

21      DATED this 21st day of February 2024.

22                              AARON D. FORD
                              Attorney General
23

24                              By: */s/ Janet L. Merrill*
                              JANET L. MERRILL (Bar No. 10736)
25                              Deputy Attorney General

26                              *Attorneys for Defendants*

27

28

## VERIFICATION OF RICHARD ASHCRAFT

I, Richard Ashcraft, am a Defendant in the above-entitled matter. I have read the foregoing Answers to Interrogatories [Set One] and am familiar with its contents. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein are true and correct to the best of my knowledge.

Executed on Feb. 14, 2024.

RICHARD ASHCRAFT

1

## CERTIFICATE OF SERVICE

2       I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3   and that on February 21, 2024, I served the foregoing **DEFENDANT RICHARD**

4   **ASHCRAFT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES [SET ONE]** by

5   depositing a copy for mailing in the United States Mail, first-class postage prepaid, Carson

6   City, Nevada, addressed to the following:

7

8       Daine Crawley, #1167447
    Northern Nevada Correctional Center
    P.O. Box 7000

9       Carson City, Nevada 89702
    *Plaintiff, Pro Se*

10

11

12

13           An employee of the
        Office of the Attorney General

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 7 of 7

1  AARON D. FORD
   Attorney General
2  JANET L. MERRILL (Bar No. 10736)
   Senior Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
   *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robison, Robert Suwe, and Brian Williams*

9            UNITED STATES DISTRICT COURT

10               DISTRICT OF NEVADA

11  DAINE CRAWLEY,                    Case No. 3:22-cv-00530-MMD-CSD

12              Plaintiff,
                                      DEFENDANT RICHARD
13  v.                               ASHCRAFT'S SUPPLEMENTAL
                                      ANSWERS TO PLAINTIFF'S
14  CHARLES DANIELS, *et al.*,        INTERROGATORIES
                                      [SET ONE]
15              Defendants.

16

17       Defendant Richard Ashcraft, by and through counsel, Aaron D. Ford, Nevada

18  Attorney General, and Douglas R. Rands, Deputy Attorney General, hereby provide

19  supplemental answers to Plaintiff's Interrogatories [Set One], as follows.[1]

20       **Note: The supplemented information is in bold. As set forth In his pr**

21  **answers, Defendant Ashcraft specifically reserved the right to supplem**

22  **and/or revise his answers.**

23                    INTRODUCTION

24       1.   Defendant is bound to comply with statutes, regulations, and p

25  governing the dissemination of confidential information pertaining to

26  administration. In preparing these answers, Defendant may not yet have disc

27

28       [1] The use of [sic] to delineate errors is not used in this docum
    Interrogatories are typed as in the original.

                        Page 1 of 7

1  such bases of confidentiality upon which to interpose an objection to a discovery request
2  presented herein. Accordingly, Defendant reserves the right to assert additional bases of
3  confidentiality at a later time, when the applicability to the discovery request is realized.

4       2.    Defendant has not fully completed his/her investigation of the facts related to
5  this case, has not completed this discovery, or completed preparation for trial. All answers
6  contained herein are based solely upon such information and documentation as are
7  presently available to, and physically known to, Defendant. As such, this answering
8  Defendant discloses only that information or those documents that he presently has or is
9  authorized to access. These answers are hereby given with the understanding that
10 Defendant reserves the right to revise or amend them as facts or documents become
11 subsequently known. It is anticipated that further discovery, investigation, research, and
12 analysis will supply additional facts and documents, in addition to known facts and
13 documents, as well as may establish entirely new factual conclusions and legal contentions,
14 all of which may lead to additions to, changes in, or variations from, the answers below set
15 forth.

16      3.    No incidental or implied admissions will be made by these answers to
17 Plaintiff's Interrogatories. The fact that Defendant may answer or object to any
18 Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts
19 or admits the existence of any fact set forth or assumed by such Interrogatory, or that such
20 answers constitute admissible evidence. The fact that Defendant answers to part of any
21 Interrogatory is not to be deemed a waiver by Defendant of his objections, including
22 privilege, to other parts to such Interrogatory.

23      4.    The following answers are given without prejudice to Defendant's right to
24 produce, at a subsequent time, including at time of trial, all subsequently discovered
25 evidence relating to the proof of presently known or subsequently discovered facts. The
26 information set forth below is true and correct to the best of Defendant's knowledge at this
27 time but is subject to correction for inadvertent errors or omissions, if any errors or
28 omissions are later found to exist. The right to supplement, modify, or correct these answers

1   prior to and at trial on the basis of additional discovery and development of facts is
2   expressly reserved.

3                          **ANSWERS TO INTERROGATORIES**

4   **INTERROGATORY NO. 1:**

5          Why did you allow the hearing for OIC# 502792 to proceed if you knew Robison made
6   false statement regarding testing done?

7   **ANSWER TO INTERROGATORY NO. 1:**

8          Objection. Interrogatory No. 2 is argumentative, irrelevant and assumes facts not
9   in evidence.

10         Subject to the objections, Defendant responds that the disciplinary proceeding was
11  completed properly, and Crawley was given all necessary information. The hearing was
12  continued, and Crawley was given a full explanation regarding the statements listed in the
13  notice of charges. Crawley was able to appeal any adjudication resulting from the hearing.

14  **INTERROGATORY NO. 2:**

15         Why did you lose your Associate Warden Job?

16  **ANSWER TO INTERROGATORY NO. 2:**

17         Objection. Interrogatory No. 2 is argumentative, irrelevant and assumes facts not
18  in evidence.

19         Subject to the objections, Defendants responds that he did not lose any job but
20  rather, was acting as an Associate Warden for a short period of time.

21  **INTERROGATORY NO. 3:**

22         Why didn't you authorize lab test to be conducted by Plaintiff's request in both
23  hearings referred to in Admission #1

24  **ANSWER TO INTERROGATORY NO. 3:**

25         Objection.   Interrogatory No. 3 is compound, argumentative, and creates an
26  impermissible, inappropriate hypothetical.

27         Subject to the foregoing objections, Defendant responds that testing was completed
28  and completed as specifically set forth in **IR-2021-WSCC-001820, NDOC: 000083-000092.**

1  There was no obligation to conduct additional testing and my role as hearing officer did not
2  include any responsibilities to require testing.

3  **INTERROGATORY NO. 4:**

4      Why didn't you postpone hearing for OIC# 502792 when Suwe became participant
5  in said hearing?

6  **ANSWER TO INTERROGATORY NO. 4:**

7      Objection.  Interrogatory No. 4 is argumentative, assumes facts not in evidence and
8  creates an improper, impermissible hypothetical.

9      Subject to the foregoing objections, Defendant Suwe was not involved in the
10 investigation of matters associated with OIC# 502792.

11 **INTERROGATORY NO. 5:**

12     Why didn't you provide any evidence to Mr. Crawley during either hearing (pictures
13 etc.)?

14 **ANSWER TO INTERROGATORY NO. 5:**

15     Objection.  Interrogatory No. 5 is argumentative, compound and assumes facts not
16 in evidence.

17     Subject to the foregoing objections, Defendant explained during each hearing which
18 evidence was provided and which could not be provided due to security reasons and subject
19 to in-camera review.  The audio recordings have been disclosed for each hearing.

20 **INTERROGATORY NO. 6:**

21     Why did you state "there is no evidence in this OIC" on pg. 3 of 5 of Disciplinary form
22 III for OIC# 501633?

23 **ANSWER TO INTERROGATORY NO. 6:**

24     Objection.  Interrogatory No. 6 refers to documents which speak for themselves and
25 is hearsay.

26     Subject to the foregoing objections, Defendant explained during the hearing the
27 evidence relied on and Crawley admitted to receiving the evidence.

28 ///

1  INTERROGATORY NO. 7:

2      What was the toxicology report regarding the test that was used at either hearing?

3  ANSWER TO INTERROGATORY NO. 7:

4      Objection.  Interrogatory No.7 is compound and does not identify the hearing.  This

5  Request is vague and ambiguous given the unspecified date and period in which the

6  hearings occurred leading to an assumption on part of the Defendant, which is improper.

7      Subject to the foregoing objections, Defendant explained during each hearing which

8  evidence was provided and which could not be provided due to security reasons and subject

9  to in-camera review.   The audio recordings have been disclosed for each hearing.

10 Additionally,  IR-2021-WSCC-001820, NDOC: 000083-000092, sets forth the testing

11 completed in relation to OIC# 501633.  No testing was completed in relation to OIC#

12 502792.

13 INTERROGATORY NO. 8:

14     Why did NDOC stop using the MMC international Ampule test if it was so effective?

15 ANSWER TO INTERROGATORY NO. 8:

16     Objection.  Interrogatory No. 8 refers to documents which speak for themselves and

17 are hearsay.  This Request is irrelevant to the claims and defenses in this matter making

18 it disproportional to the needs of the case.  This Answering Defendant does not conduct

19 testing on materials.

20     Subject to the foregoing objections, and upon information and belief, NDOC started

21 utilizing the company Detecta Chem and its test for their simple design and the ability to

22 automatically create an evidence report.

23     DATED this 25th day of March 2024.

24                  AARON D. FORD

25                  Attorney General

26           By: /s/ Janet L. Merrill
                    JANET L. MERRILL (Bar No. 10736)

27                  Deputy Attorney General

28                  *Attorneys for Defendants*

1

## VERIFICATION OF RICHARD ASHCRAFT

2      I, Richard Ashcraft, am a Defendant in the above-entitled matter. I have read the

3  foregoing Supplemental Answers to Interrogatories [Set One] and am familiar with its

4  contents. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents

5  contained herein are true and correct to the best of my knowledge.

6      Executed on March 25, 2024.

7

8

9  RICHARD ASHCRAFT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2        I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3   and that on, March 25, 2024, I served the foregoing **DEFENDANT RICHARD**

4   **ASHCRAFT'S        SUPPLEMENTAL        ANSWERS        TO        PLAINTIFF'S**

5   **INTERROGATORIES [SET ONE]** by depositing a copy for mailing in the United States

6   Mail, first-class postage prepaid, Carson City, Nevada, addressed to the following:

7

8        Daine Crawley, #1167447
         Northern Nevada Correctional Center
9        P.O. Box 7000
         Carson City, Nevada 89702
10       *Plaintiff, Pro Se*

11

12

13       _____
         An employee of the
14       Office of the Attorney General

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  AARON D. FORD
    Attorney General
2  JANET L. MERRILL (Bar No. 10736)
    Senior Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
   *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robison, Robert Suwe, and Brian Williams*

9                  **UNITED STATES DISTRICT COURT**

10                      **DISTRICT OF NEVADA**

| 11  DAINE CRAWLEY, | Case No.  3:22-cv-00530-MMD-CSD |
|---|---|
| 12                 Plaintiff, |  |
| 13  v. | **DEFENDANT RICHARD ASHCRAFT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES [SET TWO]** |
| 14  CHARLES DANIELS, *et al.*, |  |
| 15                 Defendants. |  |

16

17      Defendant Richard Ashcraft, by and through counsel, Aaron D. Ford, Nevada

18  Attorney General, and Janet L. Merrill, Deputy Attorney General, hereby answers

19  Plaintiff's Interrogatories [Set Two], as follows[1]:

20                          **INTRODUCTION**

21      1.    Defendant is bound to comply with statutes, regulations, and protocols

22  governing   the   dissemination   of   confidential   information   pertaining   to   prison

23  administration. In preparing these answers, Defendant may not yet have discovered all

24  such bases of confidentiality upon which to interpose an objection to a discovery request

25  presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26  confidentiality at a later time, when the applicability to the discovery request is realized.

27

28      [1] The use of [sic] to delineate errors is not used in this document. These
    Interrogatories are typed as in the original.

2.      Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.      No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.      The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

///

1

## ANSWERS TO INTERROGATORIES

2 **INTERROGATORY NO. 9:**

3    Why is interrogatory #5 contradictory to what Brian Williams responded to in
4 Second Level grievance 2006-31-30317?

5 **ANSWER TO INTERROGATORY NO. 9:**

6    Objection.  Interrogatory No. 9 is confusing, and Defendant Ashcraft is not able to
7 understand the call of the question. Crawley drafted the Interrogatory and Defendant
8 Ashcraft is unable to state why Crawley wrote a certain Interrogatory.

9    Until such time as Crawley clarifies his Interrogatory, Defendant Ashcraft is unable
10 to answer the question.

11 **INTERROGATORY NO. 10:**

12    Why did you make "false statement" regarding interrogatory #6 and Mr. Crawley
13 receiving evidence that he never did?

14 **ANSWER TO INTERROGATORY NO. 10:**

15    Objection.  Interrogatory No. 10 is argumentative. Crawley does not identify which
16 statement is alleged to be false.

17    Subject to the foregoing objections, Defendant Ashcraft re-iterates the responses to
18 Interrogatory No. 5 and No. 6. Defendant explained during each hearing which evidence
19 was provided and which could not be provided due to security reasons and subject to in-
20 camera review.  The audio recordings have been disclosed for each hearing.

21    Defendant explained during the hearing the evidence relied on and Crawley
22 admitted to receiving evidence. *See* NDOC: 000056 (~6:07 to 6:14).

23 **INTERROGATORY NO. 11:**

24    Why did you make "false statement" for Interrogatory #7 (IR-2021-WSCC-001993
25 and OIC # 501633 is not related to each other)?

26 **ANSWER TO INTERROGATORY NO. 11:**

27    Objection.  Interrogatory No. 11 is argumentative as to false statement.

28

1   Subject to these objections, see supplemental responses. The two reports (IR-2021-
2   WSCC-001820, NDOC: 000083-000092 and IR-2021-WSCC-001993 and NDOC: 000093-
3   000100) speak for themselves and Defendant Ashcraft refers Crawley to them.

4   **INTERROGATORY NO. 12:**

5   Why have you made "false statements" multiple times herein?

6   **ANSWER TO INTERROGATORY NO. 12:**

7   Objection. Interrogatory No. 12 is argumentative as to false statements. The
8   Interrogatory is vague as to "herein."

9   Subject to the foregoing objections, Defendant Ashcraft has not made any false
10   statements herein.

11   **INTERROGATORY NO. 13:**

12   When did you provide physical copies of pictures etc. to Mr. Crawley?

13   **ANSWER TO INTERROGATORY NO. 13:**

14   Objection. Interrogatory No. 13 is vague and ambiguous as to pictures and does not
15   identify or describe the pictures at issue in the Interrogatory. The Interrogatory is vague
16   as to "etc."

17   Subject to the foregoing objections, Defendants provided numerous disclosures as
18   part of this litigation, including an Initial Disclosure and Four Supplements thereto each
19   of which are dated by Certificate of Service.

20   Defendant Ashcraft re-iterates the responses to Interrogatory No. 5 and No. 6.
21   Defendant explained during each hearing which evidence was provided and which could
22   not be provided due to security reasons and subject to in-camera review.  The audio
23   recordings have been disclosed for each hearing.

24   **INTERROGATORY NO. 14:**

25   What evidence did Mr. Crawley admit to receiving?

26   **ANSWER TO INTERROGATORY NO. 14:**

27   Objection.  Interrogatory No. 14 is confusing and out of context.

28   Subject to the foregoing objections, Defendant Ashcraft is informed and believes that

1    Crawley admitted to receiving evidence as set forth in the audio recording: NDOC: 000056
2    (~6:07 to 6:14).

3    **INTERROGATORY NO. 15:**

4         Why is Mr. Crawley still requesting this evidence throughout the appeal process if
5    you provided everything to him?

6    **ANSWER TO INTERROGATORY NO. 15:**

7         Objection.   Interrogatory No. 15 is argumentative and unclear what evidence
8    Crawley is still requesting.  Defendant Ashcraft is unable to answer on behalf of Crawley
9    and the reasons for Crawley's requests.

10   **INTERROGATORY NO. 16:**

11        The manufacturer for MMC-International recommends secondary testing why didn't
12   you perform a "Lab Test" on any mail in 2021?

13   **ANSWER TO INTERROGATORY NO. 16:**

14        Objection.  Interrogatory No. 16 is overbroad as to "any mail" and "2021" and not
15   proportionate to the claims and defenses in this lawsuit.  The Interrogatory is vague and
16   ambiguous as to "Lab Test."

17        Subject to the foregoing objections, Defendant responds that testing was completed
18   and completed as specifically set forth in IR-2021-WSCC-001820, NDOC: 000083-000092.
19   There was no obligation to conduct additional testing and my role as hearing officer did not
20   include any responsibilities to complete testing or require testing.

21        DATED this 25th day of March 2024.

22                                          AARON D. FORD
                                            Attorney General
23

24                                          By: /s/ Janet L. Merrill
                                            JANET L. MERRILL (Bar No. 10736)
25                                          Deputy Attorney General

26                                          *Attorneys for Defendants*

27

28

                              Page 5 of 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION OF RICHARD ASHCRAFT

I, Richard Ashcraft, am a Defendant in the above-entitled matter. I have read the foregoing Answers to Interrogatories [Set Two] and am familiar with its contents. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein are true and correct to the best of my knowledge.

Executed on March 25, 2024.

RICHARD ASHCRAFT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on March 25, 2024, I served the foregoing **DEFENDANT RICHARD ASHCRAFT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES [SET TWO]** by depositing a copy for mailing in the United States Mail, first-class postage prepaid, Carson City, Nevada, addressed to the following:

Daine Crawley, #1167447
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
*Plaintiff, Pro Se*

An employee of the
Office of the Attorney General

1 AARON D. FORD
  Attorney General
2 JANET L. MERRILL (Bar No. 10736)
  Deputy Attorney General
3 State of Nevada
  Office of the Attorney General
4 555 E. Washington Ave., Ste. 3900
  Las Vegas, Nevada 89101
5 (702) 486-3370 (phone)
  (702) 486-3773 (fax)
6 Email: jmerrill@ag.nv.gov

7 *Attorneys for Defendants Richard Ashcraft,*
  *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8 *Robert Robinson, Robert Suwe, and Brian Williams*

9             **UNITED STATES DISTRICT COURT**

10              **DISTRICT OF NEVADA**

11 DAINE CRAWLEY,                    Case No.  3:22-cv-00530-MMD-CSD

12              Plaintiff,

13 v.                               **DEFENDANT RICHARD**
                                    **ASHCRAFT'S RESPONSES TO**
14 CHARLES DANIELS, *et al.*,        **PLAINTIFF'S REQUEST FOR**
                                    **ADMISSION**
15              Defendants.          **[SET ONE]**

16

17       Defendant Richard Ashcraft, by and through counsel, Aaron D. Ford, Nevada

18 Attorney General, and Janet Merrill, Deputy Attorney General, hereby responds Plaintiff's

19 Request for Admission [Set One], as follows[1]:

20                       **INTRODUCTION**

21       1.      Defendant is bound to comply with statutes, regulations, and protocols

22 governing the dissemination of confidential information pertaining to prison

23 administration. In preparing these responses, Defendant may not yet have discovered all

24 such bases of confidentiality upon which to interpose an objection to a discovery request

25 presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26 confidentiality at a later time, when the applicability to the discovery request is realized.

27

28       _____
         [1] The use of [sic] to delineate errors is not used in this document. These
         Interrogatories are typed as in the original.

2.     Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.     No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.     The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

1

## RESPONSES TO REQUESTS FOR ADMISSION

2 **REQUEST FOR ADMISSION NO. 1:**

3       Admit that you violated the Plaintiff's due process rights in 2021 during both

4 disciplinary hearings for OIC# 502792 and IR# IR-2021-WSCC-001993 AND OIC# 501633

5 IR-2021-WSCC-001820.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

7       Objection.   Request No. 1 is compound.  The Request calls for a legal conclusion

8 and is not a proper question under Rule 36.

9       Notwithstanding the objections, Defendant denies Request No. 1.

10 **REQUEST FOR ADMISSION NO. 2:**

11      Admit that you never provided any evidence/photos for either of the hearings

12 referred to in Admission #1.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

14      Objection.   Request No. 2 is compound.  The Request is vague and ambiguous as to

15 "provided."

16      Notwithstanding the objections, Defendant denies Request No. 2.

17 **REQUEST FOR ADMISSION NO. 3:**

18      Admit that you violated AR 707 by allowing Officer Suwe to participate in the

19 hearing for OIC# 502792 IR-2021-WSCC-001993

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

21      Objection.   Request No. 3 is vague and ambiguous as it does not refer to any

22 particular section or provision of AR 707.  The Request is argumentative.  The Request

23 calls for a legal conclusion and is not a proper question under Rule 36.

24      Notwithstanding the objections, Defendant denies Request No. 3.

25 **REQUEST FOR ADMISSION NO. 4:**

26      Admit that you were demoted from the Associate Warden position during this time

27 in 2021-2022.

28 ///

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection.   Request No. 4 is argumentative and assumes facts not in evidence. This Request is not relevant to any claims or defenses in this matter making it disproportional to the needs of the case.

Notwithstanding the objections, Defendant denies Request No. 4.

**REQUEST FOR ADMISSION NO. 5:**

Admit that inmates are guilty as soon as the disciplinary hearing begins when you are the hearing officer with or without evidence presented.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection.   Request No. 5 is argumentative, assumes facts not in evidence, vague and ambiguous as to timeframe, hearing and inmate.

Notwithstanding the objections, Defendant denies Request No. 5.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you stated that Robison "made a false statement" at 11/16/2021 during disciplinary hearing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection.   Request No. 6 assumes facts not in evidence as the answering Defendant conducted a hearing on November 10, 2021. The audio file of the November 10, 2021, hearing has been disclosed as NDOC: 00056 and no reference to Robison was identified.

Notwithstanding the objections, Defendant denies Request No. 6.

**REQUEST FOR ADMISSION NO. 7:**

Admit that "no secondary testing" was ever done in either OIC referred to in Admission #1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection.   Request No. 7 is vague and ambiguous as "secondary testing." Plaintiff does not define "secondary testing." There is no requirement for testing beyond the test completed by Defendant Robert Suwe.

1   Request No. 7 is compound as it relates to Admission #1. Additionally, this Request
2   is argumentative because it requires the adoption of the assumption that "secondary
3   testing" is required and thus, must be done which is improper.
4       Given the ambiguity of the Request, answering Defendant is unable to admit or
5   deny.  The records appear to indicate that Defendant Robert Suwe completed one test as
6   set forth in IR-2021-WSCC-001993, NDOC: 000093-000100.
7       DATED this 21st day of February 2024.

AARON D. FORD
Attorney General

By: /s/ Janet L. Merrill
    JANET L. MERRILL (Bar No. 10736)
    Deputy Attorney General

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on February 21, 2024, I served the foregoing **DEFENDANT RICHARD ASHCRAFT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET ONE]** by depositing a copy for mailing in the United States Mail, first-class postage prepaid, Carson City, Nevada, addressed to the following:

Daine Crawley, #1167447
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
*Plaintiff, Pro Se*

An employee of the
Office of the Attorney General

1   AARON D. FORD
      Attorney General
2   JANET L. MERRILL (Bar No. 10736)
      Deputy Attorney General
3   State of Nevada
    Office of the Attorney General
4   555 E. Washington Ave., Ste. 3900
    Las Vegas, Nevada 89101
5   (702) 486-3370 (phone)
    (702) 486-3773 (fax)
6   Email: jmerrill@ag.nv.gov

7   *Attorneys for Defendants Richard Ashcraft,*
    *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8   *Robert Robinson, Robert Suwe, and Brian Williams*

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11   DAINE CRAWLEY,                          Case No.  3:22-cv-00530-MMD-CSD

12                  Plaintiff,

13   v.                                      **DEFENDANT RICHARD
                                             ASHCRAFT'S SUPPLEMENTAL
14   CHARLES DANIELS, *et al.*,              RESPONSES TO PLAINTIFF'S
                                             REQUEST FOR ADMISSION
15                  Defendants.              [SET ONE]**

16

17        Defendant Richard Ashcraft, by and through counsel, Aaron D. Ford, Nevada

18   Attorney General, and Janet Merrill, Deputy Attorney General, hereby provides

19   supplemental responses to Plaintiff's Request for Admission [Set One], as follows[1]:

20        **Note: The supplemented information is in bold. As set forth in his prior**

21   **responses, Defendant Ashcraft specifically reserved the right to supplement**

22   **and/or revise his responses.**

23                            **INTRODUCTION**

24        1.    Defendant is bound to comply with statutes, regulations, and protocols

25   governing  the  dissemination  of  confidential  information  pertaining  to  prison

26   administration. In preparing these responses, Defendant may not yet have discovered all

27

28   _____
     [1] The  use  of  [sic]  to  delineate  errors  is  not  used  in  this  document.  These
     Interrogatories are typed as in the original.

                              **Page 1 of 6**

1   such bases of confidentiality upon which to interpose an objection to a discovery request

2   presented herein. Accordingly, Defendant reserves the right to assert additional bases of

3   confidentiality at a later time, when the applicability to the discovery request is realized.

4       2.   Defendant has not fully completed his/her investigation of the facts related to

5   this case, has not completed this discovery, or completed preparation for trial. All responses

6   contained herein are based solely upon such information and documentation as are

7   presently available to, and physically known to, Defendant. As such, this responding

8   Defendant discloses only that information or those documents that he presently has or is

9   authorized to access. These responses are hereby given with the understanding that

10  Defendant reserves the right to revise or amend them as facts or documents become

11  subsequently known. It is anticipated that further discovery, investigation, research, and

12  analysis will supply additional facts and documents, in addition to known facts and

13  documents, as well as may establish entirely new factual conclusions and legal contentions,

14  all of which may lead to additions to, changes in, or variations from, the responses below

15  set forth.

16      3.   No incidental or implied admissions will be made by these responses to

17  Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any

18  Request for Admission or any part thereof shall not be deemed an admission that

19  Defendant accepts or admits the existence of any fact set forth or assumed by such Request

20  for Admission, or that such responses constitute admissible evidence. The fact that

21  Defendant responds to part of any Request for Admission is not to be deemed a waiver by

22  Defendant of his objections, including privilege, to other parts to such Request for

23  Admission.

24      4.   The following responses are given without prejudice to Defendant's right to

25  produce, at a subsequent time, including at time of trial, all subsequently discovered

26  evidence relating to the proof of presently known or subsequently discovered facts. The

27  information set forth below is true and correct to the best of Defendant's knowledge at this

28  time but is subject to correction for inadvertent errors or omissions, if any errors or

1  omissions are later found to exist. The right to supplement, modify, or correct these
2  responses prior to and at trial on the basis of additional discovery and development of facts
3  is expressly reserved.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that you violated the Plaintiff's due process rights in 2021 during both disciplinary hearings for OIC# 502792 and IR# IR-2021-WSCC-001993 AND OIC# 501633 IR-2021-WSCC-001820.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection.   Request No. 1 is compound.  The Request calls for a legal conclusion and is not a proper question under Rule 36.

Notwithstanding the objections, Defendant denies Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you never provided any evidence/photos for either of the hearings referred to in Admission #1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection.   Request No. 2 is compound.  The Request is vague and ambiguous as to "provided."

Notwithstanding the objections, Defendant denies Request No. 2.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you violated AR 707 by allowing Officer Suwe to participate in the hearing for OIC# 502792 IR-2021-WSCC-001993

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection.   Request No. 3 is vague and ambiguous as it does not refer to any particular section or provision of AR 707.  The Request is argumentative.  The Request calls for a legal conclusion and is not a proper question under Rule 36.

Notwithstanding the objections, Defendant denies Request No. 3.

///

**REQUEST FOR ADMISSION NO. 4:**

Admit that you were demoted from the Associate Warden position during this time in 2021-2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Objection.   Request No. 4 is argumentative and assumes facts not in evidence. This Request is not relevant to any claims or defenses in this matter making it disproportional to the needs of the case.

Notwithstanding the objections, Defendant denies Request No. 4.

**REQUEST FOR ADMISSION NO. 5:**

Admit that inmates are guilty as soon as the disciplinary hearing begins when you are the hearing officer with or without evidence presented.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection.   Request No. 5 is argumentative, assumes facts not in evidence, vague and ambiguous as to timeframe, hearing and inmate.

Notwithstanding the objections, Defendant denies Request No. 5.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you stated that Robison "made a false statement" at 11/16/2021 during disciplinary hearing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection.   Request No. 6 assumes facts not in evidence as the answering Defendant conducted a hearing on November 10, 2021. The audio file of the November 10, 2021, hearing has been disclosed as NDOC: 00056 and no reference to Robison was identified. **The audio files of the December 15, 2021 hearings have been disclosed.**

Notwithstanding the objections, Defendant denies Request No. 6.

**REQUEST FOR ADMISSION NO. 7:**

Admit that "no secondary testing" was ever done in either OIC referred to in Admission #1.

///

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection.   Request No. 7 is vague and ambiguous as "secondary testing." Plaintiff does not define "secondary testing." There is no requirement for testing beyond the test completed by Defendant Robert Suwe.

Request No. 7 is compound as it relates to Admission #1. Additionally, this Request is argumentative because it requires the adoption of the assumption that "secondary testing" is required and thus, must be done which is improper.

Given the ambiguity of the Request, answering Defendant is unable to admit or deny.  The records appear to indicate that Defendant Robert Suwe completed one test as set forth in **IR-2021-WSCC-001820, NDOC: 000083-000092.**

DATED this 25th day of March 2024.

AARON D. FORD
Attorney General

By: /s/ Janet L. Merrill
JANET L. MERRILL (Bar No. 10736)
Deputy Attorney General

*Attorneys for Defendants*

1

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on, March 25, 2024, I served the foregoing **DEFENDANT RICHARD ASHCRAFT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET ONE]** by depositing a copy for mailing in the United States Mail, first-class postage prepaid, Carson City, Nevada, addressed to the following:

Daine Crawley, #1167447
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
*Plaintiff, Pro Se*

An employee of the
Office of the Attorney General

1 | AARON D. FORD
   Attorney General
2 | JANET L. MERRILL (Bar No. 10736)
   Deputy Attorney General
3 | State of Nevada
Office of the Attorney General
4 | 555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
5 | (702) 486-3370 (phone)
(702) 486-3773 (fax)
6 | Email: jmerrill@ag.nv.gov

7 | *Attorneys for Defendants Richard Ashcraft,*
*Charles Daniels, Kody Hollaway, Kyle Olsen,*
8 | *Robert Robinson, Robert Suwe, and Brian Williams*

9 | **UNITED STATES DISTRICT COURT**

10 | **DISTRICT OF NEVADA**

11 | DAINE CRAWLEY,

Case No.  3:22-cv-00530-MMD-CSD

12 |        Plaintiff,

13 | v.

**DEFENDANT RICHARD ASHCRAFT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET TWO]**

14 | CHARLES DANIELS, *et al.,*

15 |        Defendants.

16

17 |     Defendant Richard Ashcraft, by and through counsel, Aaron D. Ford, Nevada

18 | Attorney General, and Janet Merrill, Deputy Attorney General, hereby responds Plaintiff's

19 | Request for Admission [Set Two], as follows[1]:

20 | **INTRODUCTION**

21 |     1.    Defendant is bound to comply with statutes, regulations, and protocols

22 | governing the dissemination of confidential information pertaining to prison

23 | administration. In preparing these responses, Defendant may not yet have discovered all

24 | such bases of confidentiality upon which to interpose an objection to a discovery request

25 | presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26 | confidentiality at a later time, when the applicability to the discovery request is realized.

27

28 |     [1] The use of [sic] to delineate errors is not used in this document. These Interrogatories are typed as in the original.

2.     Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.     No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.     The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 8:**

Admit that you gave a "false statement" once again regarding admission #7 regarding test for IR-2021-WSCC-001993?

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Objection. Request for Admission No. 8 is argumentative as to false statement. The Request is vague and ambiguous as to "once again."

Subject to the foregoing objections, Defendant Ashcraft was unable to admit or deny Crawley's Admission #7 because the admission was unclear and ambiguous. Defendant Ashcraft has supplemented his response. The two reports (IR-2021-WSCC-001820, NDOC: 000083-000092 and IR-2021-WSCC-001993 and NDOC: 000093-000100) speak for themselves and Defendant Ashcraft refers Crawley to them.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you gave "false statement" once again regarding admission #6 regarding preliminary hearing for 11/16/21 IR-2021-WSCC-001993?

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Objection. Request for Admission No. 9 is argumentative as to false statement. The Request is vague and ambiguous as to "once again." Request No. 9 mischaracterizes Request No. 6 and Crawley uses different language in Request No. 9 than in Request No. 6.

Subject to the foregoing objections and on those bases, Defendant Ashcraft denies Request for Admission No. 9.

**REQUEST FOR ADMISSION NO. 10:**

Admit that "no pictures" were ever provided to Mr. Crawley for OIC #502792.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Objection. Request No. 10 is vague and ambiguous as to "pictures" and as to time. *See* Defendants' Initial Disclosures and supplemental disclosures thereto relating to OIC #502792.

1  Subject to the foregoing objections and on those bases, Defendant Ashcraft denies Request
2  for Admission No. 10.

3  **REQUEST FOR ADMISSION NO. 11:**

4      Admit that Mr. Crawley requested evidence and picture for OIC #502792 but was
5  never provided anything at all

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

7      Objection.  Request No. 11 is vague and ambiguous as to "pictures."  The Request is
8  compound and vague as to time.   *See* Defendants' Initial Disclosures and supplemental
9  disclosures thereto relating to OIC #502792.

10      Subject to foregoing objections, Defendant Ashcraft denies Request for Admission
11  No. 11.

12  **REQUEST FOR ADMISSION NO. 12:**

13      Admit that you made "false statement" once again for Interrogatory #3 regarding IR-
14  2021-WSCC-001993.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

16      Objection.  Request for Admission No.12 is argumentative as to false statement.  The
17  Request is vague and ambiguous as to "once again."

18      Subject to the foregoing objections, Defendant Ashcraft refers Crawley to his
19  supplemental response and based on the ambiguity of the question, denies the Request.
20  The two reports (IR-2021-WSCC-001820, NDOC: 000083-000092 and IR-2021-WSCC-
21  001993 and NDOC: 000093-000100) speak for themselves and Defendant Ashcraft refers
22  Crawley to them.

23  **REQUEST FOR ADMISSION NO. 13:**

24      Admit that Mr. Suwe's original write-up for OIC #501633 was included in the mail
25  (outgoing) that Mr. Crawley attempted to mail out on 11/10/21.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

27      Objection.  Request for Admission No. 13 is vague and ambiguous as to "original"
28  and "write-up."

1    Given the ambiguity of the Request, Defendant Ashcraft is unable to unequivocally

2 admit or deny Request for Admission No. 13.  To the extent that Crawley is referring to

3 NDOC: 000098, Defendant Ashcraft admits, according to the report, that NDOC: 000098

4 was contained in the envelope Crawley attempted to mail out. The letter depicted in NDOC:

5 000099 addressed to "Autumn" is dated 11/10/21.

6    DATED this 25th day of March 2024.

7                                    AARON D. FORD
                                     Attorney General
8
                                     By: /s/ Janet L. Merrill
9                                         JANET L. MERRILL (Bar No. 10736)
                                          Deputy Attorney General
10
                                     *Attorneys for Defendants*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on March 25, 2024, I served the foregoing **DEFENDANT RICHARD ASHCRAFT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET TWO]** by depositing a copy for mailing in the United States Mail, first-class postage prepaid, Carson City, Nevada, addressed to the following:

Daine Crawley, #1167447
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
*Plaintiff, Pro Se*

An employee of the
Office of the Attorney General

Page 6 of 6

AARON D. FORD
  Attorney General
JANET L. MERRILL (Bar No. 10736)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3370 (phone)
(702) 486-3773 (fax)
Email: jmerrill@ag.nv.gov

*Attorneys for Defendants Richard Ashcraft,*
*Charles Daniels, Kody Hollaway, Kyle Olsen,*
*Robert Robinson, Robert Suwe, and Brian Williams*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAINE CRAWLEY, | Case No. 3:22-cv-00530-MMD-CSD |
| Plaintiff, | |
| v. | **DEFENDANT BRIAN WILLIAMS' RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET ONE]** |
| CHARLES DANIELS, *et al.*, | |
| Defendants. | |

Defendant Brian Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Janet Merrill, Deputy Attorney General, hereby responds Plaintiff's Request for Admission [Set One], as follows[1]:

### INTRODUCTION

1.      Defendant is bound to comply with statutes, regulations, and protocols governing the dissemination of confidential information pertaining to prison administration. In preparing these responses, Defendant may not yet have discovered all such bases of confidentiality upon which to interpose an objection to a discovery request presented herein. Accordingly, Defendant reserves the right to assert additional bases of confidentiality at a later time, when the applicability to the discovery request is realized.

---

[1] The use of [sic] to delineate errors is not used in this document. These Interrogatories are typed as in the original.

2.   Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All responses contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this responding Defendant discloses only that information or those documents that he presently has or is authorized to access. These responses are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the responses below set forth.

3.   No incidental or implied admissions will be made by these responses to Plaintiff's Requests for Admission. The fact that Defendant may respond to or object to any Request for Admission or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request for Admission, or that such responses constitute admissible evidence. The fact that Defendant responds to part of any Request for Admission is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Request for Admission.

4.   The following responses are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these responses prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that AR 339 Code Ethics applies to all NDOC Employees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection. Request for Admission No. 1 does not provide a timeline nor an effective date. To the extent that the request calls for a legal conclusion as to "employee," the Request is objectionable and will be not answered in relation to the legal determination regarding who is an employee.

Subject to the foregoing admissions, Defendant Williams admits that AR 339 was an Administrative Regulation for the Nevada Department of Corrections and was titled "CODE OF ETHICS EMPLOYEE CONDUCT ADMINISTRATIVE REGULATION – 339." Defendant Williams denies any application of AR 339 to the instant lawsuit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you Brian Williams responded to Level 2 grievance #2006-31-30317 on or about ~~[illegible]~~ 2022 exceeding the 60 days allotted.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection. Request No. 2 is not legible.

Because Request for Admission No. 2 is illegible, Defendant Williams is unable to admit or deny the admission, and on such grounds, denies the Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that you stated in your response that Mr. Crawley did receive pictures of the evidence for OIC #501633 IR-2021-WSCC-001820.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection. Request for Admission No. 3 is unclear as to "response." The Admission does not identify any particular statement by Defendant Williams regarding pictures. *See* NDOC: 000040, NDOC: 000041, and NDOC: 000181.

///

1    Subject to the foregoing objections, Defendant Williams denies Request for
2  Admission No. 3.

3  **REQUEST FOR ADMISSION NO. 4:**

4    Admit that you made false statement regarding Admission #3 in that "no" pictures
5  were ever provided for this OIC #501633 to Mr. Crawley prior to disciplinary hearing or
6  thereafter.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

8    Objection.   Request for Admission No. 4 is argumentative and confusing.   It is
9  believed the Admission is intended for a different Defendant.

10    *See also* Response to Request for Admission No. 3. Defendant Williams has not
11  answered Admission No. 3 for the reasons stated therein.

12    Based on the foregoing objections, Defendant Williams denies Request for Admission
13  No. 4. Defendant Williams has made no false statement.

14  **REQUEST FOR ADMISSION NO. 5:**

15    Admit that "no evidence" was presented whatsoever to Mr. Crawley during this
16  hearing dated 11/10/21.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

18    Defendant Williams denies Request for Admission No. 5.

19  **REQUEST FOR ADMISSION NO. 6:**

20    Admit that Mr. Crawley requested to pay for outside "Lab Testing" within this
21  grievance #2006-31-30317.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

23    Objection.   Request for Admission No. 6 is vague and ambiguous to "within this
24  grievance."

25    Subject to these objections, Defendant Williams admits Request for Admission No. 6
26  in so far as the records indicate that Crawley offered to pay for additional testing as it
27  relates to OIC #501633.

28  ///

1   **REQUEST FOR ADMISSION NO. 7:**

2   Admit that you just went along with what previous grievance responders stated in

3   their response to grievance #2006-31-30317, but you did not do your own investigation into

4   the facts.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

6   Objection.  Request for Admission No. 7 is argumentative and assumes facts not in

7   evidence.

8   Subject to the foregoing objections, Defendant Williams denies Request for

9   Admission No. 7.

10  **REQUEST FOR ADMISSION NO. 8:**

11  Admit that DD W.A. Gitere made false statements regarding "Nik Test" in that "no"

12  such brand "Nik public safety" test was ever used at WSCC for either grievance by Officer

13  Hollaway.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

15  Objection. Request for Admission No. 8 is argumentative and assumes facts not in

16  evidence. The Request is compound and unclear as to "either grievance."  The Request is

17  not relevant to any claims or defenses in this matter making it disproportional to the needs

18  of the case.

19  Subject to the foregoing objections, Defendant Williams is unable to admit or deny

20  Request for Admission No. 8 and as such denies the Request.

21  **REQUEST FOR ADMISSION NO. 9:**

22  Admit that "no evidence" disposed of by NDOC staff you are referring to in your

23  response is because "no" evidence was ever lab Tested.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

25  Objection. Request for Admission No. 9 is argumentative and assumes facts not in

26  evidence.  The Request is vague and ambiguous as to "disposed of" and "ever lab tested."

27  Subject to the foregoing objections, Defendant Williams denies Request for

28  Admission No. 9. *See* NDOC: 000181. Defendant Williams refers Crawley to the testing

1   completed by Defendant Suwe as set forth in the report IR-2021-WSCC-001820, NDOC:

2   000083-000092.  Defendant Williams admits that no testing was conducted external to

3   NDOC.

4   **REQUEST FOR ADMISSION NO. 10:**

5       Admit that assumptions were made regarding the address in grievance #2006-31-

6   30317.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

8       Objection. Request for Admission No. 10 is argumentative and assumes facts not in

9   evidence.  The Request is compound vague and ambiguous as to "assumptions."

10      Subject to the foregoing objections, Defendant Williams, as the answering

11  Defendant, denies Request for Admission No. 10.  *See* NDOC: 000181.

12  **REQUEST FOR ADMISSION NO. 11:**

13      Admit that Officer Suwe's father resigned for corruption issues in the past

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

15      Objection. Request for Admission No. 11 is argumentative, harassing and assumes

16  facts not in evidence. The Request is not relevant to any claims or defenses in this matter

17  making it disproportional to the needs of the case. Officer Suwe's father is not a named

18  Defendant in this matter. The answering Defendant is not privy to such confidential

19  employment information.

20      Subject to the foregoing objections, Defendant Williams is unable to admit or deny

21  Request for Admission No. 11 and as such denies the Request.

22      DATED this 25th day of March 2024.

23                          AARON D. FORD
                            Attorney General
24
25                          By: */s/ Janet L. Merrill*_____
                                JANET L. MERRILL (Bar No. 10736)
26                              Deputy Attorney General

27                          *Attorneys for Defendants*

28

1

## CERTIFICATE OF SERVICE

2   I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3 and that on March 25, 2024, I served the foregoing **DEFENDANT BRIAN WILLIAMS**

4 **RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION [SET ONE]** by

5 depositing a copy for mailing in the United States Mail, first-class postage prepaid, Carson

6 City, Nevada, addressed to the following:

7

8    Daine Crawley, #1167447
    Northern Nevada Correctional Center

9    P.O. Box 7000
    Carson City, Nevada 89702

10    *Plaintiff, Pro Se*

11

12

13         An employee of the
         Office of the Attorney General

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 7 of 7

1  AARON D. FORD
   Attorney General
2  JANET L. MERRILL (Bar No. 10736)
   Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3370 (phone)
   (702) 486-3773 (fax)
6  Email: jmerrill@ag.nv.gov

7  *Attorneys for Defendants Richard Ashcraft,*
   *Charles Daniels, Kody Hollaway, Kyle Olsen,*
8  *Robert Robison, Robert Suwe, and Brian Williams*

9              UNITED STATES DISTRICT COURT

10                 DISTRICT OF NEVADA

11  DAINE CRAWLEY,                    Case No. 3:22-cv-00530-MMD-CSD

12              Plaintiff,
                                      **DEFENDANT BRIAN WILLIAMS'**
13  v.                                **ANSWERS TO PLAINTIFF'S**
                                      **INTERROGATORIES**
14  CHARLES DANIELS, *et al.*,            **[SET ONE]**

15              Defendants.

16

17        Defendant Brian Williams, by and through counsel, Aaron D. Ford, Nevada Attorney

18  General, and Janet Merrill, Deputy Attorney General, hereby answers Plaintiff's

19  Interrogatories [Set One], as follows[1]:

20                      **INTRODUCTION**

21        1.    Defendant is bound to comply with statutes, regulations, and protocols

22  governing the dissemination of confidential information pertaining to prison

23  administration. In preparing these answers, Defendant may not yet have discovered all

24  such bases of confidentiality upon which to interpose an objection to a discovery request

25  presented herein. Accordingly, Defendant reserves the right to assert additional bases of

26  confidentiality at a later time, when the applicability to the discovery request is realized.

27  _____

28  [1] The use of [sic] to delineate errors is not used in this document. These
    Interrogatories are typed as in the original.

                          **Page 1 of 10**

2.    Defendant has not fully completed his/her investigation of the facts related to this case, has not completed this discovery, or completed preparation for trial. All answers contained herein are based solely upon such information and documentation as are presently available to, and physically known to, Defendant. As such, this answering Defendant discloses only that information or those documents that he presently has or is authorized to access. These answers are hereby given with the understanding that Defendant reserves the right to revise or amend them as facts or documents become subsequently known. It is anticipated that further discovery, investigation, research, and analysis will supply additional facts and documents, in addition to known facts and documents, as well as may establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, or variations from, the answers below set forth.

3.    No incidental or implied admissions will be made by these answers to Plaintiff's Interrogatories. The fact that Defendant may answer or object to any Interrogatory or any part thereof shall not be deemed an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answers constitute admissible evidence. The fact that Defendant answers to part of any Interrogatory is not to be deemed a waiver by Defendant of his objections, including privilege, to other parts to such Interrogatory.

4.    The following answers are given without prejudice to Defendant's right to produce, at a subsequent time, including at time of trial, all subsequently discovered evidence relating to the proof of presently known or subsequently discovered facts. The information set forth below is true and correct to the best of Defendant's knowledge at this time but is subject to correction for inadvertent errors or omissions, if any errors or omissions are later found to exist. The right to supplement, modify, or correct these answers prior to and at trial on the basis of additional discovery and development of facts is expressly reserved.

///

# ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Why did you state that Mr. Crawley received pictures if you do not know this for sure?

**ANSWER TO INTERROGATORY NO. 1:**

Objection. Interrogatory No. 1 is confusing and argumentative. The Interrogatory does not identify any particular statement by Defendant Williams regarding pictures. *See* NDOC: 000040, NDOC: 000041, and NDOC: 000181.

If Crawley clarifies his Interrogatory to identify a particular statement, Defendant Williams will do his best to answer the Interrogatory.

**INTERROGATORY NO. 2:**

When did Mr. Crawley receive physical copies of the pictures you are referring to in grievance #2006-31-30317

**ANSWER TO INTERROGATORY NO. 2:**

Objection. Interrogatory No. 2 is confusing and argumentative. The Interrogatory does not identify any particular statement by Defendant Williams regarding pictures. *See* NDOC: 000040, NDOC: 000041, and NDOC: 000181.

If Crawley clarifies his Interrogatory to identify a particular statement, Defendant Williams will do his best to answer the Interrogatory. *See also* Defendant Ashcraft's Answer to Interrogatory No. 14.

**INTERROGATORY NO. 3:**

Why didn't you authorize a "lab Test" to be conducted on that mail Mr. Crawley offered to pay for in grievance #2006-31-30317

**ANSWER TO INTERROGATORY NO. 3:**

*See* Objections and Answer to Interrogatory No. 9 and Request for Admission No. 9.

**INTERROGATORY NO. 4:**

Can a charging officer participate in the disciplinary hearing under AR 707?

///

**ANSWER TO INTERROGATORY NO. 4:**

Objection.  Interrogatory No. 4 uses "charging officer" as a term that is not included in AR 707.  *See* NDOC: 000150 – 000160.  The Interrogatory is vague and ambiguous as to "participate."

Subject to the foregoing objections, the specific "Charging Employee" may provide more clear and concise clarifying information as part of the hearing.  However, the specific "Charging Employee" list on the subject OIC Notice of Charges may not adjudicate the charge at the disciplinary hearing.

**INTERROGATORY NO. 5:**

Can a officer who is apart of an "Investigation" for an inmate participate in the disciplinary hearing involving that investigation under AR 707?

**ANSWER TO INTERROGATORY NO. 5:**

Objection.  Interrogatory No. 5 uses "Investigation" as a term that is not included in AR 707.  *See* NDOC: 000150 – 000160.  The Interrogatory is vague and ambiguous as to "participate."

Subject to the foregoing objections, see Answer to Interrogatory No. 4.

**INTERROGATORY NO. 6:**

Why did you continue to assert that pictures were provided for grievance #2006-31-30317 when you knew they had not been provided

**ANSWER TO INTERROGATORY NO. 6:**

Objection.  Interrogatory No. 6 (like Interrogatory No. 1 and No. 2) is confusing and argumentative. The Interrogatory does not identify any particular statement by Defendant Williams regarding pictures.  *See* NDOC: 000040, NDOC: 000041, and NDOC: 000181.

If Crawley clarifies his Interrogatory to identify a particular statement, Defendant Williams will do his best to answer the revised Interrogatory.

**INTERROGATORY NO. 7:**

Where is the evidence located for OIC# 501633?

///

1  **ANSWER TO INTERROGATORY NO. 7:**

2      Objection.  Interrogatory No. 7 is compound as to "evidence."

3      Subject to the foregoing objections, copies of the evidence have been disclosed in this

4  lawsuit. Defendant Williams is informed and believes that certain evidence is retained on

5  the Warm Springs shared drive. An inventory is being completed. Defendant Williams will

6  supplement this Answer if more information becomes available.

7  **INTERROGATORY NO. 8:**

8      Did the evidence get destroyed for OIC #501633?

9  **ANSWER TO INTERROGATORY NO. 8:**

10     Objection.  Interrogatory No. 8 is compound, argumentative and is vague and

11  ambiguous as to "evidence" and "destroyed."

12     Subject to the foregoing objections, copies of the evidence have been disclosed in this

13  lawsuit. Defendant Williams will supplement this Answer if more information becomes

14  available. *See* Answer to Interrogatory No. 7.

15  **INTERROGATORY NO. 9:**

16     Can you perform a secondary test for OIC# 501633?

17  **ANSWER TO INTERROGATORY NO. 9:**

18     Objection.  Interrogatory No. 9 is vague and ambiguous as to "secondary test" and as

19  to "OIC #501633."

20     Subject to the foregoing objections, the finding of guilt for OIC #501633 was based

21  on the evidence described in IR-2021-WSCC-001820, NDOC: 000083-000092.  While it is

22  unclear what "secondary testing" means, no additional testing was done or required.  The

23  **INTERROGATORY NO. 10:**

24     Why can't you perform secondary test for OIC# 501633?

25  **ANSWER TO INTERROGATORY NO. 10:**

26      *See* Objections and Response to Interrogatory No. 9.

27  **INTERROGATORY NO. 11:**

    What test do you typically use on mail?

**ANSWER TO INTERROGATORY NO. 11:**

Objection. Interrogatory No. 11 is vague and ambiguous as to "use on mail." The Interrogatory is not proportionate to the claims and defenses in this lawsuit.

Subject to these objections, the test used as related to this lawsuit is set forth in IR-2021-WSCC-001820, NDOC: 000083-000092. The specifications for the test are disclosed in MMC International BV information, NDOC: 000061-000082.

**INTERROGATORY NO. 12:**

What percentage of illegal substance was found in mail for grievance #2006-31-30317?

**ANSWER TO INTERROGATORY NO. 12:**

Objection. Interrogatory No. 12 is vague and ambiguous as to "percentage" and "found in."

Subject to the foregoing objections, *see* Answer to Interrogatory No. 18.

**INTERROGATORY NO. 13:**

Please answer the question to Interrogatory #12 to the best of your knowledge?

**ANSWER TO INTERROGATORY NO. 13:**

Objection. Interrogatory No. 13 is confusing and duplicative.

*See* Objections and Response to Interrogatory No. 12.

**INTERROGATORY NO. 14:**

Why didn't you authorize further testing just to be sure your officers were correct?

**ANSWER TO INTERROGATORY NO. 14:**

*See* Objections and Response to Interrogatory No. 9.

**INTERROGATORY NO. 15:**

When did you respond to 2nd level grievance #2006-31-30317?

**ANSWER TO INTERROGATORY NO. 15:**

Based on the review of the records, the transaction date for the 2nd level of 30317 is September 14, 2022. *See* NDOC: 000040, NDOC: 000041, NDOC NDOC: 000182.

1   **INTERROGATORY NO. 16:**

2        Did you exceed the allotted amount of time to respond to grievance #2006-31-30317?

3   **ANSWER TO INTERROGATORY NO. 16:**

4        Objection.  Interrogatory No. 16 is vague and ambiguous as to "allotted time."

5        Subject to the foregoing objections, the records indicate a grievance coordinator

6   signature of 12/8/21 and signature by Defendant Williams dated 9/14/22.  NDOC: 000182.

7   **INTERROGATORY NO. 17:**

8        When did you discover that Officer Suwe was falsifying reports at WSCC?

9   **ANSWER TO INTERROGATORY NO. 17:**

10        Objection.  Interrogatory No. 17 is argumentative, harassing and assumes facts not

11   in evidence. The Interrogatory fails to identify any report.  The Interrogatory is not

12   proportionate to the claims and defenses in this lawsuit.

13        Subject to these objections, my review of the records in this litigation demonstrates

14   the absence of any evidence that Senior Correctional Officer Robert Suwe falsified any

15   report.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1  **INTERROGATORY NO. 18:**

2  List the exact chemical compound detected in mail for OIC# 501633 grievance #2006-

3  31-30317?

4  **ANSWER TO INTERROGATORY NO. 18:**

5  Objection.  Interrogatory No. 18 is vague and ambiguous as it is unclear as to both

6  the OIC and grievance reference.

7  Subject to these objections, Synthestic Cannabinoids a.k.a. "Spice." *See* NDOC:

8  000084.

9  DATED this 25th day of March 2024.

10  AARON D. FORD
   Attorney General

11

12  By: /s/ Janet L. Merrill
   JANET L. MERRILL (Bar No. 10736)
   Deputy Attorney General

13

14  *Attorneys for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## VERIFICATION OF BRIAN WILLIAMS

2      I, Brian Williams, am a Defendant in the above-entitled matter. I have read the

3   foregoing Answers to Interrogatories [Set One] and am familiar with its contents. Pursuant

4   to 28 U.S.C. § 1746, I declare under penalty of perjury that the contents contained herein

5   are true and correct to the best of my knowledge.  I authorize my attorney Janet Merrill

6   Esq. to insert my signature electronically.

7      Executed on March 25, 2024.

8                                 *Brian Williams*
                                  BRIAN WILLIAMS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on March 25, 2024, I served the foregoing **DEFENDANT BRIAN WILLIAMS'** **ANSWERS TO PLAINTIFF'S INTERROGATORIES [SET ONE]** by depositing a copy for mailing in the United States Mail, first-class postage prepaid, Carson City, Nevada, addressed to the following:

Daine Crawley, #1167447
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702
*Plaintiff, Pro Se*

An employee of the
Office of the Attorney General

# Exhibit

# B

Grievances filed by Plaintiff in 2021
for case No: 3:22-CV-00530-CSD

1) Grievance # 20063130317

2) Grievance # 20063129599

3) Grievance # 20063131275

4) Grievance # 2006-31-31630



# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#** 20063130317                    **ISSUE DATE:**   11/12/2021

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CRAWLEY, DAINE ANTON | 1167447 | RTRN_L2 | BWILLIAMS |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 2 | 09/14/2022 | | Denied | TORSMITH | A |

### INMATE COMPLAINT

I am once again requesting a "lab test" to be done under Green vs. Massachusetts Department of Corrections Suffolk Superior Court Case No. 2184-cv-002283. It has been known that Sirchie Acquisition Company, as well as others under Biotech Inc (and other parent companies) have been known to use "Ampule Test's" that are up to 80% inaccurate due to false positives. That means 8 out of 10 are "false." cont'd.

### OFFICIAL RESPONSE

Offender Crawley,
BASIS FOR APPEAL: Inmate Crawley states that the letter did come from a legitimate address and he knows the sender. Furthermore, he states that the test done to confirm the letter contained narcotics was not done at all or done incorrectly.
REMEDIES SOUGHT: To have the items in question re-tested, to receive the mail in question or to have it returned to sender end a monetary amount of $5000.00 in damages.
WARDEN?S FINDINGS AND DECISION: On November 10, 2021, you were found guilty of the charge of MJ53, specifically attempting to introduce intoxicants into the facility. You were sanctioned to 30 days stat loss referral, 60 days loss of phone privilege, 60 days loss of canteen privilege and all restitution for this event. Please note that this charge also carries a conspiracy to. Please understand that per AR707, I am to consider three factors when deciding an appeal.
1. Whether there was substantial compliance with requirements of the offender Disciplinary Manual.
2. Whether the Disciplinary Hearing Committee?s decision was based of some evidence
3. Whether the sanctions imposed are appropriate.
Your appeal was reviewed, and I have found the following.
You state that your 14th amendment right was violated by not showing you the sensitive information noted in the original notice of charges and pursuant to Melnik vs Dzurenda you are entitled to this information. This specific case law relates to an offender not receiving copies of the mail that was seized, which you did receive. Furthermore, it states specifically in this case that ?To be clear, a prisoner?s right to access and prepare evidence for a disciplinary hearing is not unlimited nor unfettered. It may be limited by prison officials if they have a ?legitimate penological reason.? Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992). If granting a prisoner access to the requested evidence would ?be unduly hazardous to institutional safety or correctional goals,? access may be denied. Wolff, 418 U.S. at 566.? This is also reflected in AR 707.1.3.C.9. The evidence that you were not given to review was deemed confidential per AR 707.1.10 and per policy you are not entitled to.
You made claims that charging Officer lied on his report about the address be fictional. After reviewing his original report, he put ?illegible? where part of the street name would be. Without the full name of the street, you provided Sgt Fratis at your preliminary hearing it is understandable why the Officer suspected a fictional address. This is not grounds for reversal of charges per AR707.1.12.B. You state on Page 3 of the Disciplinary form III it clearly states, ?No Evidence?. The section you refer to is ?Evidence Disposal? there was no evidence disposed of in this case.
AR 707 states that ?some evidence? is needed for a finding of guilt. The fact that the letter was addressed to you and by your own statement is a person you know, the items tested positive by staff who received training to administer the tests satisfies this requirement. The hearing process was conducted in a manner required by AR 707 and did not deviate from procedure and finally the sanctions imposed are appropriate for a Class A sanction. Therefore, it is my decision that the finding of Guilty and the sanctions imposed are valid and your appeal is DENIED.
It should be noted that your administrative claim form for monetary damages in a disciplinary appeal is not in pursuant to AR 707 Offender Disciplinary Manual in regard to Warden?s Review and is automatically DENIED.

GRIEVANCE RESPONDER

Report Name: NVRIGR
Reference Name: NOTIS-RPT-OR-0217.4
Run Date:  SEP-14-22 12:54 PM

Page 1 of 6

LOG NUMBER: 30317

# NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: Daine Crawley          I D NUMBER: 1167447

INSTITUTION: WSCC          UNIT: 4A Cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE. LOG NUMBER 2006 3130317 ON THE SECOND LEVEL THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE _____ DATE 12/9/21

WHY DISAGREE: I am once again requesting a "Lab Test" to be done Under Green Vs. Massachusetts Department of Corrections Suffolk Superior Court Case NO. 2184-CV-00Z283. It has been Known that Sirchie Acquisition Company as well as others Under Biotech Inc (and other parent companies) have been Known to use "Ampule Test's" that are up to 80% inaccurate due to

GRIEVANCE COORDINATOR SIGNATURE _____ DATE 12/8/21

SECOND LEVEL RESPONSE _____

_____ GRIEVANCE UPHELD __X__ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: B. Will          TITLE: AWP          DATE: 9/14/22

GRIEVANCE COORDINATOR SIGNATURE _____ DATE: _____

INMATE SIGNATURE _____ DATE 9/27/22

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| Original | To inmate when complete, or attached to formal grievance |
| Canary | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold | Inmate's initial receipt |

P/0   12/10/2
F.B

**RECEIVED**

DEC 10 2021

WSCC WARDEN'S OFFICE

DOC 3094 (12/01)

LOG NUMBER: 30317

# NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME **Dwine Crawley**  I D NUMBER **1167447**

INSTITUTION **WSCC**  UNIT **4A Cell 35**

I REQUEST THE REVIEW OF THE GRIEVANCE LOG NUMBER **ZCCC-313O317** ON THE
SECOND LEVEL THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION
IS ATTACHED FOR REVIEW

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE _____ DATE 12/9/21

WHY DISAGREE I am once again requesting a Lab Test to be done under
Green Vs. Massachusetts Department of Corrections Suffolk Superior Court
Case NO. 2184-CV-00228334 has been known that it is the Acquisition
company as well as others under Biotech they and other parent companies have
been known to use Ampak Test that are upto 80% inaccurate due to

GRIEVANCE COORDINATOR SIGNATURE _____ DATE 12/5/21

SECOND LEVEL RESPONSE _____

_____

_____

_____ GRIEVANCE UPHELD **X** GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE **B.Williams**  TITLE **AWP**  DATE 1/14/22

GRIEVANCE COORDINATOR SIGNATURE _____ DATE _____

INMATE SIGNATURE _____ DATE 7/27/22

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| Original | To inmate when complete, or attached to formal grievance |
|---|---|
| Canary | To Grievance Coordinator |
| Pink | Inmate's receipt when formal grievance filed |
| Gold | Inmate's initial receipt |

**RECEIVED**

WSCC WARDEN'S OFFICE

DOC 3094 (12/01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley                    I.D. NUMBER: 1167447

INSTITUTION: WSCC                      UNIT #: 4A Cell 35

GRIEVANCE #: 20063130317      GRIEVANCE LEVEL: Second

GRIEVANT'S STATEMENT CONTINUATION:   PG. 1   OF 2

false positives. That means 8 out of 10 are "false". In 2012, Sirchie issued it's "Nark News" brochure that has acknowledged that "it is almost impossible" to develop a test that will not have "too many false positives", thus being the reason I am requesting a "Lab Test" to be done. If NDOC is confident that the test is not faulty, please send my mail to a "lab" to be tested, at my expense. The NDOC staff here at WSCC is knowingly commiting wrongful conduct, and is willfully violating it's lawful duties. Every positive test result for the DOC submitted for secondary verification (in the Green vs Massachusetts Department of Corrections case) was proven to be false as there is over 30 similar test's with the same issues according to Sirchie, and their manufacturer. Under the 14th Amendment I am entitled to copies of the results of this test, and any other test that has been done, if any. In reference to Melnik vs.

Original:       Attached to Grievance
Pink:           Inmate's Copy

**RECEIVED**

DEC 1 0 2021

WSCC WARDEN'S OFFICE
DOC – 3097 (01/02)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC            UNIT #: 4A Cell 35

GRIEVANCE #: 20063130317     GRIEVANCE LEVEL: Second

GRIEVANT'S STATEMENT CONTINUATION:   PG. 2   OF 2

Dzurenda I have "not" been given any copies of the mail, or evidence but would like for NDOC to provide them as this also violates my due process rights. This is also why I have previously refered to page 3 "of the disciplinary Summary form where it says "no evidence". I gave the full name of address, and location of "Celia Crescent in Richmond, VA at preliminary, as this Confirms the address as legitimate by SGT. Fratis himself. There is no discrepancy given to SGT. Fratis (he verified) Officer Suwe has lied, and is lying about the "test" being performed. Please request "Lab Test" at my expense and/or ameliorate the issue as previously stated in First Level grievance and administrative Claim form as all remedies are the same. The mail sent to rightful owner/sender, and $5,000.00 in damages; and dismissal of Charges.   Respectfully Submitted,

**RECEIVED**

Original:   Attached to Grievance
Pink:       Inmate's Copy

DEC 10 2021

WSCC WARDEN'S OFFICE

DOC – 3097 (01/02)

35



# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#** 20063130317          **ISSUE DATE:** 11/12/2021

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CRAWLEY, DAINE ANTON | 1167447 | RTRN_L1 | KWIDMAR |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 1 | 12/02/2021 | 4 | Denied | VMEZA | A |

| INMATE COMPLAINT |
|---|

| OFFICIAL RESPONSE |
|---|

BASIS FOR APPEAL: Inmate Crawley states that the letter did come from a legitimate address and he knows the sender. Furthermore he states that the test done to confirm the letter contained narcotics was not done at all or done incorrectly.

REMEDIES SOUGHT: To have the items in question re-tested, to receive the mail in question or to have it returned to sender and a monetary amount of $5000.00 in damages.

WARDEN?S FINDINGS AND DECISION: On November 10, 2021 you were found guilty of the charge of MJ53, specifically attempting to introduce intoxicants into the facility. You were sanctioned to 30 days stat loss referral, 60 days loss of phone privilege, 60 days loss of canteen privilege and all restitution for this event. Please note that this charge also carries a conspiracy to. Please understand that per AR707, I am to consider three factors when deciding an appeal.
Whether there was substantial compliance with requirements of the Inmate Disciplinary Manual.
Whether the Disciplinary Hearing Committee?s decision was based on some evidence
Whether the sanctions imposed are appropriate.
Your appeal was reviewed and I have found the following.
You state that your 14th amendment right was violated by not showing you the sensitive information noted in the original notice of charges and pursuant to Melnik vs Dzurenda you are entitled to this information. This specific case law relates to an inmate not receiving copies of the mail that was seized, which you did receive. Furthermore it states specifically in this case that ?To be clear, a prisoner?s right to access and prepare evidence for a disciplinary hearing is not unlimited nor unfettered. It may be limited by prison officials if they have a ?legitimate penological reason.? Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992). If granting a prisoner access to the requested evidence would ?be unduly hazardous to institutional safety or correctional goals,? access may be denied. Wolff, 418 U.S. at 566.? This is also reflected in AR 707.1.3.C.9. The evidence that you were not given to review was deemed confidential per AR 707.1.10 and per policy you are not entitled to.
You made claims that charging Officer lied on his report about the address being fictional. After reviewing his original report he put ?illegible? where part of the street name would be. Without the full name of the street you provided Sgt Fratis at your preliminary hearing it is understandable why the Officer suspected a fictional address. This is not grounds of reversal of charges per AR707.1.12.B.
You state on Page 3 of the Disciplinary form III it clearly states ?No Evidence?. The section you refer to is ?Evidence Disposal? there was no evidence disposed of in this case.
AR 707 states that ?some evidence? is needed for a finding of guilt. The fact that the letter was addressed to you and by your own statement is a person you know, the items tested positive by staff who received training to administer the tests satisfies this requirement. The hearing process was conducted in a manner required by AR 707 and did not deviate from procedure and finally the sanctions imposed are appropriate for a Class A sanction. Therefore it is my decision that the finding of Guilty and the sanctions imposed are valid and your appeal is DENIED.
It should be noted that your administrative claim form for monetary damages in a disciplinary appeal is not in pursuant to AR 707 Inmate Disciplinary Manual in regards to Warden?s Review and is automatically DENIED.

GRIEVANCE RESPONDER

**RECEIVED**

DEC 10 2021

WSCC WARDEN'S OFFICE

Log Number 2006 · 31 · 30817

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: Daine Crawley                I.D. NUMBER: 1167447

INSTITUTION: WSCC                UNIT: 4A cell 35

GRIEVANT'S STATEMENT: "For Tracking purposes" of "Appeal". disciplinary.

_____

_____

_____

_____

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: Dae Y            DATE: 11/17/21  TIME: 11:00 AM

GRIEVANCE COORDINATOR SIGNATURE: _____  DATE: 11/18/21 TIME: 47

GRIEVANCE RESPONSE: _____

_____

_____

_____

_____

CASEWORKER SIGNATURE: CCS J. Buchanan   DATE: 12/9/21

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____   DATE: 12/2/21

____ INMATE AGREES  X  INMATE DISAGREES

INMATE SIGNATURE: _____      DATE: 12/9/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY
BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | | |
|---|---|---|
| Original: | To Inmate when complete, or attached to formal grievance | |
| Canary: | To Grievance Coordinator | **RECEIVED** |
| Pink: | Inmate's receipt when formal grievance filed | |
| Gold: | Inmate's Initial receipt | NOV 1 8 2021 |

**RECEIVED**

··· 1 ° 2021

WSCC WARDEN'S OFFICE

DOC 3091 (12 / 01)

11/18/21
CCS JB

Log Number 20006-31-30317

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Daine Crawley                          I.D. NUMBER: 1167447

INSTITUTION: WSCC                            UNIT: 4A cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 2006-31-30317 , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _Deny_                     DATE: 11/17/21

WHY DISAGREE: At this time, I am requesting a "Lab Test" to be done as a part of my appeal process on any and all questionable Correspondence dated 10/13/21 addressed from 1832 Celia Crescent Richmond, VA 23236. I have sent a subpoena to the first Judicial Court in Carson, NV on October 28th, 2021 Aubrey Rowlett clerk signed, and sealed by deputy clerk to

GRIEVANCE COORDINATOR SIGNATURE: _____   DATE: 11/18/21

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: _____ DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 12/2/21

CCS J. Buchanan          12/9/21

_____ INMATE AGREES __X__ INMATE DISAGREES

INMATE SIGNATURE: _Deny_                     DATE: 12/9/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To Inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

## RECEIVED

NOV 1 8 2021

WSCC WARDEN'S OFFICE

DOC 3093 (12/01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT #: 4A Cell 35

GRIEVANCE #: 2006-31-30317     GRIEVANCE LEVEL: First Level Appeal

GRIEVANT'S STATEMENT CONTINUATION:     PG. 1 OF 2

have a new "Test" performed, as I believe that the original "test" was not Completed at all, my 14th Amendment rights were violated by not producing "The sensitive Information" referred to in 628 IR 2021-WSCC-001820, under Case No: 3:16-CV-00670-MMD-CLB John Melnik vs. James Dzurenda et. al. I was entitled to receive a Copy of the envelope under the operative disciplinary manual. Brown vs. Oregon Dept. of Corrections 751 F.3d 983, 987 (9th Cir 2014) It is my sincere belief that the "ampule Test" was either falsified, or Compromised in some manner. In addition, LT. Ashcraft stated on "tape" that the "entire" envelope was now Saturated versus the "one Corner". In his words it was his belief that my mail could "not" of been in contact with other Contaminated mail because it was the "entire envelope", So I am presumed "guilty". This altering of the report is a Violation of AR 339 in itself along with the Claim of a "fictional address" by C/OSuwe that was also discredited during the preliminary hearing on 11/5/21 By.

Original:     Attached to Grievance
Pink:     Inmate's Copy

RECEIVED

NOV 18 2021

WSCC ___ ___ ___ ICE

DOC – 3097 (01/02)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT #: 4A cell 35

GRIEVANCE #: 2006-31-30317     GRIEVANCE LEVEL: First Level Appeal

GRIEVANT'S STATEMENT CONTINUATION:     PG. 2   OF 2

SGT. Tratis "Page 3" of the Disciplinary Summary Clearly states that there is "No evidence in this OIC". Please review the "tape" from this hearing in addition to these facts of altering the Charging document. My remedy remains the same and to have my mail returned to sender, or myself after the "Lab Test" is conducted, and reveals that the "test" was incorrect on 10/13/2021. Please restore my stat loss credits along with any other loss than has been inflicted due to this falsehood including the cost of punitive damages in the amount of $5,000.00 due to 14th Amendment violations in accordance with AR 339, and AR 707. It should be noted that the area/location of saturation has been altered multiple times, though still not verified by anyone outside of the charging officer (Suwe)". No evidence has been presented at all by way of physical Lab Test authorization (See pg. 3 of Summary of Disciplinary). Respectively.

Original:     Attached to Grievance
Pink:          Inmate's Copy

**RECEIVED**

NOV 18 2021

WSCC WARDEN'S OFFICE
DOC-3097 (01/02)

# NEVADA DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE CLAIM FORM

**THIS FORM MUST BE COMPLETED PER NRS 41.036, 41.0322, 209.243 AND ADMINISTRATIVE REGULATION 740**

**DO _NOT_ SEND DIRECTLY TO ATTORNEY GENERAL'S OFFICE, BOARD OF EXAMINERS, OR DIRECTOR**

This form is to be attached to your grievance form for any injuries or any other claim (except property) arising out of a tort alleged to have occurred during your incarceration as a result of an act or omission of the Department of Corrections or any of its agents, former officers, employees or contractors.

The following information is necessary to fairly evaluate your claim. Please provide complete information. If you need more space, attach a separate sheet of paper. You may submit additional evidence if available. Such additional evidence will be returned.

CLAIM IN THE AMOUNT OF $ _5,000,00_ is hereby made against the Department of Corrections, based upon the following facts:

| 1. NAME OF CLAIMANT (Please print full name) | 2. I.D. # | 3. INSTITUTION |
|---|---|---|
| Daine Anton Crawley | 1167447 | WSCC |

| 4. AMOUNT OF CLAIM | 5. DATE AND DAY OF OCCURRENCE | 6. TIME (a.m. or p.m.) |
|---|---|---|
| $ 5,000,00 Five Thousand dollars | 11/10/21 | 12:00pm |

| 7. PLACE OF OCCURRENCE |
|---|
| Warm Springs Correctional Center |

**RECEIVED**

NOV 1 8 2021

WSCC WARDEN'S OFFICE

Page 1 of 3

8. Describe here, in complete detail, exactly how your claim loss or damage occurred and why you believe the institution is responsible or liable:

I am claiming punitive damages, and relief due to a "false positive" test result on mail dated 10/13/21 for "Cannabinoids Synthetic", damages ensued due to stat referal for MJ53, the evidence was not logged properly as shown on "page 3" of Summary of disciplinary hearing. My 14th Amendment rights have been violated regarding due process, and equal protection C/O Suwe is the liable party.

9. Witnesses. Be sure to include any staff member who may have been involved in, or has any knowledge of, your alleged loss; also, list any inmate who has actual knowledge of facts pertinent to your claim:

On the recorded tape LT. Ashcraft stated, that the evidence would be preserved by way of subpoena dated 10/28/21 from Carson Court Clerk Aubrey Rowlett, SGT. Fratis has verified the address as being legitimate, and through that verification it has been established that officer Suwe has lied about "fictional address", and phone calls are not credible since no evidence was presented.

10. Other pertinent information:

It should be noted that the punitive damages also include the cost of restitution if and when a "Lab Test" is approved by Warden of WSCC. Officer Suwe has a history of falsifying these test results, "page 3" of Summary of disciplinary hearing dated November 10, 2021 10:59 Am discloses the violation of 14th Amendment, and lack of evidence in relation to Case No. 3:16-CV-00670-MMD-CLB Melnik vs. Dzurenda et al. These paries any and all evidence (Lab Test requested)

**RECEIVED**

NOV 18 2021

WSCC WARDEN'S OFFICE

Page 2 of 3

STATE OF Nevada )
                         ) SS
COUNTY OF Carson )

I, Daine Anton Crawley , do hereby swear under penalty of perjury that I am the claimant named above, that I have read the foregoing claim and know the contents thereof, that the same is true of my own knowledge, except those matters stated upon information and belief, and as to those matters, I believe them to be true, and that THIS IS MY ENTIRE CLAIM AGAINST THE STATE OF NEVADA/DEPARTMENT OF CORRECTIONS.

I FULLY UNDERSTAND THAT I WILL HAVE TO SIGN A GENERAL RELEASE OF ALL CLAIMS IN THE PRESENCE OF A NOTARY PUBLIC FOR THE EXACT AMOUNT I AM CLAIMING BEFORE ANY PAYMENT WILL BE OFFERED TO ME. THIS GENERAL RELEASE WILL BECOME EFFECTIVE ONLY UPON ACTUAL PAYMENT OF THE CLAIM BY THE STATE OF NEVADA.

DATED this 17th day of November , 20 21

Signature of Claimant

**NOTICE**

NEVADA REVISED STATUTE 197.160 provides that every person who knowingly presents a false or fraudulent claim is guilty of a gross misdemeanor, and is subject to criminal penalties of imprisonment of up to one year, and a fine of up to $2,000.00.

RECEIVED

NOV 18 2021

WSCC WARDEN'S OFFICE

DOC – 3095 (12/01)

RECEIVED

WSCC WARDEN'S OFFICE

Page 3 of 3

35



# Nevada Department of Corrections
# Improper Grievance Memo

**TO:** Crawley, Daine # 1167447

**FROM:** AW K. Widmar

**DATE:** November 12, 2021

**RE: Improper Grievance #** 2006-31-30317          **1ST Reject**

The attached grievance is being returned to you for the following reason(s):

| |
|---|
| **NOT ACCEPTED - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.** |
| ☐ Non-grievable issues |
| ☐ State and federal court decision |
| ☐ State, federal and local laws and regulations |
| ☐ Parole Board decision |
| ☐ Lacks standing |
| ☐ Untimely submission. |
| ☐ Inmate elected NOT to sign and date any grievance form. |
| ☐ Grievance was granted. |
| ☐ Abuse of Inmate Grievance Procedure |
| ☐ A threat of serious bodily injury to a specific individual |
| ☐ Specific claims or incidents previously filed by the same inmate |
| ☐ Obscene, profane and derogatory language |
| ☐ More than one (1) grievance per week, Monday through Sunday |
| ☐ Other specify: |

| |
|---|
| **REJECTED - After correcting the deficiencies(s) listed below; you may re-submit your grievance at the same level unless specified. Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.** |
| ☐ The grievance contains more than one (1) appropriate issue.  Only 1 issue is allowed per grievance. |
| ☐ No factual harm/loss noted **and/or** no remedy requested. |
| ☐ More than two (2) continuation forms (DOC 3097) per grievance |
| ☐ Alteration of the grievance forms or continuation forms |
| ☑ Other: specify: A.R. 740 08.10 The inmate shall file an informal Grievance form that states "for tracking purposes" when an issue goes directly to the Warden (First Level) for a decision such es disciplinary appeals, As per AR 707.1 3 D a, the appeal of a disciplinary conviction Disciplinary Appeal shall be submitted in writing, utilizing the Inmate Grievance/Appeal Form, and shall concisely state the factual basis upon which the finding is appealed as well as the desired remedy. The inmate must also attach copies of the Notice of Charges – DOC 3017, Summary of Hearing Officer's Inquiry and Disposition – DOC 3018, Summary of Disciplinary Hearing – DOC 3019, and all supporting documents to the Gnevance/Appeal Form Resubmission to include all previously submitted grievance documents, including Improper Grievance Memo(s) DOC 3098. Please review AR 740, available in the Law Library & Consult with your caseworker for assistance. |

| Witness Signature | Date | Inmate Signature | Date |
|---|---|---|---|
| CCS J. Buchanan | 11/17/21 | | 11/17/21 |

cc: Original – Inmate
    Copy - Grievance File

DOC-3098 (01/19)

Log Number 2006-31-30317

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: Daine Crawley   I.D. NUMBER: 1167447

INSTITUTION: WSCC   UNIT: 4A cell 35

GRIEVANT'S STATEMENT: This is my intended appeal for disciplinary hearing IR 2021-WSCC-001820 OIC#501633 on November 10th 2021. I am requesting the warden to authorize a "Lab Test" for the mail in question, the informal shall be used as a tracking document per LT. Ashcroft (Ten Day time Contingency)

### SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____ DATE: 11/10/21 TIME: 12:00 pm

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 11/15/21 TIME: 8 Am

GRIEVANCE RESPONSE: _____

_____

_____

_____

_____

CASEWORKER SIGNATURE: CCS J. Buchanan   DATE: 11/17/21

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____ DATE: _____

_____ INMATE AGREES  X  INMATE DISAGREES

INMATE SIGNATURE: _____ DATE: 11/17/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

**RECEIVED**

NOV 1 2 2021

WSCC WARDEN'S OFFICE
DOC 3091 (12/01)

11/12/21

Log Number _____

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Daine Crawley                    I.D. NUMBER: 1167447

INSTITUTION: WSCC                      UNIT: 4A  Cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER _____ , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____                    DATE: 11/10/21

WHY DISAGREE: At this time, I am requesting a Test to be done on the mail dated 10/15/21 addressed to 1852 Celia Crescent Richmond, VA 23236. I have sent a Subpoena to the First Judicial Court in Carson, NV on October 28th, 2021 Aubrey Rowlett Clerk signed and sealed by deputy Clerk to have new "test" performed, as I believe that the test

GRIEVANCE COORDINATOR SIGNATURE: _____ —DATE: _____

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____

_____ GRIEVANCE UPHELD_____ GRIEVANCE DENIED_____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____TITLE: _____ DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _____

CCS J. Buchanan  11/17/21

_____ INMATE AGREES___X___ INMATE DISAGREES

INMATE SIGNATURE: _____                    DATE: 11/17/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To Inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

NOV 12 2021

WSCC WARDEN'S OFFICE

DOC 3093 (12/01)

Log Number _____

## NEVADA DEPARTMENT OF CORRECTIONS
### FIRST LEVEL GRIEVANCE

NAME: Draine Crawley   I.D. NUMBER: 1167417

INSTITUTION: WSCC   UNIT: 4A Cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER _____, IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____   DATE: 11/10/21

WHY DISAGREE: At this time I am requesting a Test date done on the mail dated 10/15/21 addressed to 1837 Celia Crescent Richmond VA 23736. I have sent a Subpoena to the First Judicial Court in Carson, NV on October 28th 2021 Aubrey Rowlett Clerk signed and sealed by deputy Clerk to have new test performed, as I believe that the test

GRIEVANCE COORDINATOR SIGNATURE: _____   DATE: _____

FIRST LEVEL RESPONSE: _____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____   TITLE: _____   DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____   DATE: _____

GCS J. Buchanan   11/17/21

_____ INMATE AGREES ___V___ INMATE DISAGREES

INMATE SIGNATURE: _____   DATE: 11/17/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To Inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's Initial receipt |

RECEIVED

NOV 12 2021

WSCC WARDEN'S OFFICE

DOC 3093 (12/01)

**NEVADA DEPARTMENT OF CORRECTIONS**
**GRIEVANT'S STATEMENT CONTINUATION FORM**

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC            UNIT #: 4A  35

GRIEVANCE #: _____        GRIEVANCE LEVEL: First Level Disciplinary appeal

GRIEVANT'S STATEMENT CONTINUATION:    PG. 1  OF  2

Was not done properly, and my 14th Amendment rights were violated by not producing "The Sensitive Information" refered to in 028 IR 2021-WSCC-001820, under Case No: 3:16-CV-00670-MMD-CLB John Melnik vs. James Dzurenda et.al. I was entitled to receive a Copy of the envelope under the operative disciplinary manual. Brown vs. Oregon Dept. of Corrections 751 F.3d 983, 987 (9th Cir 2014). It is my sincere belief that the "ampule test" was either falsified or Compromised in some manner. In addition, LT. Ashcraft stated "on tape" that the "entire envelope" was now saturated versus the "one corner". Had it just been "one corner" LT. Ashcraft would have reason to believe that possibly my mail came into Contact with other Contaminated mail, but since it was the "entire envelope", I am presumed "guilty". This is a Violation of AR 339 in itself along with the falsified Claim of a "fictional address" by C/O Suwe that was discredited in the "preliminary hearing" on 11/5/21 by SGT. Fratis. The

RECEIVED
NOV 1 2 2021
WSCC WARDEN'S OFFICE

Original:    Attached to Grievance
Pink:       Inmate's Copy

DOC – 3097 (01/02)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: __Daine Crawley__   I.D. NUMBER: __1167447__

INSTITUTION: __NSCC__   UNIT #: __4A Cell 35__

GRIEVANCE #: _____   GRIEVANCE LEVEL: __Disciplinary First Level of Appeal__

GRIEVANT'S STATEMENT CONTINUATION:   PG. __2__   OF __2__

Subpoena has been issued to the appropriate court, and myself to be served if, and when further litigation ensues. The dispute is in the "test" itself. Page "3" of Disciplinary Summary clearly states that there is "No evidence in this OIC". Please review the "tape" from hearing in addition to these facts of falsifying the charging document. My remedy is to have my mail returned to sender, or myself after a "Lab Test" is conducted, and reveals that the "test" was incorrect on October 13th, 2021, Please restore my stat loss credits along with any other loss that has been inflicted due to this falsehood including the cost of punitive damages resulting from this loss in the amount of $5,000.00 due to 14th Amendment Violation(s), in accordance with AR 339 and AR 707. It should be noted that the area of "Saturation" has been altered multiple times in reference to its location, though still not verified by anyone outside of the Charging Officer (Suwe) see Pg 3 of Summary of Disciplinary Respectively,

Original:   Attached to Grievance
Pink:   Inmate's Copy

RECEIVED

NOV 12 2021

WSCC WARDEN'S OFFICE
DOC – 3097 (01/02)

# State of Nevada
# Department of Corrections

### DISCIPLINARY FORM II
### SUMMARY OF HEARING OFFICER'S INQUIRY AND DISPOSITION

Nov 5th
aft Fratis

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME:   CRAWLEY, DAINE 1167447 | DATE OF HEARING·   10/16/2021   TIME OF HEARING     06 11 pm |
| CURRENT LOCATION     WSCC-U4-A-35-A; :;NC | NAME OF HEARING OFFICER:          FRATIS, TRAVIS |
| OIC# 501633          IR#   IR 2021-WSCC-001820 | DATE OF SERVICE OF NOTICE OF CHARGES:     10/13/2021 |

| WAIVE PREPARATION·   N | WAIVE HEARING   N | REFUSE TO SIGN     N |
|---|---|---|

### CHARGES

| Chrg | Description | Plea |
|---|---|---|
| MJ53 | Poss / Sale of Intoxicants | Not Guilty |

### PRELIMINARY STATEMENT OF OFFENDER

Inmate Crawley, Daine #1167447 requests to make the following statement·

"As the defendant in this matter  I am not disputing the mail. Just the results of the test  And I would be willing to pay for another test to be done end can show that I em willing as I initiated a subpoena to the First Judicial District Court on October 28th, 2021 to get the test result  Or, if we can have another test done, I will gladly pay for it as I know with a 99 9% accuracy rate that what is alleged to be on the letter is not cannabinoids or any stype of illegal ubstance for that matter." ...[TFRATIS, 11/05/2021 12 25 04] Inmate Crawley adds that he knows Wayne Sinclair (sender of the mail) and the address is legitimate  He hopes this will show that he is not trying to be deceptive or introduce narcotics but that there may be a misunderstanding

### PRELIMINARY INSTITUTION PRESENTATION

Inmate Crawley, Daine #1187447 was cautioned for possible criminal charges as well as his right to remain silent. Inmate Crawley states he understands the disciplinary process. Inmate Crawley understands that a plea of guilt waives any subsequent challenges to the disciplinary process as well as any rights to appeal. Inmate Crawley was advised that any challenge to the process must be done within 10 days of the sanctioning after his hearing  Inmate Crawley has been advised that a Major charge can come with stat loss referral. Inmate Crawley was asked if he had any questions to which he said he did not at this time  Inmate Crawley was shown any authorized/available evidence during the hearing  Inmate Crawley was notified of his 24 hour OIC notification and asked to waive his notification rights to expedite the Preliminary Hearing

### PRELIMINARY HEARING OFFICER ACTION

| Chrg | Description | RChrg | Description | Finding |
|---|---|---|---|---|
| MJ53 | Poss / Sale of Intoxicants | MJ53 | Poss / Sale of Intoxicants | Refer to Disciplinary Hearing |

### RESULTS OF INFORMAL SUMMARY HEARING

| Line | Description | Mths | Days | Eff. Date | End Date | SSL | Rest. Act | Penalty Comment |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### EVIDENCE RELIED ON FOR PRELIMINARY HEARING

| Date | UserName | Statement |
|---|---|---|
| 10/16/2021 | Sgt Fratis | Investigators 028 report  Preliminary hearing suspended as Inmate Crawley expressed interest in seeing the photographic evidence that I was unable to produce. Will resume sometime after Tuesday October 19th, 2021. .. [TFRATIS, 11/05/2021 12.22.51] The address on the envelope reads as 1632 Celia Crescent, Richmond, VA 23236 and is a legitimate road  Inmate Crawley is also stating he knows the sender (Wayne Sinclair) |

### ADVISEMENT TO DISCIPLINARY COMMITTEE

| Counsel Substitute Requested: | | Name of Counsel Substitute: |
|---|---|---|

### WITNESS INFORMATION

Witness Decision Justification:     Inmate Crawley, Daine #1167447 declines to call forward witnessses at this time.

| Name | NDOC/ID# | Decision | Reason | Table |
|---|---|---|---|---|
| | | | | |

AR 339
C/o SUWER
RECEIVED
Filed
NOV 12 2021
WSCC WARDEN'S OFFICE



# State of Nevada
# Department of Corrections
## DISCIPLINARY FORM I
## NOTICE OF CHARGES

| INMATE INFORMATION | VIOLATION INFORMATION |
|---|---|

**INMATE NAME:** CRAWLEY, DAINE 1167447

**CHARGING EMPLOYEE** Suwe

**CURRENT LOCATION** WSCC-U4-A-35-A; ; ;NC

**DATE OF INCIDENT:** 10/13/2021

**OIC#:** 501633   **IR#:** IR-2021-WSCC-001820

**DATE CHARGES WRITTEN:** 10/13/2021

### CHARGES AND EVIDENCE

| Chrg | Description | Evidence | Evidence Disposition |
|---|---|---|---|
| MJ53: | Poss. / Sale of Intoxicants | In Camera & Evidence Booked | |

### REPORT OF VIOLATION

On October 13, 2021 I Correctional Officer Suwe was assigned to Institutional Investigator at Warm Springs Correctional Center (WSCC). At Approximately 12 55 pm The Institutional Mailroom Officer handed me (1) orange in color envelope which appeared saturated with an unknown substance on the bottom left corner. The area of the envelope with saturation was approximately 2 1/2" x 3 1/2" in size and appeared to have misshapen the envelope. The suspicious envelope was addressed to (W S C.C, Daine Crawley 1167447, P.O. Box 7007, Carson City, NV, 89702) and the addressee (Wayne Sinclear, 1832 *Illegible*Crescent, Rich, VA, 23236.) The addressee appears to be a fictional name and address

Due to the suspicious nature of the envelope, a narcotic test was completed. While testing for narcotics, a Synthetic Cannabinoids test ampule was used which produced a positive result. Due to the positive results of the envelope, a review of Inmate Crawley, Daine #1167447 phone calls were conducted. While reviewing phone calls of Inmate Crawley, Diane, multiple phone calls were discovered containing conversations referring to the introduction of narcotics into WSCC. This is a direct violation of AR 707, as per AR 707 02.1 (All offenses listed shall also include an attempt or conspiracy to commit that violation.)

Due to sensitive information, please reference the 028 in IR-2021-WSCC-001820 for further details.

End of Report

| CHARGING EMPLOYEE SIGNATURE | SUPERVISOR SIGNATURE |
|---|---|

| SERVICE OF NOTICE OF CHARGES | DISTRIBUTION |
|---|---|

**DATE OF SERVICE:** _____   **TIME OF SERVICE:** _____

Primary Hearing Officer (Original)

Charging employee (Copy)

**PRINTED NAME OF SERVING OFFICER**_____

Inmate (Copy)

**SIGNATURE OF SERVING OFFICER**_____

**SIGNATURE OF INMATE** _____

(Signature indicates receipt of notice only. It is not a plea; refusal to sign should be noted)

Report Name: NVRNOC
Reference Name: NOTIS-RPT-OR-0061.3
Run Date:  NOV-10-21 10:58 AM

RECEIVED Page 1 of 1

NOV 1 2 2021

WSCC WARDEN'S OFFICE



# State of Nevada
# Department of Corrections
## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME: CRAWLEY, DAINE 1167447 | DATE OF HEARING 11/10/2021    TIME OF HEARING  07.58 am |
| CURRENT LOCATION:          WSCC-U4-A-35-A; : ;NC | NAME OF HEARING OFFICER. ASHCRAFT, RICHARD |
| LOCATION OF INCIDENT  WARM SPRINGS CORRECTIONAL CTI | DATE OF SERVICE OF NOTICE OF CHARGES.      10/13/2021 |
| OIC#. 501633        IR#.      IR-2021-WSCC-001820 | CHARGING EMPLOYEE: SUWE, ROBERT |

| | |
|---|---|
| Cautioned for Possible Criminal Charges? | Yes |
| Reminded of Right to Remain Silent? | Yes |
| Corroboration Testimony for CI Info? | |
| Does Investigator Validate CI? | |
| Does Chelr Validate CI Source? | |
| Are CI Documents Reliable? | |
| Does Safety Prevent Disclosure of CI? | |
| Was CI Info Accepted? | |
| Parole Board Referal? | No |
| Post Disciplinery Classification? | No |
| Director Review Required? | Yes |
| Does the offender want e witness | Was asked and does not want a witness |

| SIGNATURES AND RECEIPT | DISTRIBUTION |
|---|---|
| DATE OF SERVICE: 11-10-21   TIME OF SERVICE: 7:58 Am | I-FILE (Original) |
| PRINTED NAME OF HEARING OFFICER  Ashcraft | Inmate Services (Copy) |
| SIGNATURE OF HEARING OFFICER _____ | Inmate (Copy) |
| SIGNATURE OF INMATE _____ | |
| (Signature indicates receipt only. It is not a plea; refusal to sign should be noted) | |
| WARDEN/DESIGNEE _____ | |

**RECEIVED**

NOV 12 2021

WSCC WARDEN'S OFFICE



# State of Nevada
# Department of Corrections

## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|

INMATE NAME: CRAWLEY, DAINE 1167447

CURRENT LOCATION:         WSCC-U4-A-35-A; : :NC

LOCATION OF INCIDENT  WARM SPRINGS CORRECTIONAL CTI

OIC# 501633        IR#      IR-2021-WSCC-001820

DATE OF HEARING 11/10/2021    TIME OF HEARING  07.58 am

NAME OF HEARING OFFICER. ASHCRAFT, RICHARD

DATE OF SERVICE OF NOTICE OF CHARGES.      10/13/2021

CHARGING EMPLOYEE:  SUWE, ROBERT

Workload

| CHARGES AND PLEAS | | | ADDITIONAL HEARING INFORMATION |
|---|---|---|---|

| Chrg | Description | Plea |
|---|---|---|
| MJ53 | Poss. / Sale of Intoxicants | Not Guilty |

Counsel Substitute Requested:  ☐

Name of Counsel Substitute:

Proceeding Recorded:  ☒

Stat Forfeiture Possible:  ☒

Potential Category:  ☐

Offender Cautioned Regarding Possible Criminal Charges and Right to Remain Silent:  ☒

| WITNESS INFORMATION | |
|---|---|
| Witness Decision Justification: | Witness; Inmate Crawley was asked and requested no witnesses; Asked November 10, 2021 @ 7.58 am at Unit 4A Caseworker Office |

| Name | | NDOC/AD# | Decision | Reason | Table |
|---|---|---|---|---|---|

### CONFIDENTIAL INFORMATION (CI) CHECKLIST (BOTH A & B MUST BE 'YES' TO RELY ON CI)

A   CI RELIABLE:  ☐      CHECK AT LEAST ONE BOX BELOW

☐ INVESTIGATION OFFICER TESTIFIES PERSONALLY AS TO THE TRUTHFULNESS OF THE CONFIDENTIAL INFORMATION IN HIS REPORT.

☐ CORROBORATING TESTIMONY

☐ DISCIPLINARY CHAIR HAS FIRST HAND KNOWLEDGE OF SOURCE AND SOURCE HAS BEEN RELIABLE IN THE PAST

☐ IN-CAMERA REVIEW OF DOCUMENTS FOUND RELIABLE

B   STATEMENT BY CORRECTIONAL OFFICIAL: SAFETY PREVENTS DISCLOSURE OF CI  ☐

### DISCIPLINARY STATEMENT OF OFFENDER

Inmate Statement;

Inmate Crawley made the following statement;

"As the defendent in this matter. I am not disputing the mail. Just the results of the test. And I would be willing to pay for another test to be done and can show that I am willing as I initiated a subpoena to the First Judicial District Court on October 28th, 2021 to get the test result. Or, if we can have another test done, I will gladly pay for it es I know with a 99 9% accuracy rate that what is alleged to be on the letter is not cannabinoids or any stype of illegal ubstance for that matter " .. [TFRATIS, 11/05/2021 12 25 04] Inmate Crawley adds that he knows Wayne Sinclair (sender of the mail) and the address is legitimate  He hopes this will show that he is not trying to be deceptive or introduce

Report Name: NVRSDH

Run Date:  NOV-10-21 10:59 AM

Page 1 of 5

RECEIVED

NOV 1 2 2021

WSCC WARDEN'S OFFICE



# State of Nevada
# Department of Corrections

## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME:  CRAWLEY, DAINE 1167447 | DATE OF HEARING 11/10/2021    TIME OF HEARING:  07.58 am |
| CURRENT LOCATION:          WSCC-U4-A-35-A; : ;NC | NAME OF HEARING OFFICER. ASHCRAFT, RICHARD |
| LOCATION OF INCIDENT  WARM SPRINGS CORRECTIONAL CTI | DATE OF SERVICE OF NOTICE OF CHARGES:     10/13/2021 |
| OIC#: 501633        IR#.    IR-2021-WSCC-001620 | CHARGING EMPLOYEE:  SUWE, ROBERT |

### DISCIPLINARY STATEMENT OF OFFENDER

narcotics but that there may be a misunderstanding
I would like a new test done and whatever information they say that they have or received from whatever source the sensitive information. I would like to have all of that for future litigation.

### INSTITUTION PRESENTATION;

DH Institution Presentation:

On October 13, 2021 I Correctional Officer Suwe was assigned ta Institutional Investigator at Warm Springs Correctional Center (WSCC). At Approximately 12.55 pm The Institutional Mailroom Officer handed me (1) orange in color envelope which appeared saturated with an unknown substance on the bottom left corner. The area of the envelope with saturation was approximately 2 1/2" x 3 1/2" in size and appeared to have misshapen tha envelope The suspicious envelope was addressed ta (W.S C.C, Daina Crawley 1167447, P.O. Box 7007, Carson City, NV, 69702) and the addressee (Wayne Sinclear, 1832 *illegible*Crescent, Rich, VA, 23236 ) The addressee appears to be a fictional name and address.

Due to the suspicious nature of the envelope, a narcotic test was completed   While testing for narcotics, a Synthatic Cannabinolds test ampula was used which produced a positive result. Due to tha positive results af the envelope, a review af Inmate Crawley, Daine #1167447 phona calls were conducted. While reviewing phona calls of Inmate Crewley, Diane, multiple phone calls were discovered containing conversations referring ta tha introduction of narcotics inta WSCC. This is a direct violation of AR 707, as per AR 707.02.1 (All offenses listed shall also include an attampt or conspiracy to commit that violation.)

Due to sensitive information, please reference the 028 In IR-2021-WSCC-001820 for further details

End of Report.

### EVIDENCE RELIED ON FOR DISCIPLINARY HEARING

| Date | UserName | Statement |
|---|---|---|
| 11/10/2021 | Lt. Ashcraft | Evidence relied upon;
Written report af Officer Suwe
Inmate Crawley pled not guilty to the MJ53. Inmate was advised that he does have tha right ta appeal to the Warden via the grievance process within 10 days of this hearing

Rational/Justification;
The Notice of Charges writtan is clear end concise and does support the charge of MJ53 Poss/Sale of Intoxicants (Class A)
Based on the evidence provided in the offence report and the inmate plea of not guilty to this charge by Inmate Crawley, I find Inmate Crawley guilty.
These charges are sanctioned as follows;
Class B STAT Loss 30 Days
Loss of Canteen 60 Days
Loss of Phone 60 Days
Rastitution

Rastitution;
Restitution if needed

Authorized / Approved Evidence presented to Inmata:
Completed |



# State of Nevada
# Department of Corrections

## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME: CRAWLEY, DAINE 1167447 | DATE OF HEARING 11/10/2021   TIME OF HEARING  07.58 am |
| CURRENT LOCATION.   WSCC-U4-A-35-A; ; ;NC | NAME OF HEARING OFFICER: ASHCRAFT, RICHARD |
| LOCATION OF INCIDENT  WARM SPRINGS CORRECTIONAL CTI | DATE OF SERVICE OF NOTICE OF CHARGES:   10/13/2021 |
| OIC#: 501633     IR#.    IR-2021-WSCC-001820 | CHARGING EMPLOYEE:  SUWE, ROBERT |

### EVIDENCE RELIED ON FOR DISCIPLINARY HEARING

Evidence disposal,
There is no evidence in this OIC

Hearing Committee
Lt R Ashcraft
CCWS Buchanen
C/O Purmort

Law Library Representation
Not Requested

SMI Review
Not Required

The evidence
should be
The "Ampule Test"
I am requesting
to be re-tested
on envelope
at Lab
the entire basis
of this write-up

11/10/21

Daine C

RECEIVED

NOV 12 2021

WSCC WARDEN'S OFFICE

Report Name: NVRSDH
Run Date:  NOV-10-21 10:59 AM

Page 3 of 5



# State of Nevada
# Department of Corrections

### DISCIPLINARY FORM III
### SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | | HEARING INFORMATION | |
|---|---|---|---|
| INMATE NAME: CRAWLEY, DAINE 1167447 | | DATE OF HEARING 11/10/2021   TIME OF HEARING. 07:58 am | |
| CURRENT LOCATION. WSCC-U4-A-35-A; : ;NC | | NAME OF HEARING OFFICER: ASHCRAFT, RICHARD | |
| LOCATION OF INCIDENT WARM SPRINGS CORRECTIONAL CTI | | DATE OF SERVICE OF NOTICE OF CHARGES: 10/13/2021 | |
| OIC#. 501633      IR#   IR-2021-WSCC-001820 | | CHARGING EMPLOYEE: SUWE, ROBERT | |

### DISCIPLINARY HEARING ACTION

| Chrg | Description | RChrg | Description | Finding |
|---|---|---|---|---|
| MJ53 | Poss. / Sale of Intoxicants | MJ53 | Poss. / Sale of Intoxicants | Refer to Disciplinary Hearing |
| MJ53 | Poss. / Sale of Intoxicants | MJ53 | Poss. / Sale of Intoxicants | Guilty |

### RESULTS OF DISCIPLINARY HEARING

| Line | Description | Mths | Days | Eff. Date | End Date | SSL | Rest Act | Penalty Comment |
|---|---|---|---|---|---|---|---|---|
| 1 | Stat Loss Referral | | 30 | 11/10/2021 | | | | |
| 2 | Loss Of Phone Privilege | | 60 | 11/10/2021 | 01/09/2022 | | | |
| 3 | Loss Of Canteen Privilege | | 60 | 11/10/2021 | 01/09/2022 | | | |
| 4 | Restitution | | | 11/10/2021 | | | ALL_RES T | |

### ANCILLARY INFORMATION AND INSTRUCTIONS

[X] STAT FORFEITURE REFERRAL

[ ] RECOMMENDED CATEGORY

[ ] POST DISCIPLINARY CLASSIFICATION

| HEARING QUESTIONS | HEARING ANSWERS |
|---|---|
| Inmate Defendant Present? | Yes |
| Counsel Substitute Requested | No |
| Counsel Substitute Name | |
| Stat forfeiture possible? | Yea |
| Disciplinary Hearing Committee | Yes |
| Proceedings Recorded? | Yes |
| Stat Referral Sent | Yes |
| Potential Category? | CAT A |
| Recommended Category? | Cat B |



# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#**   20063129599                          **ISSUE DATE:**   10/21/2021

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CRAWLEY, DAINE ANTON | 1167447 | RTRN_L2 | WGITTERE |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 2 | 01/17/2023 | | Denied | DPUCKETT | INACTIVE |

| INMATE COMPLAINT |
|---|
| |

| OFFICIAL RESPONSE |
|---|

Offender Crawley, Daine #1167447. I am in receipt of Grievance Log Number 2006-31-29599 as it pertains to your mail and disciplinary hearing.

I have reviewed your grievances, the case law, the Administrative Regulations, and all attached responses. You state that WSCC violated your First Amendment right to communicate, your due process was violated as it pertains to Case Law Brown vs Oregon Department of Corrections, and you weren't provided the evidence as required by the Disciplinary Manual and Case Law Melnik vs Nevada Department of Corrections. Your remedy is to perform a "proper test" and return the mail associated with OIC #502792 to the sender.

The response issued at the First Level Grievance #2006-31-29599 addressed your grievance appropriately.

According to Brown vs Oregon Department of Corrections, you would be entitled to classification reviews during segregation. You were not sanctioned to segregation and therefore the case referenced bears no merit to your circumstance.

According to the Case John Melnik vs James Dzurenda, you are entitled to review the evidence used against you in a disciplinary hearing if your liberties may be effected by a finding of guilt and a sanctioning of restricting any freedoms such as disciplinary segregation or stat loss referral so long as the evidence used will not breach or compromise the safety and security of any persons, property, or operations of the Department.

The responders state you received a copy of the mail. In addition to the received mail, the ampule test provided by "NIK public safety," outgoing mail, and phone conversations were also used to find your guilt. The NIK test has been utilized by Senior Correctional Officer Hollaway for all of 2021 and is reputable narcotics test. Another test is unnecessary and will not be conducted at this juncture.

Due to interviews with associated staff, and because there was substantial compliance with the Administrative Regulations, Case Laws you cited, and the Disciplinary Manual, it is in my decision that your grievance is denied at the final level and all sanctions imposed be fulfillad.

NDOC Operations

JAN 1 7 2023

_____L·A/s=_____ DD W. A. Gittere

GRIEVANCE RESPONDER

LOG NUMBER: 29599

## NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: Daine Crawley                    I D NUMBER 1167447

INSTITUTION WSCC                       UNIT 4A Cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE. LOG NUMBER 20063129599    ON THE SECOND LEVEL. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE Dane C                    DATE 1/27/22

WHY DISAGREE Once again I have "not" received any physical Copies of this Mail dated 10/13/21 whatsoever. NDOC within Warm Springs Correctional Center has violated my 1st and 14th Amendment rights Under Case No: 316-CV-00670-MMD-CLB John Mehnik VS. James Dzurenda et al. and Green VS. Massachusetts Department of

GRIEVANCE COORDINATOR SIGNATURE Lt RL (Ashworth    DATE 1-28-22

SECOND LEVEL RESPONSE _____

_____

NDOC Operations

~~FEB 2 0 2022~~

~~DD W. A. Gittere~~

_____ GRIEVANCE UPHELD __✓__ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: LAi=                TITLE: DOO        DATE 2.20.2022

GRIEVANCE COORDINATOR SIGNATURE:           AcR Hanson    DATE: 3/7/2023

INMATE SIGNATURE: _____                        DATE 3/15/23

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| Original | To inmate when complete, or attached to formal grievance |
| Canary | To Grievance Coordinator |
| Pink | Inmate's receipt when formal grievance filed |
| Gold | Inmate's initial receipt |

**RECEIVED**

~~JAN 2 8 2021~~

WSCC WARDEN'S OFFICE

1/28/22
ccc

LOG NUMBER: 29599

# NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: Daine Crawley                          I.D. NUMBER: 1167447

INSTITUTION WSCC                             UNIT 4A cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 20063129599 _____ ON THE
SECOND LEVEL THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION
IS ATTACHED FOR REVIEW

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE _Dane C_____ DATE 1/27/22

WHY DISAGREE Once again I () have not received any physical copies
of this Mail dated 10/13/21 whatsoever. NDOC within Warm Springs
Correctional Center has violated my 1st and 14th Amendment rights under
Case No: 3:16-cv-00670-MMD-CLB John Melnik vs. James
Dzurenda et al. and Griffin vs. Massachusetts Department of

GRIEVANCE COORDINATOR SIGNATURE H R Litshinmo          DATE 1-28-22

SECOND LEVEL RESPONSE. _____

NDOC Operations

FEB 20 2022

DD W. A. Gittere

_____ GRIEVANCE UPHELD ___ ✓ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE L·A·────         TITLE: DDO           DATE 2·20·2022

GRIEVANCE COORDINATOR SIGNATURE ____ A. Herman          DATE 1/3/2023

INMATE SIGNATURE: _____          DATE 3/15/23

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| | |
|---|---|
| Original | To inmate when complete, or attached to formal grievance |
| Canary | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold | Inmate's initial receipt |

**RECEIVED**

JAN 28 2021

WSCC WARDEN'S OFFICE

DOC 3094 (12/01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley     I.D. NUMBER: 1167447

INSTITUTION: WSCC     UNIT #: 4A cell 35

GRIEVANCE #: 20063129519     GRIEVANCE LEVEL: Second

GRIEVANT'S STATEMENT CONTINUATION:     PG. 1 OF 2

Corrections Suffolk Superior Court Case No: 2184-CV-002283. The green Case pertains to false testing that I believe was done here at WSCC as well. No Copy of this positive test was produced and the mail has not been sent to lab for further testing. 1032 Celia Crescent Richmond, VA 23236 has been Verified as a legitimate address by SGT. Fratis during preliminary hearing at WSCC operations. The name of Sender, and address was verified and should be returned to sender Since No lab Test was done, If lab Test would have been done WSCC officials would have no grounds to withhold the mail in question; this being the issue at hand. WSCC officials Continue to make false Statements that have been proven to be fabricated regarding evidence and/or pictures. There is no way that this grievance Can be partially granted if no pictures pertaining to

Original:     Attached to Grievance
Pink:     Inmate's Copy

RECEIVED

JAN 2 8 2021

WSCC WARDEN'S OFFI

DOC – 3097 (01/02)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley       I.D. NUMBER: 1167447

INSTITUTION: WSCC       UNIT #: 4A Cell 35

GRIEVANCE #: 20063129599       GRIEVANCE LEVEL: Second

GRIEVANT'S STATEMENT CONTINUATION:   PG. 2 OF 2

this correspondence has ever been presented. The remedy remains the same to have my mail returned to the Sender at 1832 Celin Crescent Richmond, VA 23236 Wayne Sinclear or myself. Until NDOC at WSCC sends the mail to a Lab to be tested there is nowhere or noway to Suggest that this particular mail Contains any type of Substance violating AR 339, AR 422, AR 457 and AR 750, AR 711 regarding Evidence. Due to the Green Case, it should be noted that The Sindrie Acquisition Company, BioTech and other Parent Companies have been Known to produce Ampule Tests that are 80% inaccurate (that means 8 out of 10 tests are false positives) regarding Synthetic Cannabinoids. I will be filing suit once my rights Continued to be violated this past year, and this Administrative Remedy is exhausted.       Respectively,

Original:       Attached to Grievance
Pink:       Inmate's Copy

**RECEIVED**

JAN 2 8 2021

WSCC WARDEN'S OFFIC

DOC – 3097 (01/02)



# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#**   20063129599                  **ISSUE DATE:**   10/21/2021

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CRAWLEY, DAINE ANTON | 1167447 | RTRN_L1 | KWIDMAR |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 1 | 12/27/2021 | 5 | Partially Granted | ECHERPESKI | INACTIVE |

### INMATE COMPLAINT

### OFFICIAL RESPONSE

Inmate Crawley #1167447, I am in possession of your First Level Grievance #20063129599 and I have reviewed your grievance in reference to the unauthorized mail notification, reports and case law related to this incident.

You state in your First Level Grievance that you have a ?First Amendment? right to communicate via mail. You also state under case No: 3:16-cv-00670-MMD-CLB John Melnik v.s. James Dzurenda et al. You are entitled to receive a copy of the envelope/evidence in question under the operative disciplinary manual. You also city case law Brown vs. Oregon Dept. of Corrections 751 F.3d 983,987 (9th Cir. 2014). Additionally you state 722.10, AR 750.04 Section B, 750.05 Section 2 you want your mail log reviewed by the department. You also stated Officer Fratis verified the address as legitimate.

After reviewing the First Amendment of the Constitution of the United States; Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. Which this amendment does include mail.

After reviewing case No: 3:16-cv-00670-MMD-CLB John Melnik v.s. James Dzurenda et.al.
This case law does state you are entitled to a copy of the evidence used against you for the Disciplinary hearing.

Case law Brown vs. Oregon Dept. of Corrections 751 F.3d 983,987 (9th Cir. 2014) has been reviewed and has no bearing on any issues presented by the grievant.

Administrative Regulation 722 Inmate Legal Access Section 10 Censorship of Legal Mail has been reviewed in relation to grievant statements. This has been found to lack relevancy in OIC #501633. No Legal mail was involved.
Grievant claims pursuant to AR750 Inmate General Correspondence and Mail Section 04 Other Mail/Correspondence, Sub Section B states: Legal correspondence between NDOC incarcerated persons is allowed if they are co-defendants or co-plaintiffs in active post-conviction litigation or pursuant to court order is also allowed.
This section of Administrative Regulation 750 has no bearing on this grievance.

After reviewing information relating to Administrative Regulation 750 Inmate General Correspondence and Mail, Section 05 Monitoring Inmate Mail, Warm Springs Correctional Center staff followed this regulation and all documentation is completed as outlined within this section of AR 750.

In reference to the address on the in-coming mail addressed to you, after reviewing the address of 1832 Celia Crescent Richmond Virginia 23236. This is not a valid address within the state of Virginia.
As per AR 750 Inmate General Correspondence and Mail, Section 03 Sub Section 3 Envelopes containing incoming mail. Sub-Sub Section D states; The senders name and address must appear in the upper left corner.
Based on the invalid address of the sender and the presumptive positive test for Synthetic Cannabinoids the mail cannot be forwarded through the United States Postal Service.

Based on the information gathered while reviewing this grievance; Your Grievance has already been partially granted
You have received a copy of the mail addressed to you. The photographic evidence presented in the Disciplinary Hearing of this OIC. You will be presented these photographs again.
The disciplinary hearing and decision will be upheld and not overturned.
This aspect of the grievance is denied

GRIEVANCE RESPONDER

Report Name: NVRIGR
Reference Name: NOTIS-RPT-OR-0217.4
Run Date:   DEC-27-21 09:29 AM

RECEIVED
Page 1 of 1

JAN 2 8 2021

WSCC WARDEN'S OFFI

Log Number 2006·31 29599

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Daine Crawley     I.D. NUMBER: 1167447

INSTITUTION: WSCC     UNIT: 4A Cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 2006-31-29599 , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: Dang     DATE: 11/17/21

WHY DISAGREE: Once again I am appealing. The rejection notice on 10/13/21. Please reverse this decision and/or return my mail to Sender. I have a "first Amendment" right to communicate via mail. Per Disciplinary hearing on 11/10/21 I have requested a "Lab Test" to be done on any, and all Correspondence in question

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 11/18/21

FIRST LEVEL RESPONSE: Partially granted. (See attached)

_____

_____

_____

_____

✓ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: _____ DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 12/27/21

_____ INMATE AGREES __X__ INMATE DISAGREES

INMATE SIGNATURE: Dang     DATE: 1/27/22

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

NOV 17 2021

WSCC WARDEN'S OFFICE

11/17/21

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Drine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT #: 4A Cell 35

GRIEVANCE #: 2006-31-29599     GRIEVANCE LEVEL: ~~Informal~~/First

GRIEVANT'S STATEMENT CONTINUATION:    PG. 1    OF 1

On October 28th, 2021, I personally filed a "subpoena To request all sensitive Information" Cited in NOC from 10/13/21 Under Case No: 3:16-CV-00670-MMD-CLB John Melnik vs. James Drvenda et. al. I am entitled to receive a copy of the envelope/evidence in question under the operative disciplinary manual, Brown vs. Oregon Dept. of Corrections 751 F.3d 983, 987 (9th cir. 2014). I am not changing this remedy at all, I want my mail returned to sender or myself. Once the "Test" reveals that there is no substance on mail, that return of mail should be the outcome. Furthermore, under 722.10' AR 750.04 section B, 750.05 Section 2 I would like to have my mail log reviewed by your department as Officer Fratis has verified that this address is legitimate. A "Test" will reveal no Contraband, and my remedy is the same as "Informal". Respectfully Submitted.

Original:    Attached to Grievance
Pink:        Inmate's Copy

RECEIVED

NOV 17 2021

WSCC WARDEN'S OFFICE



# Nevada Department of Corrections
## Improper Grievance Memo

TO:          Inmate: Crawley, Daine          NDOC# 1167447

FRDM:        K. Widmar, AW (W.S.C.C.)

DATE:        November 15, 2021

RE:          Improper Grievance # 2006-31-29599    RJD [1]

**The attached grievance is being returned to you for the following reason(s):**

**This grievance may NOT proceed to the next level Per AR 740.03,5 due to the following:**

☐ Non-grievable issue.
    ☐ State and federal court decision.

    ☐ State, federal and local laws and regulations.

    ☐ Parole Board decision.

    ☐ Lacks standing.

☐ Untimely submission.

☐ Abuse of Inmate Grievance Procedure.
    ☐ Any language, writing or illustration deemed to be obscene, profane or derogatory.

    ☐ A threat of serious bodily injury to a specific individual.

    ☐ Specific claims or incidents previously filed by the same inmate.

    ☐ More than one (1) grievance per week, Monday through Sunday.

    ☐ More than two (2) unfounded, frivolous or vexatious grievances per month.

**After correcting the deficiencies(s) listed below; you may re-submit your grievance at the same level.**

☐ The grievance contains more than one (1) appropriate issue. Only 1 issue is allowed per grievance.

☐ No factual harm/loss noted and/or no remedy requested.

☒ Other; specify: Per AR 740.04.2(F) "The claim or requested remedy changes or is modified from one level to another." You have changed topic with each grievance submission.

Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.

_CCS J. Buchanan_  _11/17/21_        _____  _11/17/21_
Witness Signature      Date           Inmate Signature      Date

cc: Original – Inmate
    Copy - Grievance File

DOC-3098 (01/17)

Log Number 2006-31-29599

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Drine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT: 4A cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 2006-31-29599        , IN A FORMAL
MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED
FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____          DATE: 11/8/21

WHY DISAGREE: As previously stated in the "preliminary hearing for NOC"
I am requesting a "Lab Test" or "Second Test" for mail issue, as I believe
the "ampule test" was fabricated. This is the reason that I cited
the "two" previous cases in the "informal grievance" process. On October 28th
2021 I personally filed a "Subpoena" to request all "Sensitive Information"

GRIEVANCE COORDINATOR SIGNATURE: _____          DATE: 17/15/21

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____    ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: _____ DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _____

        CCS J. Buchanan    11/17/21

_____ INMATE AGREES ___X___ INMATE DISAGREES

INMATE SIGNATURE: _____          DATE: 11/17/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE
PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To Inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

WSCC WARDEN'S OFFICE

NOV 0 9 2021

RECEIVED


11/9/21

DOC 3093 (12/01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT #: 4A Cell 35

GRIEVANCE #: 2006-31-29599     GRIEVANCE LEVEL: First

GRIEVANT'S STATEMENT CONTINUATION:   PG. 1   OF 2

Cited in the "NOC" from 10/13/21 in the First Judicial Court
of Carson, Nevada, Under Case No: 3:16-CV-00670-MMD-CLB
Jdn Melvik vs. James Dzurenda et. al. I am entitled to receive
a copy of the evidence/envelope, or mail in question under the
operative disciplinary manual. Brown vs. Oregon Dept of Corrections
751 F.3d 983, 987 (9th Cir. 2014). Due to incorrect assumptions
by C/o Suwe and past history of deception by him regarding
falsified "test's", I would like the test to be done in my
presence, or sent to lab before making such an absurd accusation.
My remedy remains the same in that I would like my mail
returned to sender, or myself when the results reveal that
there is no substance/narcotic on the mail. I will show
Subpoena from Carson City Court Clerk Aubrey Rowlett to verify
claim and future pending litigation for the 14th Amendment
Violation that has transpired, if necessary. An "ampule test"
is not admissible in court, and a "lab test" has not been performed.

Original:    Attached to Grievance
Pink:        Inmate's Copy

WSCC WARDEN'S OFFICE

NOV 09 2021

RECEIVED

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT #: 4A  Cell 35

GRIEVANCE #: 2006-31-29599          GRIEVANCE LEVEL: First

GRIEVANT'S STATEMENT CONTINUATION:     PG. 2 OF 2

Furthermore, I have "no" prior history of such conduct to validate this claim made by Mr. Suwe. On the other hand, he does have prior history of deception as shown in the write up itself where it clearly shows that he lied in saying the address is "fictional". The address was verified by "SGT. Frafir" as an "legitimate address". The only way to resolve an issue of this magnitude is to perform a "proper Test", and return the mail immediately to either myself or sender at "1832 Celia Crescent Richmond, VA 25236". Respectfully Submitted,

Original:     Attached to Grievance
Pink:         Inmate's Copy

WSCC WARDEN'S OFFICE

NOV 0 9 2021

RECEIVED

DOC – 3097 (01/02)



# State of Nevada
# Department of Corrections

### INMATE GRIEVANCE REPORT

**ISSUE ID#**  20063129599

**ISSUE DATE:**  10/21/2021

| INMATE NAME | | NDOC ID | TRANSACTION TYPE | | ASSIGNED TO | |
|---|---|---|---|---|---|---|
| CRAWLEY, DAINE ANTON | | 1167447 | RTRN_INF | | AHARROUN | |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | | STATUS |
|---|---|---|---|---|---|---|
| IF | 10/26/2021 | 4 | Denied | VMEZA | | A |

### INMATE COMPLAINT

### OFFICIAL RESPONSE

Inmate Crawley #1167447, I am in possession of your informal grievance #2006-31-29599 and I have reviewed your grievance, unauthorized mail notification and the reports related to this incident.

You state that per Hallal v. Hopkins putting a check next to "other" is not a valid reason to seize your mail. Further you state you want your mail given to you or returned to it's sender.

While investigating this grievance the following facts were discovered:

1. The unauthorized mail you received did not just have a check box next to other, it stated in the same line that it's "PENDING INVESTIGATION".

2. The mail in question tested positive for Synthetic Cannabinoids aka "Spice" and you were issued a Notice of Charges for conspiring to introduce intoxicents into the facility.

3. As you state in your grievance, ?Prison officials may place restraints on the exchange of non-legal mail between prisoners and outside persons and between prisoners within the prison so long as the restraint is related to a legitimate governmental interest.? Hallal v. Hopkins, 947 F. Supp. 978, 998 (S.D. Miss. 1995). In this case law the Supreme Court of the United States of America states: the discovery and confiscation of contraband serves a legitimate and reasonable penological interest. The discovery of narcotics infused into your mail is sufficient to seize your mail.

4. The second case law you cited Allen V. Wood, 970 F. Supp. 824, 832 (1997) was about the banning of certain catalogs and was found by the Supreme Court of the United States of America to be constitutional. This case has no bearing on this grievance.

5. Per AR 750.03 all incoming mail shall be inspected for contraband, this includes "Spice" infused into the mail itself.

Due to the totality of these facts it is my determination that your grievance has no merit and is DENIED in it's totality.

GRIEVANCE RESPONDER

Log Number _2006·31·29599_

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: _Diane Crawley_                          I.D. NUMBER: _1167447_

INSTITUTION: _WSCC_                          UNIT: _4A cell 35_

GRIEVANT'S STATEMENT: _This is my intended appeal of AR 750. The rejection notice does not specify for what reason my incoming mail was rejected. There is no specific reason listed why my mail is being rejected, as I have no prior history pertaining to this matter. Please reverse this decision and/or return my mail to sender. Per AR 750 I have_

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: _[signature]_           DATE: _10/13/21_ TIME: _5:00 pm_

GRIEVANCE COORDINATOR SIGNATURE: _[signature]_    DATE: _10/21/21_ TIME: _4p_

GRIEVANCE RESPONSE: _____

_____

_____

_____

_____

CASEWORKER SIGNATURE: _CCS J. Buchanan_   DATE: _11/8/21_

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _[signature]_   DATE: _10/28/21_

____ INMATE AGREES __X__ INMATE DISAGREES

INMATE SIGNATURE: _[signature]_                DATE: _11/8/21_

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

**RECEIVED**

OCT 1 4 2021

WSCC WARDEN'S OFFICE

DOC 3091 (12 / 01)

10/14/21
ccs J.B.

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT #: 4A Cell 35

GRIEVANCE #: 2006·31·29599   GRIEVANCE LEVEL: Informal

GRIEVANT'S STATEMENT CONTINUATION:   PG. _1_ OF _1_

10 days to appeal this decision, my mail has been with held for over 10 days before being issued this "mail rejection". I have a "First Amendment" right to Communicate by mail. Prison officials Can restrict incoming Correspondence from prisoners' family and friends if the restrictions are "reasonably related" to legitimate interests, a "X" by the other box on this form does not constitute a reasonable determination. Hallal vs. HopKins, 947 F. supp. 978, 998 (S.D. Miss. 1995) Allen vs. Wood, 970 F. supp. 824, 831 (E.D. Wash. 1997). If a reasonable decision Cannot be made, my mail returned to Sender, or myself then proper legal action will ensue. Please review the above Cases in relation to this matter before further litigation becomes prevalent. Mail dated 10/13/21 by McTee. Respectfully Submitted,

Original:      Attached to Grievance
Pink:          Inmate's Copy

**STATE OF NEVADA**
**DEPARTMENT OF CORRECTIONS**

TO: Crawley, Daine  #1167447    4A 35A

FROM: C/O McTee

DATE: 10-13-2021

SUBJECT:    Mail Rejection:

The Nevada Department of Corrections is required under Administrative Regulation 750 to notify the sender and inmate on the rejection of their mail.

The reason for rejection is one of the following:
1.    ( ) The letter contains threats of physical harm against any person or threats of criminal activity.
2.    ( ) The letter threatens blackmail or extortion.
3.    ( ) The letter addresses either the introduction of contraband into the institution or the sending of contraband out of the institution.
4.    ( ) The letter concerns plans to escape.
5.    ( ) The letter concerns plans for activities in violation of institutional rules.
6.    ( ) The letter concerns plans for criminal activities.
7.    ( ) The letter is in code and its contents are not understood by staff reader.
8.    ( ) The letter solicits gifts or goods or money from other than family.
9.    ( ) The letter contains information, which if communicated would create a clear and present danger of violence and physical harm to a human being.
10.    ( ) You are under investigation for conspiracy to introduce contraband into the facility.
11.    ( X ) Other:  Specific:
_____PENDING INVESTIGATION

This rejection applies to:

        Incoming mail __X___        Outgoing mail _____

You may appeal this decision through the inmate grievance process within 10 days of receiving this notice.

WARDEN

CC:    Inmate
        Mailroom
        Investigations
        Sender
        File

NDOC-3021(2/14)



# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#** 20063131275                    **ISSUE DATE:** 12/16/2021

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CRAWLEY, DAINE ANTON | 1167447 | RTRN_L2 | WGITTERE |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 2 | 01/18/2023 | | Denied | DPUCKETT | INACTIVE |

| INMATE COMPLAINT |
|---|

| OFFICIAL RESPONSE |
|---|

Offender Daine Crawley #1167447:

After careful review of the attachments provided, the disciplinary hearings, the Securus phone monitoring system, and the investigator reports, the following are my findings and decision.

Administrative Regulation 750.02(4), authorizes the Warden/designee to prohibit outgoing mail under appropriate circumstances. The mail was deemed prohibited as it was found to facilitate criminal activity.

As appropriately addressed at the First Level, per AR 707, there are three factors to consider when reviewing an appeal (which is what your First Level Grievance was submitted for).

1) Whether there was substantial compliance with requirements of the Inmate Disciplinary Manual
2) Whether the Disciplinary Hearing Committees decision was based on some evidence
3) Whether the sanctions imposed are appropriate and within IDM guidelines

With careful review and considerations to policy, I do not find any of these factors to have been violated. Your disciplinary hearings were completed within the required timeframes, you were advised of your rights, some evidence was used for the disciplinary committee to find you guilty, and the sanctions imposed align with the disciplinary manual.

The findings and recommended sanctions of the Disciplinary Hearing Committee will stand and the grievance is denied.

NDOC Operations

_L. A. G._    JAN 17 2023

GRIEVANCE RESPONDER    DD W. A. Gittere

LOG NUMBER. **31275**

## NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME Daine Crawley                    I D NUMBER 1167447

INSTITUTION WSCC                    UNIT 4A cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE. LOG NUMBER 2006 31 31275    ON THE
SECOND LEVEL  THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION
IS ATTACHED FOR REVIEW

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE _Daine C_                    DATE: 12/21/21

WHY DISAGREE Once again My words are being misconstrued, as I did "not" suggest that testing should not of been done, rather I am saying + ceiling was "not" done, and SGT. Robison has admitted to falsifying the preliminary portion on 11/16/21, As well as the fact that this write-up is for screened "Legal Correspondence". The respondent to this "First Level" Clearly did not read or investigate this matter.

GRIEVANCE COORDINATOR SIGNATURE:                    DATE 12/22/21

SECOND LEVEL RESPONSE:
_____
_____
_____
_____

_____ GRIEVANCE UPHELD __✓__ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: La/___ WON 3 00 2022    TITLE: DOO    DATE: 1.17.2023

GRIEVANCE COORDINATOR SIGNATURE:                    DATE: 4/11/2023

INMATE SIGNATURE                    DATE: 4/12/2023

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| Original | To inmate when complete, or attached to formal grievance |
| Canary | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold | Inmate's initial receipt |

RECEIVED

DEC 2 2 2021

WSCC WARDEN'S OFFICE
DOC 3094 (12/01)

12/22/21

LOG NUMBER: 31275

## NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: Daine Crawley               I.D. NUMBER 1167447

INSTITUTION WSCC               UNIT 4A cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 2006 31 31275 ON THE SECOND LEVEL. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE Dane                  DATE: 12/21/21

WHY DISAGREE Once again My words are being misconstrued, as I did not "suggest" their testing should not of been done, rather I am saying testing was not "done, and SGT. Ketchen has admitted to falsifying the preliminary portion on 11/16/21, As well as the fact that this write-up is for screened legal correspondence". The respondent to this First level Clearly did not read or investigate this matter.

GRIEVANCE COORDINATOR SIGNATURE. _____       DATE 12/22/21

SECOND LEVEL RESPONSE

31(

_____ GRIEVANCE UPHELD ____ ✓ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: _____ LON 3 30 2022    TITLE: DDU    DATE: 1.17.2022

GRIEVANCE COORDINATOR SIGNATURE. _____ A-12/lo. and    DATE. 4/11/2023

INMATE SIGNATURE: _____       DATE 4/12/2023

## THIS ENDS THE FORMAL GRIEVANCE PROCESS

| Original | To inmate when complete, or attached to formal grievance |
| Canary | To Grievance Coordinator |
| Pink | Inmate's receipt when formal grievance filed |
| Gold | Inmate's Initial receipt |

RECEIVED

DEC 22 2021

WSCC WARDEN'S OFFICE
DOC 3094 (12/01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT #: 4A Cell 35

GRIEVANCE #: 2006-31-31275          GRIEVANCE LEVEL: Second

GRIEVANT'S STATEMENT CONTINUATION:          PG. 1 OF 2

This write-up is for "outgoing Legal Correspondence" that I sent to my Legal representative. The AR 722.10 was violated regarding this "outgoing" Legal Mail, as Legal Correspondence Cannot be monitored. The rejection for this mail was not issued until 11/12/21 exceeding the 24 hour time restriction for outgoing Legal Mail. Under AR 750.05 A) the reason for monitoring B) The approximate length, or as estimated to last was not adhered to. No evidence whatsoever was presented for this write-up. DOC Form 3027, or DOC Form 1740 were not Utilized under AR 750.06. Officer Suwe is apart of the previous Investigation that led to this write-up, it was his write-up that was sent in this "Legal Correspondence" to my legal representative that is now being used against me. Mr. Suwe is the basis for this claim, and pending litigation on previous incoming Correspondence he lied about. My outgoing "Legal Correspondence" was "not" tested and that is my point. SGT. Robison did not state facts. These AR's were Violated, Then on page

Original:      Attached to Grievance
Pink:          Inmate's Copy

RECEIV[...]

DEC 22 [...]

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley                    I.D. NUMBER: 1167447

INSTITUTION: WSCC                      UNIT #: 4A Cell 35

GRIEVANCE #: 2006-31-31275    GRIEVANCE LEVEL: Second

GRIEVANT'S STATEMENT CONTINUATION:   PG. 2 OF 2

5, and pg. 6 section D of AR 707 He should not of been a part of the disciplinary Commitee, as he may compromise my entire investigation regarding the "false testing" that was done in October 13, 2021 that led to this new write up (Coincidentally the same day of (11/10/21) hearing) This does not comply with disciplinary manual in that regard. The Commitee did not come to a conclusion as to my guilt as a collective, the "tape" will disclose that LT. Ashcraft had "no evidence" and every AR listed was violated. Mr. Robison during preliminary on 11/16/21 has substantiated my claim of false Testing Under Green Vs. Massachusetts Dept. Of Corrections Suffolk Superior Court Case No. 2184-CV-002283 and Melnik vs. Dzurenda. My remedy is the same dismiss this preposterous write-up, recover my lost Legal correspondence and award $2,500 in damages for IR-2021-WSCC-001993.

Original:    Attached to Grievance
Pink:        Inmate's Copy

RECEIVE

DEC 22 2021

WSCC WARDEN'S OF

DOC – 3097 (01/02)



# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#** 20063131275                    **ISSUE DATE:** 12/16/2021

| INMATE NAME | | NDOC ID | TRANSACTION TYPE | | ASSIGNED TO | |
|---|---|---|---|---|---|---|
| CRAWLEY, DAINE ANTON | | 1167447 | RTRN_L1 | | KWIDMAR | |
| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | | STATUS |
| 1 | 12/18/2021 | 3 | Denied | ECHERPESKI | | A |

### INMATE COMPLAINT

### OFFICIAL RESPONSE

Inmate Crawley #1167447 states the substance testing is not factual and was established to be ?false? by Lt. Ashcraft. He also states the mail used as evidence was illegally used and should not have been tested. He also states Officer Suwe was a participant of the investigation as well as the disciplinary committee creating a conflict of interest. Inmate Crawley?s remedy is to dismiss OIC #502792 and be awarded $2,500 for damages and/or loss of legal correspondence associated with IR-2021-WSCC-001993.

In accordance with AR 707.01 (Disciplinary Manual), I am to consider three factors for an appeal.

1) Whether there was substantial compliance with the requirements of the Inmate Disciplinary Manual

2) Whether the finding of guilt by the Disciplinary Hearing Officer/Full Disciplinary Hearing Committee decision was based on some evidence (regardless of the amount); and

3) Whether, under the circumstances, the sanction was imposed in accordance with the Chart of Disciplinary Sanctions

Senior Officer Hollaway wrote the Notice of Charges and Officer Suwe was only involved with the Disciplinary Committee. There is no conflict of interest. I determined that the Disciplinary Hearing was found to have been conducted within each of the requirements of the Inmate Disciplinary Manual. The finding of guilt on the charge of MJ31 Unauthorized use of equipment or mail (Class A) was based on the Disciplinary Manual (Effective 02/22/2017) providing that "A finding of guilt must be based on some evidence, regardless the amount" (page 14) and 60 days stat referral, 90 days loss of phone, 90 days loss of canteen, and any restitution accrued that is associated with the charge, are permissible sanctions for a Class A offense.

Based on the foregoing, the finding of guilty and recommended sanction of the Disciplinary Hearing Committee will stand

Your grievance is denied at this level.

GRIEVANCE RESPONDER

RECEIVED
DEC 2 2 2021
WSCC WARDEN'S OFFICE

Log Number  2006-31-31275

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

1167447

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT: 4A cell 35

GRIEVANT'S STATEMENT: For Tracking purposes only.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE:          DATE: 12/15/21 TIME: 10:00AM

GRIEVANCE COORDINATOR SIGNATURE:          DATE: 12/16/21 TIME: 4p

GRIEVANCE RESPONSE:

CASEWORKER SIGNATURE: CCS J. Buchanan          DATE: 12/21/21

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL:          DATE: 12/20/21

____ INMATE AGREES    X    INMATE DISAGREES

INMATE SIGNATURE:          DATE: 12/21/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY
BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

DEC 1 6 2021

WSCC WARDEN'S OFFICE

12/15/21

DOC 3091 (12/01)

Log Number 2006-31-31275

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Daine Crawley   I.D. NUMBER: 1167447

INSTITUTION: WSCC   UNIT: 4A Cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 2006-31-31275 , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____   DATE: 12/15/21

WHY DISAGREE: This is the appeal to IR 2021-WSCC-001993. The officers report and substance testing done portion of the preliminary hearing is not factual and has been established as "false" by LT. Ashcraft. My write-up is for screened correspondence, however legal mail can not be held in the institution longer than 24 hours under 722.08

GRIEVANCE COORDINATOR SIGNATURE: _____   DATE: 12/16/21

FIRST LEVEL RESPONSE: See attached.

_____

_____

_____

_____

_____ GRIEVANCE UPHELD ✓   GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____   TITLE: _____   DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____   DATE: 12/20/21

_____ INMATE AGREES ✗   INMATE DISAGREES

INMATE SIGNATURE: _____   DATE: 12/21/21

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

~~~ 1 5 2021

WSCC WARDEN'S OFFICE

DOC 3093 (12/01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC           UNIT #: 4A Cell 35

GRIEVANCE #: _____     GRIEVANCE LEVEL: Disciplinary Appeal

GRIEVANT'S STATEMENT CONTINUATION:   PG. 1   OF 2

Subsection 9. Under 722.10 Legal Correspondence Cannot be Monitored.
A) The Attorney General's office should be Contacted prior to the Censorship
of legal or privileged mail B) A minimum of two Staff will be present
When outgoing legal mail is censored. Under AR 750.05 Monitoring
Inmate Mail 2) All requests for monitoring must be Submitted in
Writing to the warden/designee for prior approval A) The reason
for monitoring B) The approximate length, if known of as estimated
that the monitoring is expected to last. Lastly, I would
like to review the mail monitoring log DOC-3022, as
the delivery of monitored mail shall not be delayed
for more than 24 hours (the delay took place on
11/10/21 - 11/12/21 before Rejection for outgoing Legal
Mail was issued. Under 750.06 subsection 3 The
Mailroom shall maintain a log of rejected mail items
Using Mail log form DOC 1740, Under AR 750.07
Subsection B the mailroom never returned the Rejected

Original:    Attached to Grievance
Pink:        Inmate's Copy

**RECEIVED**

DEC 1 3 2021

WSCC WARDEN'S OFFICE

DOC – 3097 (01/02)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC          UNIT #: 4A Cell 35

GRIEVANCE #: _____          GRIEVANCE LEVEL: First Level Disciplinary

GRIEVANT'S STATEMENT CONTINUATION: PG. 2 OF 2

Mail from that date at all. I was never shown any evidence whatsoever, as I believe this is retaliation due to prior request for "Lab Test" on previous mail for prior White-up. Officer Suwe was a part of the Disciplinary Committee and this is a Conflict of interest in that he is the one involved in this entire investigation to begin With. The falsehood written by SGT Robison on 11/16/21 pertaining to Substance testing further Substantiates the claim of false testing Under Green vs. Massachusetts Dept. of Corrections Suffolk Superior Court Case No: 2184-CV-00283. Please review the entire hearing recording on 12/15/21 and the administrative claim form. My legal Mail was clearly marked as "Confidential Legal Correspondence" and this is illegal. Please dismiss this OIC and award me $2,500.00 for the damages and/or loss of the legal Correspondence for the IR 2021-WSCC-001993. Respectfully Submitted

Original:     Attached to Grievance
Pink:          Inmate's Copy

**RECEIVED**

DEC 1 3 2021

WSCC WARDEN'S OFFICE
DOC – 3097 (01/02)

# NEVADA DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE CLAIM FORM

**THIS FORM MUST BE COMPLETED PER NRS 41.036, 41.0322, 209.243 AND ADMINISTRATIVE REGULATION 740**

**DO NOT SEND DIRECTLY TO ATTORNEY GENERAL'S OFFICE, BOARD OF EXAMINERS, OR DIRECTOR**

This form is to be attached to your grievance form for any injuries or any other claim (except property) arising out of a tort alleged to have occurred during your incarceration as a result of an act or omission of the Department of Corrections or any of its agents, former officers, employees or contractors.

The following information is necessary to fairly evaluate your claim. Please provide complete information. If you need more space, attach a separate sheet of paper. You may submit additional evidence if available. Such additional evidence will be returned.

CLAIM IN THE AMOUNT OF $ 2,500-00 is hereby made against the Department of Corrections, based upon the following facts:

| 1. NAME OF CLAIMANT (Please print full name) | | 2. I.D. # | 3. INSTITUTION |
|---|---|---|---|
| Daine A. Crawley | | 1167447 | WSCC |
| **4. AMOUNT OF CLAIM** | **5. DATE AND DAY OF OCCURRENCE** | | **6. TIME (a.m. or p.m.)** |
| $2,500.00 | 12/15/21 | | 10:00 Am |
| **7. PLACE OF OCCURRENCE** | | | |
| Warm Springs Correctional Center disciplinary Hearing | | | |

**RECEIVED**

DEC 1 3 2021

WSCC WARDEN'S OFF

8. Describe here, in complete detail, exactly how your claim loss or damage occurred and why you believe the institution is responsible or liable:

My legal mail was compromised on 11/10/21 and staff Hollaway and McTee Violated AR 722.08, AR 722.10, and AR 750.05. DOC Form-3022 was not adhered to whatsoever and legal mail was held from 11/10/21 - 11/12/21 before outgoing legal mail rejection was given exceeding 24 hours, Violation of AR 750.0

9. Witnesses.  Be sure to include any staff member who may have been involved in, or has any knowledge of, your alleged loss; also, list any inmate who has actual knowledge of facts pertinent to your claim:

C/O Hollaway, C/O McTee, C/O Suwe LT. Ashcraft and please review Video from 11/30/21 at operations of WSCC of how the mail should of been reviewed per AR 722.10, but was not done on 11/10/21 - 11/12/21. Please refer to valid points made regarding this Violation on 12/15/21 at Disciplinary Hearing. SGT. Robison lied on report on 11/16/21

10. Other pertinent information:

The rejection was given on 11/12/21 no evidence has been disclosed as falsely stated on 11/16/21 along with SGT Robison's statement pertaining to substance testing done. Under Green VS. Massachusetts Department of Corrections, Suffolk Superior Court, Case NO. 2184- CV- 0022283. Every AR regarding legal Correspondence was violated.

RECEIVED

DEC 1 3 2021

WSCC WARDEN'S OFFICE

STATE OF __Nevada__ )
                         ) SS
COUNTY OF __Karson__ )

I, __Daine Crawley__, do hereby swear under penalty of perjury that I am the claimant named above, that I have read the foregoing claim and know the contents thereof, that the same is true of my own knowledge, except those matters stated upon information and belief, and as to those matters, I believe them to be true, and that THIS IS MY ENTIRE CLAIM AGAINST THE STATE OF NEVADA/DEPARTMENT OF CORRECTIONS.

I FULLY UNDERSTAND THAT I WILL HAVE TO SIGN A GENERAL RELEASE OF ALL CLAIMS IN THE PRESENCE OF A NOTARY PUBLIC FOR THE EXACT AMOUNT I AM CLAIMING BEFORE ANY PAYMENT WILL BE OFFERED TO ME. THIS GENERAL RELEASE WILL BECOME EFFECTIVE ONLY UPON ACTUAL PAYMENT OF THE CLAIM BY THE STATE OF NEVADA.

DATED this __15th__ day of __December__, 20__21__

Signature of Claimant

## NOTICE

NEVADA REVISED STATUTE 197.160 provides that every person who knowingly presents a false or fraudulent claim is guilty of a gross misdemeanor, and is subject to criminal penalties of imprisonment of up to one year, and a fine of up to $2,000.00.

DOC – 3095 (12/01)

**RECEIVED**

DEC 1 3 2021

WSCC WARDEN'S OFFICE



# State of Nevada
# Department of Corrections
## DISCIPLINARY FORM I
## NOTICE OF CHARGES

| INMATE INFORMATION | VIOLATION INFORMATION |
|---|---|
| **INMATE NAME:** CRAWLEY, DAINE 1167447 | **CHARGING EMPLOYEE** SC/O Hollaweay |
| **CURRENT LOCATION** WSCC-U4-A-35-A; : ;NC | **DATE OF INCIDENT:** 11/10/2021 |
| **OIC#:** 502792  **IR#:** IR-2021-WSCC-001993 | **DATE CHARGES WRITTEN:** 11/16/2021 |

## CHARGES AND EVIDENCE

| Chrg | Description | Evidence | Evidence Disposition |
|---|---|---|---|
| MJ31: | Unauthorized use equipment or mail | In Camera | WSCC Evidence Vault |

## REPORT OF VIOLATION

On November 16, 2021. I Senior Correctional Officer Hollaway was working my assigned post of Institutional Investigator at Warm Springs Correctional Center (WSCC). It has been determined through the investigative process, staff reports, and screened inmate correspondence that inmate Crawley, Daine #1167447 conspired to introduce contraband into Warm Springs Correctional Center through the inmate legal mail system. As per AR 707.02.1 ( All offenses listed shall also include an attempt or conspiracy to commit that violation. ) And AR 707.02.3-6 inmate Crawley will be awarded this notice of charges. Please refer the staff report and in camera evidence found with in IR-2021-WSCC-001993 for completed incident dissemination. Due to the sensitive nature in this case, only disciplinary supervisors should access incident reports. End of report.

| CHARGING EMPLOYEE SIGNATURE | SUPERVISOR SIGNATURE |
|---|---|
| | |

| SERVICE OF NOTICE OF CHARGES | DISTRIBUTION |
|---|---|
| **DATE OF SERVICE:** _____   **TIME OF SERVICE:** _____ | Primary Hearing Officer (Original) |
| **PRINTED NAME OF SERVING OFFICER**_____ | Charging employee (Copy) |
| **SIGNATURE OF SERVING OFFICER**_____ | Inmate (Copy) |

**SIGNATURE OF INMATE** _____

(Signature indicates receipt of notice only. It is not a plea, refusal to sign should be noted)

Report Name: NVRNOC
Reference Name: NOTIS-RPT-DR-0061.3
Run Date:   DEC-15-21 10:33 AM

RECEIVED
Page 1 of 1
DEC 1 3 2021
WSCC WARDEN'S OFFI

# State of Nevada
# Department of Corrections

## DISCIPLINARY FORM II
## SUMMARY OF HEARING OFFICER'S INQUIRY AND DISPOSITION

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME:  CRAWLEY, DAINE 1167447 | DATE OF HEARING:  11/16/2021   TIME OF HEARING    04 45 pm |
| CURRENT LOCATION:   WSCC-U4-A-35-A; ; ;NC | NAME OF HEARING OFFICER:   ROBISON, ROBERT |
| OIC#:  502792        IR#:  IR 2021-WSCC-001993 | DATE OF SERVICE OF NOTICE OF CHARGES:   11/16/2021 |
| WAIVE PREPARATION   Y | WAIVE HEARING·             REFUSE TO SIGN: |

### CHARGES

| Chrg | Description | Plea |
|---|---|---|
| MJ31 | Unauthorized use equipment or mail | Not Guilty |

### PRELIMINARY STATEMENT OF OFFENDER

Inmate Crawley would like to see more evidence, and testing done on mail.  Inmate Crawley has also offered to pay for outside testing

### PRELIMINARY INSTITUTION PRESENTATION

Inmate Crawley, D #1167447 was cautioned for possible criminal charges as well as his right to remain silent. Inmate  Crawley, D #1167447 states he understands the disciplinary process  Inmate Crawley, D #1167447 understands that a plea of guilt waves any subsequent challenges to the disciplinary process as well as any rights to appeal. Inmate Crawley, D #1167447 was advised that any challenge to the process must be done within 10 days of the sanctioning after his hearing  Inmate Crawley, D #1167447 has been edvised that a Major charge can come with stat loss referral. Inmate Crawley, D #1167447 was asked if he had any questions to which he said he did not at this time. Inmate Crawley, D #1167447 was shown any authorized/available evidence during the hearing  Inmate Crawley, D #1167447 was notified of his 24 hour OIC notification and asked to waive his notification rights to expedite the Preliminary Hearing

### PRELIMINARY HEARING OFFICER ACTION

| Chrg | Description | RChrg | Description | Finding |
|---|---|---|---|---|
| MJ31 | Unauthorized use equipment or mail | MJ31 | Unauthorized use equipment or mail | Refer to Disciplinary Hearing |

### RESULTS OF INFORMAL SUMMARY HEARING

| Line | Description | Mths | Days | Eff. Date | End Date | SSL | Rest Act | Penalty Comment |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### EVIDENCE RELIED ON FOR PRELIMINARY HEARING

| Date | UserName | Statement |
|---|---|---|
| 11/16/2021 | SGT Robison | Officers report end substance testing done  — false |

### ADVISEMENT TO DISCIPLINARY COMMITTEE

Counsel Substitute Requested: [ ]    Name of Counsel Substitute:

### WITNESS INFORMATION

Witness Decision Justification:      No witness at this time.

| Name | NDOC/ID# | Decision | Reason | Table |
|---|---|---|---|---|
| | | | | |

| SIGNATURES AND RECEIPT | DISTRIBUTION |
|---|---|
| DATE OF SERVICE: _____        TIME OF SERVICE: _____ | Primary Hearing Officer (Original) |
| PRINTED NAME OF HEARING OFFICER_____ | Charging employee (Copy) |
| SIGNATURE OF HEARING OFFICER _____ | |
| SIGNATURE OF INMATE _____ | Inmate (Copy) |
| (Signature indicates receipt only. It is not a plea, refusal to sign should be noted) | RECEIVED |

DEC 1 3 2021

WSCC WARDENS OFFICE



# State of Nevada
# Department of Corrections

## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|

INMATE NAME: CRAWLEY, DAINE 1187447

CURRENT LOCATION:   WSCC-U4-A-35-A; : :NC

LOCATION OF INCIDENT  WARM SPRINGS CORRECTIONAL CTF

OIC#. 502792      IR#.    IR-2021-WSCC-001993

DATE OF HEARING 12/15/2021   TIME OF HEARING  08.13 am

NAME OF HEARING OFFICER: ASHCRAFT, RICHARD

DATE OF SERVICE OF NOTICE OF CHARGES.    11/16/2021

CHARGING EMPLOYEE:  HOLLAWAY, KODY

Workload

### CHARGES AND PLEAS

| Chrg | Description | Plea |
|---|---|---|
| MJ31 | Unauthorized use equipment or mail | Not Guilty |

### ADDITIONAL HEARING INFORMATION

Counsel Substitute Requested: ☐

Name of Counsel Substitute:

Proceeding Recorded: ☒

Stat Forfeiture Possible: ☒

Potential Category: ☐

Offender Cautioned Regarding Possible Criminal Charges and Right to Remain Silent: ☒

### WITNESS INFORMATION

Witness Decision Justification:   Witness;
Inmate Crawley was asked and requested no witnesses;
Asked December 15, 2021 @ 8.13 am at Unit 4A Caseworker Office

| Name | NDOC/ID# | Decision | Reason | Table |
|---|---|---|---|---|

### CONFIDENTIAL INFORMATION (CI) CHECKLIST (BOTH A & B MUST BE 'YES' TO RELY ON CI)

A   CI RELIABLE: ☐     CHECK AT LEAST ONE BOX BELOW

☐ INVESTIGATION OFFICER TESTIFIES PERSONALLY AS TO THE TRUTHFULNESS OF THE CONFIDENTIAL INFORMATION IN HIS REPORT.

☐ CORROBORATING TESTIMONY

☐ DISCIPLINARY CHAIR HAS FIRST HAND KNOWLEDGE OF SOURCE ANO SOURCE HAS BEEN RELIABLE IN THE PAST

☐ IN-CAMERA REVIEW OF OOCUMENTS FOUND RELIABLE

B   STATEMENT BY CORRECTIONAL OFFICIAL: SAFETY PREVENTS DISCLOSURE OF CI ☐

### DISCIPLINARY STATEMENT OF OFFENDER

Inmate Statement;
Inmate Crawley made the following statement,
Please refer to the audio recording for the Inmate statement

### INSTITUTION PRESENTATION

RECEIVED

DEC 15 2021

WSCC WARDEN'S OFFICE



# State of Nevada
# Department of Corrections

## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME:  CRAWLEY, DAINE 1167447 | DATE OF HEARING 12/15/2021   TIME OF HEARING:  06.13 am |
| CURRENT LOCATION:        WSCC-U4-A-35-A; : ;NC | NAME OF HEARING OFFICER: ASHCRAFT, RICHARD |
| LOCATION OF INCIDENT  WARM SPRINGS CORRECTIONAL CTI | DATE OF SERVICE OF NOTICE OF CHARGES:      11/16/2021 |
| OIC#: 502792        IR#:     IR-2021-WSCC-001993 | CHARGING EMPLOYEE:  HOLLAWAY, KODY |

DH Institution Presentation;
On November 16, 2021. I Senior Correctional Officer Hollaway was working my assigned post of Institutional Investigator at Warm Springs Correctional Center (WSCC). It has been determined through the investigative process, staff reports, and screened inmate correspondence that inmate Crawley, Daine #1167447 conspired to Introduce contraband into Warm Springs Correctional Center through the inmate legal mail system. As per AR 707.02.1 ( All offenses listed shall also include an attempt or conspiracy to commit that violation. ) And AR 707.02.3-8 Inmate Crawley will be awarded this notice of charges. Please refer the staff report and In camera evidence found with In IR-2021-WSCC-001993 for completed Incident dissemination. Due to the sensitive nature in this case, only disciplinary supervisors should access Incident reports. End of report.

| EVIDENCE RELIED ON FOR DISCIPLINARY HEARING | | |
|---|---|---|
| Date | Username | Statement |
| 12/15/2021 | Lt. Ashcraft | Evidence relied upon;<br>Written report of Officer Hollaway<br>Inmate Crawley pled not guilty to the MJ31. Inmate was advised that he does have the right to appeal to the Warden via the grievance process within 10 days of this hearing.<br><br>Rational/Justification;<br>The Notice of Charges written is clear and concise and does support the charge of MJ31 Unauthorized use of equipment or mail (Class A)<br>Based on the evidence provided in the offence report, in-camera evidence and the inmate plea of not guilty to this charge by Inmate Crawley, I find Inmate Crawley guilty.<br>These charges are sanctioned as follows;<br>Class A STAT Loss (60 Days)<br>Phone Loss 90 Days<br>Canteen Loss 90 Days<br>Restitution<br><br>Restitution;<br>Restitution if needed<br><br>Authorized / Approved Evidence presented to Inmate;<br>Completed<br><br>Evidence disposal;<br>There is In-camera evidence in this OIC<br><br>Hearing Committee<br>Lt. R. Ashcraft<br>CCWS Buchanan<br>C/O Suwe<br><br>Law Library Representation<br>Not Requested<br><br>SMI Review<br>Not Required |



# State of Nevada
# Department of Corrections

## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME: CRAWLEY, DAINE 1167447 | DATE OF HEARING 12/15/2021    TIME OF HEARING  08.13 am |
| CURRENT LOCATION·        WSCC-U4-A-35-A; : ;NC | NAME OF HEARING OFFICER: ASHCRAFT, RICHARD |
| LOCATION OF INCIDENT  WARM SPRINGS CORRECTIONAL CTI | DATE OF SERVICE OF NOTICE OF CHARGES:   11/16/2021 |
| OIC#. 502792      IR#.     IR-2021-WSCC-001993 | CHARGING EMPLOYEE:  HOLLAWAY, KODY |

### DISCIPLINARY HEARING ACTION

| Chrg | Description | RChrg | Description | Finding |
|---|---|---|---|---|
| MJ31 | Unauthorized use equipment or mail | MJ31 | Unauthorized use equipment or mail | Guilty |
| MJ31 | Unauthorized use equipment or mail | MJ31 | Unauthorized use equipment or mail | Rafer to Disciplinary Hearing |

### RESULTS OF DISCIPLINARY HEARING

| Line | Description | Mths | Days | Eff. Date | End Date | SSL | Rest. Act | Penalty Comment |
|---|---|---|---|---|---|---|---|---|
| 5 | Stat Loss Referral | | 60 | 12/15/2021 | | | | |
| 6 | Loss Of Phone Privilege | | 90 | 01/10/2022 | 04/10/2022 | | | |
| 7 | Loss Of Canteen Privilege | | 90 | 01/10/2022 | 04/10/2022 | | | |
| 8 | Restitution | | | 12/15/2021 | | | ALL_REST | |

### ANCILLARY INFORMATION AND INSTRUCTIONS

[X] **STAT FORFEITURE REFERRAL**

[ ] **RECOMMENDED CATEGORY**

[ ] **POST DISCIPLINARY CLASSIFICATION**

| HEARING QUESTIONS: | HEARING ANSWERS: |
|---|---|
| Inmate Defendant Present? | Yes |
| Counsel Substitute Requested | No |
| Counsel Substitute Name | |
| Stat forfeiture possible? | Yes |
| Disciplinary Hearing Committee | Yes |
| Proceedings Recorded? | Yes |
| Stat Referral Sent | Yes |
| Potential Category? | CAT A |
| Recommended Category? | Cat A |

RECEIVED

DEC 1 5 2021

WSCC WARDEN'S OFFICE



# State of Nevada
# Department of Corrections

## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME:  CRAWLEY, DAINE 1167447 | DATE OF HEARING 12/15/2021    TIME OF HEARING:  08:13 am |
| CURRENT LOCATION      WSCC-U4-A-35-A; : ;NC | NAME OF HEARING OFFICER: ASHCRAFT, RICHARD |
| LOCATION OF INCIDENT  WARM SPRINGS CORRECTIONAL CTI | DATE OF SERVICE OF NOTICE OF CHARGES:    11/16/2021 |
| OIC#: 502792      IR#:    IR-2021-WSCC-001993 | CHARGING EMPLOYEE:  HOLLAWAY, KODY |

| | |
|---|---|
| Cautioned for Possible Criminal Charges? | Yes |
| Reminded of Right to Remain Silent? | Yes |
| Carroboration Testimony for CI Info? | |
| Does Investigator Validate CI? | |
| Does Chair Validate CI Source? | |
| Are CI Documents Reliable? | |
| Does Safety Prevent Disclosure of CI? | |
| Was CI Info Accepted? | |
| Parole Board Referal? | No |
| Post Disciplinary Classification? | No |
| Director Review Required? | Yes |
| Does the offender want a witness | Was asked and does not want a witness |

| SIGNATURES AND RECEIPT | DISTRIBUTION |
|---|---|
| DATE OF SERVICE: 12-15-21   TIME OF SERVICE: 8:13 Aᴍ | I-FILE  (Original) |
| PRINTED NAME OF HEARING OFFICER  Ashcraft | Inmate Services (Copy) |
| SIGNATURE OF HEARING OFFICER | Inmate (Copy) |
| SIGNATURE OF INMATE | |

(Signature indicates receipt only. It is not a plea; refusal to sign should be noted)

WARDEN/DESIGNEE _____




# State of Nevada
## Department of Corrections

DATE:   April 28, 2022
TO:     Crawley, Daine #1167447 WSCC 4A-35A
FROM:   AWO Childers, WSCC

SUBJECT:   Grievance 2006-31-31630        4ᵀᴴ Rejection

Inmate Crawley,

Your 1st Level submission signed and dated 2/25/22, represents the 4ᵗʰ of submission pertaining to grievance 2006-31-31630. Because the 3ʳᵈ and Final Improper Grievance Memo dated 2/17/22 did not include the specific Instructions, "Do Not Resubmit", this submission will be processed in accordance with AR 740.

It should be noted that all four submissions, the Informal dated 12/29/21, the First Levels dated 1/27/22, 2/9/22 and 2/17/22 contain an unclear remedy. Per *AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested. Resubmit Informal Grievance with a clearly defined remedy.*

There is nothing in the remedy about wanting the contents of the Manila Envelope back. Hence the Improper Grievance Memos (DDC 3098) 1, 2 & 3 dated 1/28/22, 2/10/22 & 2/17/22 respectively, because all three DOC 3098 forms explained that your claim or remedy had changed from one level to the next.

Staff have indicated that the Manila Envelope and its contents pertaining to Brass Slip # 2553734 were returned to you. Yet you continue to assert that the "Manuscript" has not been returned to you. You state in the First Level signed and dated 2/17/22, "It could be implied that officers here at WSCC have made copies of the manuscript..." This statement is a material change in your claim. And you provide no verifiable factual information or documentation in support or your allegations of Staff Misconduct in the form of Copyright Infringement, Mail Fraud and Tampering. You do not provide the names of the alleged Staff, nor the date or time that these alleged acts occurred.

At this point, you have exhausted the grievance process and may no longer continue to submit grievances regarding this matter now or at any date in the future. You are urged to work with Staff to resolve your continuing assertion that your manuscript has not been returned to you. No monetary compensation will be considered.

AWO Childers, WSCC                    Date   4/28/22

Caseworker's Signature               Date   5/11/22

Inmate's Signature                   Date   5/11/22

Log Number _3/630_

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Daine Crawley                    I.D. NUMBER: 1167447

INSTITUTION: WSCC                      UNIT: 4A cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 20063131630 , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____                    DATE: 2/25/22

WHY DISAGREE: If you read the Continuation Form it states that I would like for my entire Manuscript to be returned to me "Immediately". Verbatem, it could be implied that officers here at WSCC have taken the "Manuscript" since this is the "Third" time within a 30 day period that my mail has been

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 4/26/22

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: _____ DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _____

_____ INMATE AGREES   X   INMATE DISAGREES

INMATE SIGNATURE: _____                    DATE: 5/11/22

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To Inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

MAR 01 2022

WSCC WARDEN'S OFFICE

DOC 3093 (12/01)



3/1/22

Log Number _3/630_

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Daine Crawley                    I.D. NUMBER: 1167447

INSTITUTION: WSCC                    UNIT: 4A cell-35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 2006-3131630 , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY.

INMATE SIGNATURE: _____                    DATE: 2/25/22

WHY DISAGREE: If you read the continuation form it states that I would like for my entire Manuscript to be returned to me immediately". Verbatem, "It could be implied that officers here at WSCC have taken the Manuscript" since this is the Third" time within a 30 day period that my mail has been

GRIEVANCE COORDINATOR SIGNATURE: _____    DATE: 4/26/22

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: _____ DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _____

_____ INMATE AGREES __X__ INMATE DISAGREES

INMATE SIGNATURE: _____                    DATE: 5/11/22

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

MAY 0 1 2022

WSCC WARDEN'S OFFICE
DOC 3093 (12/01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley                    I.D. NUMBER: 1167447

INSTITUTION: WSCC                      UNIT #: 4A Cell 35

GRIEVANCE #: 20063131630               GRIEVANCE LEVEL: First

GRIEVANT'S STATEMENT CONTINUATION:     PG. 1 OF 1

tampered with. This manuscript was missing for over "60 days" nothing received by myself stating why NDOC here at WSCC Confiscated it at all to begin with. Proper procedure has "not" been adhered to under AR(Doc 3022) etc. Verbatem (word for word) My remedy is to have all my mail returned to me since WSCC Cannot handle it responsibly. If this "Manila" envelope is not returned please award $60,000 by way of grievance Administrative Claim due to Copyright infringement, Mail Fraud, and tampering. LT. Ashcraft it should be noted that this is Verbatem the "Informal" grievance. I have an Attorney Chris Rice out of San Francisco, CA regarding this Copyright infringement, this issue began in November 2021, the manuscript was Compromised for over 60 days, so it was "not" returned immediately. Respectively.

Original:     Attached to Grievance
Pink:         Inmate's Copy

RECEIVE
MAR 01 20??
WSCC WARDEN'S
DOC – 3097 (01/02)



# Nevada Department of Corrections
# Improper Grievance Memo

| | |
|---|---|
| TO: | Crawley, Oaine [0001167447] |
| FROM: | Richard Ashcraft, Acting Associate Warden *DAY* |
| OATE: | 2/17/2022 |
| RE: Improper Grievance # | 20063131630 - 3rd and Final Rejection |

## The attached grievance is being returned to you for the following reason(s):

**REJECTED** - After correcting the deficiencies(s) listed below; you may re-submit your grievance at the same level unless specified. Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.

| | |
|---|---|
| ☐ Missing documents | ☐ More than one issue |
| ☐ No harm/loss, action, or remedy | ☐ Improper submission |
| ☐ Not a KITE | ☐ Not signed or dated |
| ☐ Missing inmate personal property claim form | ☐ Disciplinary appeal process/directly to warden |
| ☑ Alterations | ☑ Failure to correct deficiencies |
| ☐ Missing administrative claim form | ☐ Untimely submission |
| ☐ Continuation forms | ☐ Staff misconduct (IG Review Submitted) |

☑ Other specify: Per AR 740.04.2 "It is considered abuse of the inmate grievance procedure when an inmate files a grievance that contains, but not limited to: (F) The claim or requested remedy changes or is modified from one level to another." In your original informal, you state "If this 'Manila Envelope' is not returned please award $60,000 by way of grievance/Administrative claim". The envelope was returned to you as a resolution for this grievance. Your remedies since have continued to claim $60,000 and with no mention of the envelope. That is a changed remedy, and is thus unacceptable.

**NOT ACCEPTED** - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.

| | |
|---|---|
| ☐ Non-grievable issues: | |
| ☐ State and federal court decisions | ☐ Parole Board actions and/or decisions |
| ☐ State, federal and local laws and regulations | ☐ Lacks standing |
| ☐ Untimely submission | |
| ☐ Inmate elected NOT to sign and date any grievance form | |
| ☐ Grievance was granted | |
| ☐ Abuse of Inmate Grievance Procedure | |
| ☐ A threat of serious bodily injury to a specific individual | ☐ Obscene, profane and derogatory language |
| ☐ Specific claims or incidents previously filed by the same inmate | ☐ More than one (1) grievance per week, Monday through Sunday |

| | | | |
|---|---|---|---|
| *CCS J. Buchanan* | 2/25/22 | *Dang* | 2/25/22 |
| Witness Signature | Date | Inmate Signature | Date |

RECEIVED

MAR 0 1 2022

cc: Original – Inmate
    Copy - Grievance File

DOC - 3098 (12/2021)

CCC WARDEN'S OFFICE

Log Number  31630

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Daine Crawley                     I.D. NUMBER: 1167447

INSTITUTION: WSCC                       UNIT: 4A  Cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 20063131630 , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: Day                                      DATE: 2/17/22

WHY DISAGREE: It could be implied that officers here at WSCC have made Copies of the Manuscript since this was the "third time" within a "30 day" period that my Mail has been tampered with. There has been nothing received by myself stating why Ndoc here at WSCC has Confiscated the mail in the First place and then held it

GRIEVANCE COORDINATOR SIGNATURE: Lt. R Cashearto          DATE: 2-17-22

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____

_____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE:_____ TITLE: _____ DATE: _____

GRIEVANCE COORDINATOR SIGNATURE:_____ DATE:_____
Rt By CCS J. Buchanan  2/25/22

_____ INMATE AGREES ___X___ INMATE DISAGREES

INMATE SIGNATURE: Day                                      DATE: 2/25/22

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To Inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's Initial receipt |

RECEIVED
FEB 17 2022
WSCC WARDEN'S OFFICE

RECEIVED
FEB 1 7 2022
WSCC WARDEN'S OFFICE
DOC 3093 (12/01)

2/17/22

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley          I.D. NUMBER: 1167447

INSTITUTION: WSCC           UNIT #: 4A Cell 35

GRIEVANCE #: 2006313163Ø    GRIEVANCE LEVEL: First

GRIEVANT'S STATEMENT CONTINUATION:   PG. 1 OF 1

for 60 days. Proper procedure was never adhered to Under the AR regarding the Use of DOC 3022 etc. Attached to this grievance is the Administrative claim form once again. This mail was Compromised and missing for over 60 days. My remedy is to have all my mail returned to me Since WSCC Cannot handle it responsibly. Since this "Manila Envelope" was not returned in a timely manner or "returned" please award $60,000.00 by way of grievance due to Copyright infringement, Mail Fraud, and Tampering. Do not take was What is said out of Context, read this properly as it is exactly the same as the Informal grievance, or prepare to Speak to My Attorney's. Respectively. Emotional Distress has resulted in this entire mail issue.

Original:    Attached to Grievance
Pink:        Inmate's Copy

**RECEIVED**

FEB 1 7 2022

WSCC WARDEN'S OFFICE

DOC – 3097 (01/02)



# Nevada Department of Corrections
# Improper Grievance Memo

| | |
|---|---|
| **TO:** | Crawley, Daine [0001167447] |
| **FROM:** | Richard Ashcraft, Acting Associate Warden |
| **DATE:** | 2/10/2022 |
| **RE: Improper Grievance #** | 20063131630 - 2nd Rejection |

The attached grievance is being returned to you for the following reason(s):

---

**REJECTED - After correcting the deficiencies(s) listed below; you may re-submit your grievance at the same level unless specified. Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.**

| | | | |
|---|---|---|---|
| ☐ | Missing documents | ☐ | More than one issue |
| ☐ | No harm/loss, action, or remedy | ☐ | Improper submission |
| ☐ | Not a KITE | ☐ | Not signed or dated |
| ☐ | Missing inmate personal property claim form | ☐ | Disciplinary appeal process/directly to warden |
| ☐ | Alterations | ☑ | Failure to correct deficiencies |
| ☐ | Missing administrative claim form | ☐ | Untimely submission |
| ☐ | Continuation forms | ☐ | Staff misconduct (IG Review Submitted) |

☑ Other specify: Per AR 740.04.2 "It is considered abuse of the inmate grievance procedure when an inmate files a grievance that contains, but not limited to: (F) The claim or requested remedy changes or is modified from one level to another." As the previous DOC 3098 noted, you have changed your remedy from your original.

---

**NOT ACCEPTED - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.**

| | | | |
|---|---|---|---|
| ☐ | Non-grievable issues: | | |
| | ☐ State and federal court decisions | ☐ | Parole Board actions and/or decisions |
| | ☐ State, federal and local laws and regulations | ☐ | Lacks standing |
| ☐ | Untimely submission | | |
| ☐ | Inmate elected NOT to sign and date any grievance form | | |
| ☐ | Grievance was granted | | |
| ☐ | Abuse of Inmate Grievance Procedure | | |
| | ☐ A threat of serious bodily injury to a specific individual | ☐ | Obscene, profane and derogatory language |
| | ☐ Specific claims or incidents previously filed by the same inmate | ☐ | More than one (1) grievance per week, Monday through Sunday |
| | ☐ Other specify: | | |

---

| CCS J. Buchanan | 2/17/22 | Dang | 2/17/22 |
|---|---|---|---|
| **Witness Signature** | **Date** | **Inmate Signature** | **Date** |

**RECEIVED**

**FEB 17 2022** DOC-3098 (12/2021)

WSCC WARDEN'S OFFICE

Log Number _31360_

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Mine Crawley                          I.D. NUMBER: 1167447

INSTITUTION: WSCC                           UNIT: 4A Cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER _2006-31-31360_ , IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____                DATE: 2/9/22

WHY DISAGREE: Once again the issue is still "not" completely resolved because my Manuscript was Witheld and compromised for over 60 days from 11/19/21 to 1/20/22. The entire ordeal has caused emotional distress and violations of AR 750 and AR 722. No mail rejection notice was ever issued, NO DOC 3022 form

GRIEVANCE COORDINATOR SIGNATURE: Lt PL / Ashcraft         DATE: 2-10-22

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: _____ DATE: _____

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _____

RH by CCS J. Buchanan  2/17/22

_____ INMATE AGREES ___X___ INMATE DISAGREES

INMATE SIGNATURE: _____              DATE: 2/17/22

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To Inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED

FEB 1 0 2022

WSCC WARDEN'S OFFICE

2/16/22

**NEVADA DEPARTMENT OF CORRECTIONS**
**GRIEVANT'S STATEMENT CONTINUATION FORM**

NAME: Drine Crawley   I.D. NUMBER: 1167447

INSTITUTION: WSCC   UNIT #: 4A Cell 35

GRIEVANCE #: 2006-31-31360   GRIEVANCE LEVEL: First

GRIEVANT'S STATEMENT CONTINUATION:   PG. 1   OF 1

, or reason pertaining to why my mail was "not" sent and /or processed. The Manuscript was nowhere to be found for 60 days. Cadmus publishing never received their payment on-time, and the fee to complete the transaction is now substantially more. If NDOC regulations were met, I would have been able to properly negotiate further terms of the contract of $1,037.00 previously requested to finalize the contract. My remedy is exactly the same to have "all" my mail returned to me since WSCC cannot handle it responsibly, $60,000.00 by way of grievance/Administrative Claim due to the Copyright infringement Mail Fraud, and tampering. Respectively.

Original:   Attached to Grievance
Pink:   Inmate's Copy

RECEIVED

FEB 10 2022

WSCC WARDEN'S OFFICE

DOC – 3097 (01/02)



# Nevada Department of Corrections
## Improper Grievance Memo

**TO:**      __Crawley, Daine____ #1167447__

**FROM:**   __Richard Ashcraft, Acting Associate Warden__

**DATE:**   __January 28, 2022_____

**RE: Improper Grievance _NOT ACCEPTED_ GR #2006-31-31360 (1st Level)**    R1

---

The attached grievance is being returned to you for the following reason(s)

**This grievance may NOT proceed to the next level Per AR 740.03,5 due to the following:**

☐  Non-grievable issue.
- ☐  State and federal court decision.
- ☐  State, federal and local laws and regulations
- ☐  Parole Board decision.
- ☐  Lacks standing

☐  Untimely submission.

☐  Abuse of Inmate Grievance Procedure
- ☐  Any language, writing or illustration deemed to be obscene, profane or derogatory
- ☐  A threat of serious bodily injury to a specific individual
- ☐  Specific claims or incidents previously filed by the same inmate
- ☐  More than one (1) grievance per week, Monday through Sunday.
- ☐  More than two (2) unfounded, frivolous or vexatious grievances per month

---

After correcting the deficiencies(s) listed below; you may re-submit your grievance at the same level.

☐  The grievance contains more than one (1) appropriate issue. Only 1 issue is allowed per grievance

☐  No factual harm/loss noted and/or no remedy requested

■  Other; specify: Per AR 740.04.2 "It is considered abuse of the inmate grievance procedure when an inmate files a grievance that contains, but not limited to: (F) The claim or requested remedy changes or is modified from one level to another." Your prior remedy was the return of your manila envelope or $60,000. Please resubmit your 1st level grievance with the original remedy, be sure to attach all previously filed grievances and all attachments including their responses. See your caseworker for help on the grievance process.

---

Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.

__CCS J. Buchanan  2/9/22__              ____2/9/22____
**Witness Signature          Date**      **Inmate Signature          Date**

RECEIV___

FEB 1 0 2022

WSCC WARDEN'S
DDC-3098 (01/17)

Log Number _____

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Dnine Crawley _____ I.O. NUMBER: 1167447

INSTITUTION: WSCC _____ UNIT: 4A Cell 35

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 20063131630 _____, IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING OOCUMENTATION IS ATTACHEO FOR REVIEW.

SWORN OECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____ OATE: 1/27/22

WHY OISAGREE: This issue still is not resolved because my Manuscript was witheld, and Compromised, for over 60 days from 11/19/21 to 1/20/22. The entire ordeal caused emotional distress and distrust for WSCC officials due to ongoing Mail issues, and Violations of AR 750, and AR 722. No Mail redaction

GRIEVANCE COOROINATOR SIGNATURE: Lt C Asheroft OATE: 1-28-22

════════════════════════════════════════

FIRST LEVEL RESPONSE: _____

_____

_____

_____

_____

_____

_____ GRIEVANCE UPHELO _____ GRIEVANCE OENIEO _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____ TITLE: _____ DATE: _____

GRIEVANCE COOROINATOR SIGNATURE: _____ OATE: _____
CCS Buchanan 2/9/22

_____ INMATE AGREES ___X___ INMATE OISAGREES

INMATE SIGNATURE: _____ OATE: 2/9/22

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECONO LEVEL GRIEVANCE MAY BE PURSUEO IN THE EVENT THE INMATE OISAGREES.

════════════════════════════════════════

| | |
|---|---|
| Original: | To Inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's Initial receipt |

RECEIVED

JAN 2 8 2021

WSCC WARDEN'S OFFICE

OOC 3093 (12/01)


1/28/22
CCS JB

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Daine Crawley

I.D. NUMBER: 1167447

INSTITUTION: WSCC

UNIT #: 4A Cell 35

GRIEVANCE #: 2006313 1630

GRIEVANCE LEVEL: First

GRIEVANT'S STATEMENT CONTINUATION:    PG. 1   OF 1

Notice was ever issued, No DOC 3022 form or reason pertaining to why my mail was not sent and/or processed. The Manuscript was nowhere to be found for 60 days, Cadmus Publishing never received their payment on time, and the fee is now substantially more. If NDOC regulations were met, I would have been able to properly negotiate further terms of my Contract to finalize the transaction. My remedy remains the same in the amount of $60,000 due to Copyright Infringement, Mail Fraud, and Tampering. The mail issues have been ongoing and now I would like for the staff here at WSCC to be held accountable. Please review the Administrative Claim Form attached. Respectively,

Original:     Attached to Grievance
Pink:         Inmate's Copy

**RECEIVED**

JAN 2 8 2021

WSCC WARDEN'S OFFICE

DOC – 3097 (01/02)



# State of Nevada
# Department of Corrections

### INMATE GRIEVANCE REPORT

**ISSUE ID#**  20063131630           **ISSUE DATE:**  12/30/2021

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CRAWLEY, DAINE ANTON | 1167447 | RTRN_INF | CRMOLNAR |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| IF | 01/22/2022 | 5 | Resolved | VMEZA | A |

| INMATE COMPLAINT |
|---|
|  |

| OFFICIAL RESPONSE |
|---|

Inmate Crawley, D. 1167447 I am in receipt of you informal grievance 2006-31-31630
In your grievance you allege that you mailed a copy of your manuscript to a publishing company along with a brass slip. You continue to claim that your mail never arrived at the publishing company and you?re your brass slip was processed and the money subsequantly returned. After requesting the envelope containing your manuscript be returned you allega NDOC Staff was unable to produca tha requested items. You are requesting the return of your mail or $60,000 in financial compensation.
Inmate Crawley I hava investigated all claims in your grievance and spoken to all department staff involved. During the course of my investigation it was determined that Inmate Banking is still in possession of your mail. A notification will be sent to you, and once signed and returned to inmate banking your mail will be mailed to the address provided. For this reason your grievance has been RESOLVED. On this date you chose to hava your Brass Slip Voided and your mail was retumed to you at your request.

Sgt. 7 Molina

GRIEVANCE RESPONDER

**RECEIVED** Page 1 of 1

JAN 2 8 2021

WSCC WARDEN'S OFFICE

Log Number __2006-31-31630__

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: Daine Crawley                    I.D. NUMBER: 1167447

INSTITUTION: WSCC                    UNIT: 4A Cell 35

GRIEVANT'S STATEMENT: On 11/19/21 money in the amount of $1,039.00 was deducted from my account to pay a "Brass slip" (#2553734). The money was refunded the same day for unknown reason's, However now my self-published Manuscript is now missing. It was in the Manila Envelope addressed to Cadmus Publishing, it had 12 stamps on it. At this time, I could

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____ DATE: 12/29/21 TIME: 12:30pm

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: 12/30/21 TIME: 3:30p

GRIEVANCE RESPONSE: _____

_____

_____

_____

_____

CASEWORKER SIGNATURE: __CCS J. Buchanan__ DATE: __1/27/22__

_____ GRIEVANCE UPHELD _____ GRIEVANCE DENIED _____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: __Lt-Q / Ashcroft__ DATE: __1-24-22__

_____ INMATE AGREES ___X___ INMATE DISAGREES

INMATE SIGNATURE: _____ DATE: 1/27/22

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVE:

P/U 12/30/21
    FB

WSCC WARDEN'S OFF
DOC 3091 (12 / 01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Jaime Crawley                     I.D. NUMBER: 1167447

INSTITUTION: WSCC                       UNIT #: 4A Cell 35

GRIEVANCE #: _____            GRIEVANCE LEVEL: Informal

GRIEVANT'S STATEMENT CONTINUATION:   PG. ___1___ OF ___1___

like for the Entire Manuscript to be returned to me
immediately. It could be implied that officers here at
WSCC have taken the Manuscript since this is the
"Third" time within a 30 day period that my mail has
been tampered with. There has been nothing received
by myself stating why NDOC here at WSCC has confiscated
this Manila Envelope. Proper procedure has "not" been adhered
to under the AR regarding the use of DOC 3077 etc.
Attached to this grievance is a letter from Cadmus Publishing
, The account Inquiry Form, and Inmate Request Form sent to
the Mailroom officer. This mail has been missing over "60
days" at this point. My remedy is to have all my mail
returned to me since WSCC cannot handle it responsibly.
If this "Manila Envelope" is not returned please award
$60,000 by way of grievance/Administrative claim due
to Copyright infringement, Mail Fraud and Tampering. Respectively

RECEIVED

Original:      Attached to Grievance
Pink:         Inmate's Copy

WSCC WARDEN'S OFFICE



**CADMUS PUBLISHING**
PO Box 2146, Port Angeles, WA 98362
651-302-2539

December 15, 2021

Daine Crawley 1167447
PO Box 7007
Carson City, NV 89702

Hi Daine,

We received your letter from December 10, 2021 and unfortunately, we have not received your manuscript yet. We will contact you when we do get it in the mail, and rest assured we will keep it safe and secure.

If you have any questions, do not hesitate to contact me.

Thanks,

Frank Reuter
Author Liaison
Cadmus Publishing
651-302-2539
www.CadmusPublishing.com
info@cadmuspublishing.com

**RECEIVED**

2021

WSCC WARDEN'S OFFICE

## ACCOUNTING INQUIRY
### INMATE SERVICES – CENTRAL ADMINISTRATION

Institution/Facility WSCC _____ Inmate Name Crawley, Dinne A (Last, First, Middle Initial)

Inmate Number 1167447

Date Concern Occurred: 11/19/21 _____ (Per AR 201, Incidents older than 90 days will not be acted upon)   Dollar Amount Involved $ 1,039.00

**Posting (other than deposit or payroll)**

Trust Acct. __X__   Trust 2 _____   Dept. Charges _____   Dept. _____   Savings Acct. _____

**Deposit**

Deposit Receipt Date _____   Sender _____

**Payroll**

Pay Period In Question _____   Institution/Facility _____

**Check to outside party**

Brass Slip # 2553734   Payee Cadmus publishing   Ck # _____ (if known)

**Other (see AR 201)**

Briefly describe the concern and attach any information, which will properly identify the situation. Use additional sheets if necessary. On 11/19/21 at 11:51am Reference Number 2553734 was taken for Cadmus publishing per Brass Slip, then at 12:22pm on 11/19/21 the amount of $1,039.00 was returned to my account. The issue I have is that I want to be sure my self-published Book either got sent out that date or it is in your possession to be sent out with $1,039.00 check to Cadmus as was intended on 11/19/21 (where is it?)

Inmate Signature and Number _____ 1167447 Date 12/19/21

Caseworker or Other Authorized Signature CCS _____ Date 12/21/21

(Inquiry will be returned if not signed by caseworker or other authorized person.)

**Response From Inmate Services – Central Administration**

_____
_____
_____
_____
_____

RECEIVED

DEC 3 0 2021

WSCC WARDEN'S OFFICE

_____

Date _____

Original & one copy to Inmate Services, Copy to Inmate

DOC 544 (4/04)

**INMATE REQUEST FORM**

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3) DATE |
|---|---|---|---|
| Daine Crawley | 1167447 | 4A  cell 35 | 12/23/21 |

4. )  REQUEST FORM TO:  (CHECK BOX)

\_\_MENTAL HEALTH    \_\_CANTEEN

\_\_CASEWORKER    \_\_MEDICAL    \_\_LAW LIBRARY    \_\_DENTAL

\_\_EDUCATION    \_\_VISITING    \_\_SHIFT COMMAND

\_\_LAUNDRY    \_\_PROPERTY ROOM    ✓ OTHER Mailroom

5.) NAME OF INDIVIDUAL TO CONTACT: McTee

6.) REQUEST: (PRINT BELOW) On 11/19/21 during the 11:00 AM hour a "Brass slip" for Cadmus Publishing was attached to a "Manila Envelope" to be sent out, and processed. The money was deducted but put right back on my account within 30 minutes that same day. I have already addressed the issue through "Account Inquiry" however now the "Manila Envelope" has been missing ever since! Do you have my "Manila Envelope" (12 stamps) on it addressed to "Cadmus Publishing". If so can you please return it to me, or at least let me know why it has not been sent. Respectively,

7.) INMATE SIGNATURE _____   DOC # 116747

8.) RECEIVING STAFF SIGNATURE _____   DATE _____

**9 ) RESPONSE TO INMATE**

Your envelope would of went to I/m Services to be processed. You would have to contact I/m Services to see what they did w/ your envelope. I do not have your envelope.

10.) RESPONDING STAFF SIGNATURE  %o McTee     **RECEIVED** DATE 12-27-21

DEC 30 2021

# NEVADA DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE CLAIM FORM

---

**THIS FORM MUST BE COMPLETED PER NRS 41.036, 41.0322, 209.243 AND ADMINISTRATIVE REGULATION 740**

---

**DO NOT SEND DIRECTLY TO ATTORNEY GENERAL'S OFFICE, BOARD OF EXAMINERS, OR DIRECTOR**

---

This form is to be attached to your grievance form for any injuries or any other claim (except property) arising out of a tort alleged to have occurred during your incarceration as a result of an act or omission of the Department of Corrections or any of its agents, former officers, employees or contractors.

---

The following information is necessary to fairly evaluate your claim. Please provide complete information. If you need more space, attach a separate sheet of paper. You may submit additional evidence if available. Such additional evidence will be returned.

CLAIM IN THE AMOUNT OF $ <u>60,000.00</u> is hereby made against the Department of Corrections, based upon the following facts:

| 1. NAME OF CLAIMANT (Please print full name) | | 2. I.D.# | 3. INSTITUTION |
|---|---|---|---|
| Daine A. Crawley | | 1167447 | WSCC |
| 4. AMOUNT OF CLAIM | 5. DATE AND DAY OF OCCURRENCE | | 6. TIME (a.m. or p.m.) |
| $60,000 Sixty Thousand Dollars | 11/19/21, or about | | 11:00AM - 12:00 pm |
| 7. PLACE OF OCCURRENCE | | | |
| Warm Springs Correctional Center | | | |

Page 1 of 3

RECEIVE

WSCC WARDEN'S

8. Describe here, in complete detail, exactly how your claim loss or damage occurred and why you believe the institution is responsible or liable:

On 11/19/21 The Brass slip in the amount of $1,039.00 (#2553734) was refunded to my account for "Unknown Reasons"; during this process, My self-published original manuscript got discarded, or lost and has not been returned to me. Attached are copies of a letter from "Cadmus Publishing" stating that they did "not" receive the Manuscript, and account Inquiry/Mail Room personnel stating they do not have it either. A proketed loss of $60,000.00 has ensued.

9. Witnesses. Be sure to include any staff member who may have been involved in, or has any knowledge of, your alleges loss; also, list any inmate who has actual knowledge of facts pertinent to your claim:

McTee has stated she does not have my manuscript, Caseworker Buchanon personally took it to the Mailroom and I know it got to the mail room because $1,039.00 for Brass slip #2553734 got returned to my account and that Brass slip was attached to the Manila envelope, along with request form instructing Mailroom to process accordingly. Mr. Frank Reuter (Auter Liaison) is already aware of Manuscript and is supposed to be the recipient of the Manuscript worth $60,000.00

10. Other pertinent information:

The Copyright Act of 1976 is now being Violated by officials here at WSCC regarding Copyright infringement. Title 17 of the US Code a Violation of tangible Medium of expression under the 1st Amendment of The United States Constitution. Please return the Manila Envelope with all it's contents addressed to Cadmus Publishing immediately before the intellectual property infringement herein results in a Civil Complaint in the amount of $60,000.00.

RECEIVED

Page 2 of 3

WSCC WARDEN'S OFFICE

STATE OF Nevada )
)SS
COUNTY OF Carson )

I, Daine A. Crawley , do hereby swear under penalty of perjury that I am the claimant named above, that I have read the foregoing claim and know the contents thereof, that the same is true of my own knowledge, except those matters stated upon information and belief, and as to those matters, I believe them to be true, and that THIS IS MY ENTIRE CLAIM AGAINST THE STATE OF NEVADA/DEPARTMENT OF CORRECTIONS.

I FULLY UNDERSTAND THAT I WILL HAVE TO SIGN A GENERAL RELEASE OF ALL CLAIMS IN THE PRESENCE OF A NOTARY PUBLIC FOR THE EXACT AMOUNT I AM CLAIMING BEFORE ANY PAYMENT WILL BE OFFERED TO ME. THIS GENERAL RELEASE WILL BECOME EFFECTIVE ONLY UPON ACTUAL PAYMENT OF THE CLAIM BY THE STATE OF NEVADA.

DATED this 29th day of December , 20 21 .

Signature of Claimant

NEVADA REVISED STATUTE 197.160 provides that every person who knowingly presents a false or fraudulent claim is guilty of a gross misdemeanor, and is subject to criminal penalties of imprisonment of up to one year, and a fine of up to $2,000.00.

RECEI

DOC 3095 (02/14)
WSCCV

Page 3 of 3

Exhibit C

MMC Synthetic Cannabinoids Test

Operating Manual for Ampule MMC-International
"establishing necessity for Lab Test"
or Secondary Testing Colormetric test





MMC INTERNATIONAL

**Your partner in the fight against drugs...**

| 2013-2014 | IN THIS ISSUE |

## INTRODUCTION

MMC International BV is the manufacturer of the MMC presumptive narcotic field test kits and supplier of many related products.

We have our own laboratory where we conduct analysis (GC/MS etc.) and develop new MMC test kits.

The major clients are: Police, Customs & Excise, Prisons and other Law Enforcement Authorities.

We have a distributor network worldwide of approx...50 distributors

In this newsletter we want to inform you about our product profile.

### FREE PORTABLE DRUG SCALE!

When ordering 50 MMC narcotic test packs or more (mix allowed) we will add one Portable Drug Scale for free. *(Max  1 per new customer)*



## COMPANY PROFILE

M.M.C. International. B.V. established in 1992, located in Breda, The Netherlands.

M.M.C. is specialized in the production of Narcotics- and Precursor Identification - Tests.   The Narcotics- and Precursors - Tests are developed in close cooperation with Police and Customs & Excise authorities. The company is certified by VERITAS and awarded with the EN ISO 9001-2000 certificate.

The company is registered as a vendor since 1994 with all UN Organizations under No.100346 / Net 0309 and UN Global Market place # 14954B.

M.M.C. International's laboratory is especially focused on the production and development of narcotic identification products. The tests are produced in accordance with the requirements set by Police Forces, Customs & Excise and Forensic Laboratories.

The ampoules are filled with special treated solid materials which are impregnated with very high quality reagents and a blanket of high purity nitrogen and hermitically sealed. Each batch is continuously tested and registered.

All products are stamped with a batch number, production and expiry date.

MMC also supplies many other related products such as the MMC Narcotics Education Case, DOA tests, Mobile Narcotics Lab Trolley, Inspection Cameras for customs etc...

### Introduction



MMC Narcotic Field Test Kits and how to use them.





MMC Synthetic Cannabinoids Test







MMC Specialty Tests



A closer look at the MMC Forensic Tests





Other Products and Training Courses

NDOC: 000061



# MMC Field Tests

Over the years MMC International developed many presumptive field tests. These tests are mainly used by law enforcement agencies, government agencies and crime labs.

Unlike other presumptive drug testing kits, the MMC International kits contain very little reagents and do not require the use of an acid neutralizer. This revolutionary new design eliminates any potential danger to officers when using these kits in the field.

## FEATURES
• Safe, easy to use and economical
• No environmental risks/concerns
• One step tests (one ampoule only)
• Results within seconds
• High reliability and consistency
• Accurate and sensitive
• Easy to test for drugs in liquid form such as GHB, GBL, and liquid XTC, etc.



*Not to test drinks

Also available 1,4BD/GHB/GBL Test Strips

 

We also have many Narcotic test cases available with or without tools. We also can supply empty carrying cases in different sizes...

## MMC Narcotic Field Tests

• Barbiturates Test
• Buprenorphine Test
• Cannabis - Marijuana Test
• Cocaine - Crack Test
• Crystal Meth - XTC Test
• Ephedrine (HCL) Test
• Fentanyl/Oxycodone
  Heroin, Morphine and
  Codeine Test
• Fluid Crystal Meth Test
• Fluid Marijuana Test
• Immediate 2-amino Test
• GHB Test
• Heroin Test
• Ketamine Test
• LSD Test
• Night Test
• PCP Test
• Metaqualone Test
• Methadone Test
• Opiates/Amphetamines Test
• PCP Test
• Phenyl-2-propanone Test
• Scopolamine Test
  (2C-B) Test
• Methamphetamine - MDMA
  Test
• Zinc Test
• Tryptamine - Pro Test
• LSA-amine and
  Ketamine Screen
• Synthetic Cannabinoids Test
  (Bath Salts)
• 2,5-Dimethoxy Phenethyl
  Test
• Gamma-Butyrolactone
• Amyl Test

Many tests have been evaluated/approved by the NFSTC and Virginia Science Lab.

## MMC Precursor Field Tests

• Calcium hydroxide test
• Acetone test
• Acetic anhydride test
• Anthracitic acid test
• Ammonium chloride test
• Ergotamine test
• Ergometrine / Oxycotin test
• (Iso)-safrole test
• 1 phenyl-2-propanone test
• Phenyl acetic acid test
• Piperonal test
• Potassium permanganate test
• Propoxyphene HCL test
• Sodium carbonate test
• Toluene test
• GBL test
• Ephedrine test
• PMK/BMK Test
• Apaan Test

## MMC Specialty Tests

• Cocaine Purity Test
• Heroin Purity Test
• MDMA purity Test
• Cocaine Analyzing Kit
• Cocaine Cutting Agents Test



New designed test ampoule with ampoule breaker on top of each test for easy and safe usage.

# MMC SYNTHETIC CANNABINOIDS TEST



There are hundreds of analogs and therefore it would be impossible to identify many of them with just one (1) colorimetric test. The test we developed is able to identify the below substances with their color reactions:

HOW TO USE THE TEST PROPERLY
1: Break off the top with the plastic ampoule-breaker on top of the ampoule
2: Insert a small quantity of the suspected Material 1/5 of the supplied spatula
3: Shake the ampoule twice! (this means 2 times a quick shake from left to right)
4. Hold the ampoule vertically.
The top layer of the liquid inside the ampoule will be dark brown to black and the bottom layer will be as the colours mentioned  Compare the color of the liquid with the colors on the right → → → →

*It could also happen that several active substances are mixed in one blister. In that case the color will most of the time be the same as the first color on the chart.*

| | | |
|---|---|---|
| JWH-018, JWH-073, JHW-081 JWH-019, JWH-122, AM2201, RLR-11, AB-001, UR-144 Or a mixture of different cannabinoids | YELLOW / BROWN | ☐ |
| JWH-200, AM2233, AM2201, RCS-4 Or a mixture of different cannabinoids | YELLOW | ☐ |
| AM-694 | GREY/BROWN | ■ |
| CP-47,497 | DARKBLUE, FADING OVER TIME | ■ |
| CP 55,940 | BLUE/GREEN, FADING OVER TIME | ☐ |
| URB-597 | YELLOW CHANGING INTO GREY | ☐ |
| JWH-250 | GREY | ☐ |



# How to use

## 1



Knock the unopened ampoule several times against a hard surface, so the granules which may be sticking to the inside of the ampoule wall will fall downwards.

## 2



Take the top of the ampoule between the thumb and index finger and snap off the top with the ampoule breaker.

## 3



Use the spatula to insert the suspect material into the ampoule.

## 4



For suspect samples in liquid form such as GHB, we advise to use the round end of the supplied spatula or otherwise use a pipette and insert one (1) drop into the ampoule.

## 5



With some of the MMC tests, the plastic lid contains a catalyst pearl which, once the material to be tested is inserted in the ampoule, must be mixed using the round tip of the spatula.

## 6



Attention! If the ball in the cap sticks against the side, please use a spatula to take it out and, put it in the ampoule and mix it. Place the plastic cap on top of the ampoule.

## 7



Compare the color from the reagent granulate with the color line printed on the ampoule or as printed on the pack.

## 8



Since the MMC Tests does not require acid neutralizers (as this is automatically done within the ampoule) you may throw the used ampoules in the trash or glass bin.

**NEW DESIGN FOR YOUR SAFETY!**



**OLD   NEW**